IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA

GABRIEL GIDEON,

Plaintiff,

v.

OFFICER BILLY MCCALL, in his individual and official capacity;

DISTRICT ATTORNEY WILL DRAKE, in his individual and official capacity;

THE CITY OF BARTLESVILLE, OKLAHOMA;

and WASHINGTON COUNTY, OKLAHOMA,

Defendants.

Case No.: 25-cv-00450-JFH-JFJ

## PLAINTIFF'S EX PARTE EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

NOW COMES Plaintiff Gabriel Gideon, pro se, and pursuant to Federal Rule of Civil Procedure 65(b), moves this Court, on an ex parte emergency basis, for a Temporary Restraining Order and Order to Show Cause why a Preliminary Injunction should not issue, enjoining the Washington County District Attorney's Office from any further participation in the prosecution in the matters of *State of Oklahoma v. Gabriel Gideon*, Case No. CM-2023-00230 and *State of Oklahoma v. Reyna Robinson*, Case No. CM-2023-00365, and compelling the recusal of said office and the appointment of a special prosecutor. In support thereof, Plaintiff states as follows:

### INTRODUCTION

1. This is an emergency motion to halt an ongoing, irreparable constitutional injury. The elected District Attorney for Washington County, Will Drake, is a named defendant in this federal civil rights lawsuit stemming from the traffic stop and arrest of both Gabriel Gideon and Reyna

Robinson. His Office oversees that very prosecution in state court. This is a textbook, untenable conflict of interest that violates due process and makes a fair trial impossible.

2. Furthermore, providing advance notice of this motion to these Defendants would severely prejudice both the Plaintiff's and Ms. Robinson's safety. The Defendants have already engaged in a pattern of retaliatory prosecution both on and after the events in the Complaint to which this case is predicated. Given the volatile situation, recent political violence, and the specific, credible threats already made against Plaintiff and Ms. Robinson—which bear the hallmarks of inside knowledge—advance notice would likely trigger further retaliatory action in the state case or worse. The need to protect life and constitutional rights outweighs any requirement for prior notice.

### VERIFIED STATEMENT OF FACTS IN SUPPORT OF EX PARTE RELIEF

3. The facts alleged in the original Complaint, which are incorporated by reference, establish that Defendant Will Drake, the elected Washington County District Attorney, conspired with Officer Billy McCall during the August 28, 2023, traffic stop to fabricate probable cause for Plaintiff's arrest. He is now personally sued for this conduct. Despite this, his office continues to prosecute two separate criminal actions, one against the Plaintiff, and the second being the driver in that same stop. His personal financial and professional liability is directly tied to the outcome or findings made in those cases. A conviction validates his conduct; a dismissal undermines it.

4. This conflict is not theoretical. When Ms. Robinson began raising constitutional challenges in state court in May of 2025, the response was not investigation. It was deliberate indifference. When asked to recuse her office on her own administrative decision after the filing of the federal complaint, Assistant District Attorney Zoe Gullett, who is under the direct supervision of Defendant Will Drake, remarked instead that she "looks forward to whatever you [Robinson] file". Similarly Plaintiff Gideon had raised questions about constitutional concerns as early as September of 2023. Assistant District Attorney Veronica Threadgill, under the direct supervision of Will Drake, filed additional, retaliatory charges against Plaintiff Gabriel Gideon related to the same stop more than a year after the alleged offense was committed, but just four days after Plaintiff emailed her with these concerns. This temporal proximity alone is indicative of retaliation and this pattern proves the office's deliberate indifference and that it is potentially weaponizing the judicial process to punish those who challenge its authority and to protect itself from liability.

5. Compounding this constitutional crisis is a tangible threat to physical safety. Plaintiff and Ms. Robinson have been subjected to online harassment and threats from anonymous accounts. These threats reference non-public personal information, including home addresses and places of employment. The specificity of this information suggests the source is not a random member of the public but someone with knowledge of or access to the now public dockets, case files, police reports, or other data. This is occurring amidst a national climate of unprecedented

political violence, exemplified by the recent assassination of a national political figure in the conservative party. Suing a police department and a conservative district attorney inherently places Plaintiff on one side of a volatile cultural and political divide, regardless of my own beliefs or interests. The threat is amplified by the status of Defendant Billy McCall who is or was a former member of the armed services and police officer who was relieved or departed from the Bartlesville Police Department under unknown circumstances. His current mental state and whereabouts are unknown. His own statements on body-worn camera from the incident admit to issues that linger from his time in service.

6. Providing advance notice of this Motion to these Defendants would be fundamentally prejudicial. Informing parties engaged in a retaliatory prosecution of an attempt to stop them would invite them to take rushed, punitive action in the state case before this Court can intervene. Given the credible threat of violence from individuals who may be aligned with or inspired by the Defendants, providing notice could also directly jeopardize the physical safety of Plaintiff and Ms. Robinson.

## ARGUMENT

### I. THE STANDARDS FOR EX PARTE RELIEF ARE SATISFIED.

7. Federal Rule of Civil Procedure 65(b)(1) permits a court to issue a TRO without notice only if:

"(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

8. Plaintiff's sworn declaration, submitted concurrently, satisfies both prongs. The continued prosecution of all associated with the original stop by a conflicted prosecutor inflicts a new constitutional injury each day. A wrongful conviction obtained through this process is an injury that cannot be undone by monetary damages. Furthermore, the specific threats detailed above show an immediate risk to physical safety that would be exacerbated by delay

9. As detailed in the verified facts, the Defendants are the source of the alleged constitutional violation and retaliatory conduct. Providing them notice would likely trigger the very harm this motion seeks to prevent, that being further retaliation in the state court case and increased risk to safety. The Defendants cannot be trusted to act against their own self-interest upon receiving notice.

## II. PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS OF HIS DUE PROCESS CLAIM.

10. The Due Process Clause guarantees a defendant a prosecutor free from conflicts of interest that undermine neutrality. Young v. U.S. ex rel. Vuitton et Fils S.A., 481 U.S. 787, 807 (1987). A prosecutor who has a personal, financial, or professional stake in the outcome of a case cannot be neutral. See also Marshall v. Jerrico, Inc., 446 U.S. 238, 250 (1980).

11. Here, the conflict is absolute and undeniable. Defendant Drake is being sued in his personal capacity for his actions in the very case his office is prosecuting. His interest in securing a conviction to justify his own conduct and limit his personal liability is directly adverse to his duty to seek justice impartially. His subordinates, ADAs Gullett and Threadgill, labor under the same conflict, as their professional futures depend on the man whose freedom they are implicitly tasked with protecting.

## III. PLAINTIFF AND OTHERS WILL SUFFER IRREPARABLE HARM WITHOUT INJUNCTIVE RELIEF

12. The harm is ongoing and irreparable. Each day the conflicted prosecution continues, it chills the exercise of constitutional rights and moves associated persons closer to a wrongful conviction. No verdict or monetary award can later cure a conviction obtained in violation of due process. Furthermore, the credible threats of violence constitute a separate and profound irreparable harm to personal safety.

## IV. THE BALANCE OF EQUITIES TIPS SHARPLY IN PLAINTIFF'S FAVOR, AND AN INJUNCTION SERVES THE PUBLIC INTEREST.

13. The harm to Plaintiff and Ms. Robinson—the loss of constitutional rights and threats to safety—is severe and immediate. The harm to the State from a temporary administrative delay in a misdemeanor prosecution is negligible. The state has no interest in an unconstitutional prosecution.

14. The public, however, has an overwhelming interest in ensuring its courtrooms are arenas of fair play, not tools for retaliation and cover-ups. The public interest is in a just result reached fairly, not a conviction obtained through a corrupted process. Granting this injunction upholds the integrity of the judicial system.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court, acting ex parte:

a. ISSUE A TEMPORARY RESTRAINING ORDER immediately enjoining Defendants, their officers, agents, employees, and all persons in active concert or participation with them, from any further participation in the criminal prosecutions named in this complaint, including but not limited to, proceeding with hearings, filing motions, or offering plea agreements;

b. ORDER Defendants to show cause, within a time set by this Court, why a Preliminary Injunction should not issue (1) making this temporary restraint permanent for the duration of this federal litigation, and (2) mandating the recusal of the Washington County District Attorney's Office and the appointment of a special prosecutor from the Oklahoma Attorney General's Office to handle the matter;

c. SET an expedited hearing on this Motion; and

d. Grant any other further relief this Court deems just and proper.

Respectfully submitted,

_____
GABRIEL GIDEON Plaintiff,

Pro Se 520 N Quincy St,

Fredonia, KS 66736

(620) 870-8675

## SWORN DECLARATION OF GABRIEL GIDEON IN SUPPORT OF EX PARTE MOTION

I, Gabriel Gideon, state under penalty of perjury:

1. I am the Plaintiff in the above-styled matter. I make this declaration based on my personal knowledge.

2. The facts stated in the accompanying Motion for Temporary Restraining Order are true and correct to the best of my knowledge and belief.

3. I have received specific, credible online threats from anonymous accounts. These threats have included references to my home address, my place of work, and other personal identifiers not available through public court records alone as well as those of Ms. Robinson and he family members..

4. I believe these threats are directly related to my filing of this federal lawsuit against law enforcement and a district attorney.

5. I fear that providing advance notice of this Motion to the Defendants would jeopardize my safety and the safety of other persons, as it could prompt further retaliatory action in the state court case or inspire further threats from individuals aligned with the Defendants.

6. I have not provided notice to the adverse parties for the reasons stated herein and in the accompanying motion.

_____  9/17/2025
GABRIEL GIDEON