## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GABRIEL GIDEON, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) Case No. 25-cv-450-JFH-JFJ |
| | ) ) |
| OFFICER BILLY MCCALL, in his individual and official capacity, DISTRICT ATTORNEY WILL DRAKE, in his individual and official capacity, THE CITY OF BARTLESVILLE, OKLAHOMA, a municipal corporation, WASHINGTON COUNTY, OKLAHOMA, a political subdivision of the State of Oklahoma, | ) ) ) ) ) ) ) |
|     Defendants. | ) ) |

### DEFENDANT THE CITY OF BARTLESVILLE, OKLAHOMA'S ANSWER TO PLANTIFF'S COMPLAINT

Defendant The City of Bartlesville, Oklahoma ("the City"), for its Answer to Plaintiff's Complaint states that all allegations in Plaintiff's Complaint are denied unless specifically admitted herein, and more specifically states as follows:

### RESPONSE TO: I. INTRODUCTION

1. The allegations in Paragraph 1 of Plaintiff's Complaint contain legal conclusions and/or characterizations about the nature of Plaintiff's lawsuit to which no response is required. To the extent a response is required, denied.

2. The City denies the allegations in Paragraph 2 of Plaintiff's Complaint.

### RESPONSE TO: II. JURISDICTION AND VENUE

3. The allegations in Paragraph 3 of Plaintiff's Complaint contain legal conclusions concerning jurisdiction to which no response is required. To the extent a response is required, the

City admits that this Court has subject matter jurisdiction over this action. Except as expressly admitted herein, denied.

4. The allegations in Paragraph 4 of Plaintiff's Complaint contain legal conclusions concerning venue to which no response is required. To the extent a response is required, the City admits venue is appropriate in this Court. Except as expressly admitted herein, denied.

## RESPONSE TO: III. PARTIES

5. Upon information and belief, the City admits the allegations in Paragraph 5 of Plaintiff's Complaint.

6. The allegations in Paragraph 6 of Plaintiff's Complaint are directed at another defendant to which no response is required by the City. To the extent a response is required, Defendants admit that Officer McCall, at the time of the incident, was a law enforcement officer employed by the Bartlesville Police Department. Except as expressly admitted herein, denied.

7. The allegations in Paragraph 7 of Plaintiff's Complaint are directed at another defendant and no response is required by the City.

8. The allegations in Paragraph 9 of Plaintiffs' Complaint contain legal conclusions and/characterizations about the nature of Plaintiff's lawsuit to which no response is required. To the extent a response is required, the City admits that it is a municipal corporation organized and existing under the laws of the State of Oklahoma. Except as expressly admitted herein, denied.

9. The allegations in Paragraph 9 of Plaintiff's Complaint are directed at another defendant and no response is required by the City.

## RESPONSE TO: IV. FACTUAL ALLEGATIONS

10. The allegations in Paragraph 10 of Plaintiff's Complaint contain characterizations about the nature of Plaintiff's lawsuit to which no response is required. To the extent a response is

required, the City states that Officer McCall conducted a traffic stop on the subject vehicle on August 23, 2023, which involved Plaintiff. Except as expressly admitted herein, denied.

11. In response to the allegations in Paragraph 11 of Plaintiff's Complaint, the City admits that Plaintiff was a passenger in the subject vehicle. The remaining allegations in Paragraph 11 of Plaintiff's Complaint contain legal conclusions about the nature of Plaintiff's lawsuit to which no response is required. To the extent a response is required, denied.

12. The City is without sufficient information or knowledge to admit or deny the allegations in Paragraph 12 of Plaintiff's Complaint and therefore denies same. The remaining allegations in Paragraph 12 of Plaintiff's Complaint contain legal conclusions about the nature of Plaintiff's lawsuit to which no response is required. To the extent a response is required, denied.

13. The City is without sufficient information or knowledge to admit or deny the allegations in Paragraph 13 of Plaintiff's Complaint and therefore denies same. The remaining allegations in Paragraph 13 of Plaintiff's Complaint contain legal conclusions about the nature of Plaintiff's lawsuit to which no response is required. To the extent a response is required, denied.

14. The City is without sufficient information or knowledge to admit or deny the allegations in Paragraph 14 of Plaintiff's Complaint and therefore denies same. The remaining allegations in Paragraph 14 of Plaintiff's Complaint contain legal conclusions about the nature of Plaintiff's lawsuit to which no response is required. To the extent a response is required, denied.

15. The City is without sufficient information or knowledge to admit or deny the allegations in Paragraph 15 of Plaintiff's Complaint and therefore denies same. The remaining allegations in Paragraph 15 of Plaintiff's Complaint contain legal conclusions about the nature of Plaintiff's lawsuit to which no response is required. To the extent a response is required, denied.

16. The City is without sufficient information or knowledge to admit or deny the allegations in Paragraph 16 of Plaintiff's Complaint and therefore denies same. The remaining allegations in Paragraph 16 of Plaintiff's Complaint contain legal conclusions about the nature of Plaintiff's lawsuit to which no response is required. To the extent a response is required, denied.

17. The City is without sufficient information or knowledge to admit or deny the allegations in Paragraph 17 of Plaintiff's Complaint and therefore denies same. The remaining allegations in Paragraph 17 of Plaintiff's Complaint contain legal conclusions about the nature of Plaintiff's lawsuit to which no response is required. To the extent a response is required, denied.

18. The City is without sufficient information or knowledge to admit or deny the allegations in Paragraph 18 of Plaintiff's Complaint and therefore denies same. The remaining allegations in Paragraph 18 of Plaintiff's Complaint contain legal conclusions about the nature of Plaintiff's lawsuit to which no response is required. To the extent a response is required, denied.

19. The City is without sufficient information or knowledge to admit or deny the allegations in Paragraph 19 of Plaintiff's Complaint and therefore denies same. The remaining allegations in Paragraph 19 of Plaintiff's Complaint contain legal conclusions about the nature of Plaintiff's lawsuit to which no response is required. To the extent a response is required, denied.

20. The City is without sufficient information or knowledge to admit or deny the allegations in Paragraph 20 of Plaintiff's Complaint and therefore denies same.

21. The City is without sufficient information or knowledge to admit or deny the allegations in Paragraph 21 of Plaintiff's Complaint and therefore denies same.

22. The City is without sufficient information or knowledge to admit or deny the allegations in Paragraph 22 of Plaintiff's Complaint and therefore denies same. The remaining

allegations in Paragraph 22 of Plaintiff's Complaint contain legal conclusions about the nature of Plaintiff's lawsuit to which no response is required. To the extent a response is required, denied.

23. The City is without sufficient information or knowledge to admit or deny the allegations in Paragraph 23 of Plaintiff's Complaint and therefore denies same. The remaining allegations in Paragraph 23 of Plaintiff's Complaint contain legal conclusions about the nature of Plaintiff's lawsuit to which no response is required. To the extent a response is required, denied.

24. The City is without sufficient information or knowledge to admit or deny the allegations in Paragraph 24 of Plaintiff's Complaint and therefore denies same. The remaining allegations in Paragraph 24 of Plaintiff's Complaint contain legal conclusions about the nature of Plaintiff's lawsuit to which no response is required. To the extent a response is required, denied.

25. The City is without sufficient information or knowledge to admit or deny the allegations in Paragraph 25 of Plaintiff's Complaint and therefore denies same. The remaining allegations in Paragraph 25 of Plaintiff's Complaint contain legal conclusions about the nature of Plaintiff's lawsuit to which no response is required. To the extent a response is required, denied.

26. The City is without sufficient information or knowledge to admit or deny the allegations in Paragraph 26 of Plaintiff's Complaint and therefore denies same.

27. The City is without sufficient information or knowledge to admit or deny the allegations in Paragraph 27 of Plaintiff's Complaint and therefore denies same. The remaining allegations in Paragraph 27 of Plaintiff's Complaint contain legal conclusions about the nature of Plaintiff's lawsuit to which no response is required. To the extent a response is required, denied.

28. The City is without sufficient information or knowledge to admit or deny the allegations in Paragraph 28 of Plaintiff's Complaint and therefore denies same.

29. The City is without sufficient information or knowledge to admit or deny the allegations in Paragraph 29 of Plaintiff's Complaint and therefore denies same. The remaining allegations in Paragraph 29 of Plaintiff's Complaint contain legal conclusions about the nature of Plaintiff's lawsuit to which no response is required. To the extent a response is required, denied.

30. The City is without sufficient information or knowledge to admit or deny the allegations in Paragraph 30 of Plaintiff's Complaint and therefore denies same.

31. The allegations in Paragraph 31 of Plaintiff's Complaint are directed at another defendant and no response is required by the City.

32. The allegations in Paragraph 32 of Plaintiff's Complaint are directed at another defendant and no response is required by the City.

33. The allegations in Paragraph 33 of Plaintiff's Complaint are directed at another defendant and no response is required by the City.

34. The allegations in Paragraph 34 of Plaintiff's Complaint are directed at another defendant and no response is required by the City.

35. The City is without sufficient information or knowledge to admit or deny the allegations in Paragraph 35 of Plaintiff's Complaint and therefore denies same.

36. The City is without sufficient information or knowledge to admit or deny the allegations in Paragraph 36 of Plaintiff's Complaint and therefore denies same.

37. The City is without sufficient information or knowledge to admit or deny the allegations in Paragraph 37 of Plaintiff's Complaint and therefore denies same.

38. The City is without sufficient information or knowledge to admit or deny the allegations in Paragraph 38 of Plaintiff's Complaint and therefore denies same.

39. The City is without sufficient information or knowledge to admit or deny the allegations in Paragraph 39 of Plaintiff's Complaint and therefore denies same.

40. The City is without sufficient information or knowledge to admit or deny the allegations in Paragraph 40 of Plaintiff's Complaint and therefore denies same.

41. The City is without sufficient information or knowledge to admit or deny the allegations in Paragraph 41 of Plaintiff's Complaint and therefore denies same.

42. The City is without sufficient information or knowledge to admit or deny the allegations in Paragraph 42 of Plaintiff's Complaint and therefore denies same.

43. The allegations in Paragraph 43 of Plaintiff's Complaint are directed at another defendant and no response is required by the City.

44. The City is without sufficient information to admit or deny the allegations in Paragraph 44 of Plaintiff's Complaint and therefore denies same.

45. Paragraph 45 of Plaintiff's Complaint constitutes an incorporation by reference to which no response is required; however, to the extent a response is required, the City incorporates and states herein each of its foregoing responses.

46. The allegations in Paragraph 46 of Plaintiff's Complaint contain legal conclusions and/or characterizations about the nature of Plaintiff's lawsuit to which no response is required. To the extent a response is required, denied.

47. The allegations in Paragraph 47 of Plaintiff's Complaint are directed at another defendant and no response is required by the City.

48. The City denies the allegations in Paragraphs 48 and 49 of Plaintiff's Complaint.

49. The City denies the allegations in Paragraph 50 of Plaintiff's Complaint, including subparts a-c.

50. The City denies the allegations in Paragraphs 51 and 52 of Plaintiff's Complaint.

51. The City denies the allegations in Paragraph 53 of the Plaintiff's Complaint.

52. The allegations in Paragraph 54 of Plaintiff's Complaint are directed at another defendant and no response is required by the City.

53. The allegations in Paragraph 55 of Plaintiff's Complaint are directed at another defendant and no response is required by the City.

54. The allegations in Paragraph 56 of Plaintiff's Complaint are directed at another defendant and no response is required by the City.

55. The allegations in Paragraph 57 of Plaintiff's Complaint are directed at another defendant and no response is required by the City.

56. The City denies the allegations in Paragraph 58 of Plaintiff's Complaint.

## RESPONSE TO: V. CLAIMS FOR RELIEF

57. Defendants deny the allegations in Paragraphs 59-64 of Plaintiff's Complaint.

58. The allegations in Paragraphs 65-68 of Plaintiff's Complaint are directed at another defendant and no response is required by Defendants.

59. Defendants deny the allegations in Paragraphs 69 and 70 of Plaintiff's Complaint.

## RESPONSE TO: VI. REQUESTED RELIEF

60. Defendants deny the allegations in Paragraphs 71-75 of Plaintiff's Complaint.

## RESPONSE TO: VII. JURY DEMAND

61. The allegations in Paragraph 76 of Plaintiff's Complaint contain legal conclusions concerning Plaintiff's demand for a jury trial on all claims to which no response is required. To the extent a response is required, the City joins in Plaintiff's request for a jury trial of all issues of fact as permitted under the Oklahoma Rules of Civil Procedure.

## AFFIRMATIVE AND/OR OTHER DEFENSES

Without assuming any burden or obligation other than that imposed by operation of law, the City asserts the following affirmative and/or other additional defenses to the claims set forth in Plaintiff's Complaint, and reserves the right to seek leave to amend or supplement these defenses as discovery and further investigation warrant and as Plaintiff's asserted causes of action are made clear to the City.

1. Plaintiff has failed to state a claim for which relief can be granted as to the City, and as such his claims should be dismissed.

2. Plaintiff has failed to state a claim for punitive damages against the City.

3. Plaintiff's damages in this case are limited pursuant to state and federal law.

4. Plaintiff's alleged injuries and damages may have been caused and/or contributed to by Plaintiff's own wrongful and criminal actions.

5. Plaintiff's alleged injuries and damages may have been the result of actions or inactions of a third party over whom the City had no authority or control.

6. Plaintiff may have failed to mitigate his damages.

7. The City did not violate any of Plaintiff's clearly established constitutional rights.

8. Plaintiff has failed to establish that any constitutional violation was caused by an official policy, practice, or custom of the City.

9. Plaintiff failed to state a claim for relief because, based upon information and belief, Officer McCall had reasonable suspicion to request Plaintiff's identification, and therefore no constitutional violation occurred.

10. The City cannot be held vicariously liable, under § 1983, for the acts or omissions of subordinate employees.

11. With respect to all claims pursued by Plaintiff against the City, liability is several only.

12. With respect to all claims pursued by Plaintiff against the City, the City would be entitled to set-off, per 12 O.S. § 832, for any monies paid by any defendant, party, person, or other entity to Plaintiff in settlement, release and/or satisfaction of Plaintiff's claims.

13. With respect to the City's right to set-off, the City would be entitled to have the jury review and assess the liability of settling tortfeasors. *See Monfore v. Phillips*, 778 F.3d 849 (10th Cir. 2015); *Pain v. Sims*, 2012 OK CIV APP 76, 283 P.3d 343.

14. The City reserves the right to amend its Answer, as discovery in this matter has not yet commenced.

WHEREFORE, premises considered, the City respectfully prays that this honorable Court grant judgment for the City and against the Plaintiff, and discharge the City from this litigation with its costs, and for such other for the relief as the Court may deem equitable and just.

Respectfully submitted,

*s/ Michael L. Carr*
Michael L. Carr, OBA # 17805
MCAFEE & TAFT A PROFESSIONAL CORP.
Williams Center Tower II
2 West 2nd Street, Suite 1100
Tulsa, Oklahoma 74103
Telephone: (918) 587-0000
Facsimile: (918) 599-9317
Email: mike.carr@mcafeetaft.com

**ATTORNEY FOR DEFENDANTS**
**THE CITY OF BARTLESVILLE**

## CERTIFICATE OF SERVICE

  I hereby certify that on the 19th day of September 2025, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the following ECF registrants:

 Gabriel Gideon
  gabrieltgideon@outlook.com

 **Attorney for Plaintiff**

                *s/ Michael L. Carr*