IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GABRIEL GIDEON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:25-cv-450-JFH-JFJ |
| | ) |
| OFFICER BILLY MCCALL, in his | ) |
| individual and official capacity; | ) |
| DISTRICT ATTORNEY WILL DRAKE, | ) |
| in his individual and official capacity; | ) |
| THE CITY OF BARTLESVILLE, | ) |
| OKLAHOMA; and WASHINGTON | ) |
| COUNTY, OKLAHOMA, a political | ) |
| subdivision of the State of Oklahoma, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Before the undersigned is pro se Plaintiff Gabriel Gideon's Ex Parte Emergency Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 10).[1] On August 29, 2025, Chief Judge John F. Heil, III, referred the case to the undersigned for all further proceedings under 28 U.S.C. § 636. (ECF No. 7).[2] For the reasons set forth below, the undersigned recommends that the request for an ex parte temporary restraining order (ECF No. 10) be DENIED.

On August 26, 2025, Plaintiff filed suit against Defendants pursuant to 42 U.S.C. § 1983 and Oklahoma law. ECF No. 2 (Complaint). Plaintiff alleges Defendants violated his constitutional rights when he was subjected to a traffic stop, arrest, and prosecution in Bartlesville, Oklahoma, on August 28, 2023. *Id.* To briefly summarize allegations in the Complaint, Plaintiff

---

[1] Because Plaintiff is pro se, the Court liberally construes his filings, but the court may not act as his advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

[2] The undersigned issues a report and recommendation, as motions for injunctive relief, such as temporary restraining orders, are generally regarded as dispositive. *See* 28 U.S.C. § 636(b)(1)(A).

was a passenger in a vehicle when Defendant Officer Billy McCall initiated a traffic stop for a "tint violation." *Id.* at ¶ 19. The driver, Reyna Robinson, did not have a valid driver's license or current vehicle insurance. Plaintiff refused to provide his name to Officer McCall. Officer McCall placed Ms. Robinson under arrest, and he conducted an inventory search of the vehicle incident to arrest. Officer McCall found a gun in the vehicle, and, after consulting over the phone with Defendant District Attorney Will Drake, arrested Plaintiff for refusing to identify himself. Plaintiff was later charged with "Obstruction of an Officer" and "Possession of a Firearm After Conviction of a Former Felony." *Id.* at ¶¶ 37, 38. Plaintiff seeks relief for various constitutional and state-law violations related to the stop, arrest, and prosecution against him. Plaintiff's criminal case is ongoing. *See* Docket in *State of Oklahoma v. Gideon*, Case No. CF-2023-00230 (Washington Cty., Okla.) (filed Aug. 29, 2023).[3] It is unclear when the case will be resolved, as Plaintiff failed to appear for a scheduled court hearing in October 2023, and a bench warrant was issued on October 12, 2024. *Id.*

In the present motion, Plaintiff seeks an ex parte temporary restraining order "immediately enjoining Defendants, their officers, agents, employees, and all persons in active concert or participation with them, from any further participation in the criminal prosecutions named in this complaint, including but not limited to, proceeding with hearings, filing motions, or offering plea agreements." ECF No. 10 at 5. Plaintiff also seeks an order for Defendants to show cause why a preliminary injunction should not issue (1) making the temporary restraining order permanent, and

---

[3] The undersigned may take judicial notice of the docket entries in Plaintiff's related criminal case. *See Zimomra v. Alamo Rent-A-Car, Inc.*, 111 F.3d 1495, 1503 (10th Cir. 1997) (Federal Rule of Evidence 201 authorizes a federal court to take judicial notice of adjudicative facts at any stage of the proceedings, and in the absence of a request of a party."); *St. Louis Baptist Temple, Inc. v. F.D.I.C.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (explaining that "federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue").

(2) "mandating the recusal of the Washington County District Attorney's Office and the appointment of a special prosecutor from the Oklahoma Attorney General's Office to handle the matter." *Id.*

Federal Rule of Civil Procedure 65(b)(1) provides that a court may issue a temporary restraining order without notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

Regarding the first requirement, Plaintiff attaches a sworn declaration to his ex parte motion. ECF No. 10 at 6. In the declaration, Plaintiff states he has received "specific, credible online threats from anonymous accounts" that have made references to his home address, place of work, and other confidential personal identifiers. *Id.* He states his belief that these threats are "directly related to my filing of this federal lawsuit against law enforcement and a district attorney." *Id.* These vague statements, without more, are not sufficient to "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). For example, Plaintiff does not describe any specific threat made against him or identify the individuals sending these online threats. Plaintiff provides no grounds for the court to rely on his personal belief that the threats are related to this lawsuit or the criminal prosecution against him in state court.

Regarding the second requirement, Plaintiff has not engaged an attorney to represent him in this case. However, in support of his ex parte request, Plaintiff states he fears that providing advance notice of this request to the defendants "would jeopardize my safety and the safety of

3

other persons, as it could prompt further retaliatory action in the state court case or inspire further threats from individuals aligned with the Defendants." ECF No. 10 at 6. However, Plaintiff provides no facts suggesting that the defendants' participation in the criminal prosecution against him would somehow jeopardize his safety or lead to further threats against him. Further, Defendant City of Bartlesville has already entered an appearance and answered the Complaint. ECF Nos. 11, 12. Defendant Washington County has caused counsel to enter appearances and will answer or otherwise respond by October 6, 2025. ECF Nos. 15, 16, 18. Accordingly, Plaintiff can no longer attempt to prevent Defendants from becoming aware of his request for a temporary restraining order, which is filed publicly in this case. *See* ECF No. 10.

Because Plaintiff has not met the requirements of Rule 65(b)(1), the undersigned RECOMMENDS that Plaintiff's request for an ex parte temporary restraining order (ECF No. 10) be DENIED.[4]

## OBJECTIONS

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma by October 9, 2025.

If specific written objections are timely filed, Federal Rule of Civil Procedure 72(b)(3) directs the district judge to

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the

---

[4] The remaining aspect of this motion, which is construed as a motion for preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a), remains pending and will be decided in accordance with subsequent orders. The undersigned recommends that ECF No. 10 remain pending on the docket to reflect that the motion is only partially denied at this time.

4

magistrate judge with instructions.

*Id.*; *see also* 28 U.S.C. § 636(b)(1).  The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions."  *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).  Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

**SUBMITTED** this 25th day of September, 2025.

_____
**JODI F. JAYNE, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT**