IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) GABRIEL GIDEON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 25-cv-450-JFH-JFJ |
| 1) OFFICER BILLY MCCALL, in his individual and official capacity; | ) |
| 2) DISTRICT ATTORNEY WILL DRAKE, in his individual and official capacity; | ) |
| 3) THE CITY OF BARTLESVILLE, OKLAHOMA, a municipal corporation; | ) |
| 4) WASHINGTON COUNTY, OKLAHOMA | ) |
| Defendants. | ) |

**DEFENDANT WASHINGTON COUNTY'S MOTION TO DISMISS**

Defendant Washington County, Oklahoma, respectfully appears through undersigned Counsel and respectfully submits its Motion to Dismiss for Failure to State a claim pursuant to Fed. R. Civ. Proc. 12(b)(6). In support, Defendant would show the Court as follows:

**I. INTRODUCTION**

Plaintiff, Gabriel Gideon, proceeding *pro se*, filed this action on August 26, 2025, asserting civil rights claims against the named defendants pursuant to 42 U.S.C. § 1983. (Dkt. 2). Plaintiff's claims involve the legality of a traffic stop carried out by a City of Bartlesville police officer on August 28, 2025. (Dkt. 2, ¶¶ 10-58). Plaintiff brings § 1983 claims against Billy McCall, the police officer, and his employer, the City of Bartlesville. (Dkt. 2, pp. 1-9). He has also asserted § 1983 claims against Will Drake, the District Attorney for Washington County, and Washington County as well. Plaintiff specifically seeks to hold Washington County liable for the acts of the District

1

Attorney, Will Drake. (Dkt. 2, ¶¶ 54-58, 69-70). The only facts in the Complaint which are alleged to be linked to Washington County are the alleged actions of Will Drake. (Dkt. 2, ¶¶ 26-48).

Washington County now moves the Court for dismissal for failure to state a claim, under Fed. R. Civ. Proc. 12(b)(6). Washington County is not a properly named defendant in this case under Okla. Stat. tit. 19, § 4. Additionally, even if Washington County were properly named, Plaintiff's claim still fails as to the County on the face of the Complaint because, under Oklahoma law and Tenth Circuit precedent, district attorneys are employees of the state, not the individual counties they serve. Okla. Stat. tit. 19, § 215.30. Plaintiff's claims as to the County should therefore be dismissed with prejudice pursuant to Fed. R. Civ. Proc. 12(b)(6).

## II. ARGUMENT & AUTHORITIES

### A. STANDARD OF REVIEW

In considering a 12(b)(6) motion, the truth of a plaintiff's *well-pled* factual allegations must be viewed in the light most favorable to the plaintiff. *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005). To overcome such a motion, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. The complaint must possess enough heft to "show that the pleader is entitled to relief" and furnish "factual allegations plausibly suggesting (not merely consistent with)" an entitlement to relief. *Id*. at 557. A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In that regard, the court need not credit bald assertions or legal conclusions masquerading as facts. *Iqbal,* 555 U.S. at 681.

Moreover, while the pleadings of pro se litigants are construed liberally, the allegations contained therein must be sufficient to permit the court to "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court will not, however, "assume the role of advocate for the pro se litigant." *Id.* The same procedural rules and substantive law must be applied to a pro se plaintiff as are applied to a represented party. *Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n. 2 (10th Cir. 2002). Actions filed by pro se litigants may be dismissed without leave to amend when it is "patently obvious" that the plaintiff cannot prevail on the facts alleged and amendment would be futile. *Id.* at 1109.

**B.    WASHINGTON COUNTY IS NOT A PROPERLY NAMED DEFENDANT.**

Plaintiff's Complaint has improperly sued Washington County in violation of Oklahoma law, pursuant to Okla. Stat. tit. 19, § 4. Section 4 of Title 19 provides that "[i]n all suits or proceedings by or against a county, the name in which a county shall sue or be sued shall be, "Board of County Commissioners of the County of _____," Okla. Stat. tit. 19, § 4. Thus, as a matter of law, the only properly named defendant with respect to Washington County is the Board of County Commissioners of the County of Washington. The Defendant named as "Washington County, State of Oklahoma," should therefore be dismissed as a matter of law. Okla. Stat. tit. 19, § 4; Fed. R. Civ. Proc. 12(b)(6).

**C.    THE COUNTY IS NOT LIABLE FOR THE ALLEGED ACTS OF THE DISTRICT ATTORNEY.**

Under Oklahoma law, a district attorney is an arm and employee of the state, and therefore the counties that district attorneys serve are not liable for the alleged acts of their district attorneys. *See Arnold v. McClain*, 926 F.2d 963, 966 (10th Cir. 1991) (recognizing that district attorneys are state officials under Oklahoma law, and therefore affirming the district court's dismissal for failure

3

to state a claim in favor of the two counties). In Oklahoma, "[a]ll appointees and employees of district attorneys . . . shall be deemed to be state officers or employees for all purposes." Okla. Stat. tit. 19, § 215.30. Thus, where a claimant seeks to hold a county liable for the alleged acts of the District Attorney, the county is entitled to dismissal as a matter of law. *See Arnold*, 926 F.2d at 966 (affirming dismissal of Board of County Commissioners for the counties in the District Attorney's district).

In this case, Plaintiff's Complaint shows unequivocally that his claim against the County is based upon the alleged conduct of the District Attorney, Will Drake. No other allegations relating to the County appear in the Complaint. Therefore, on the face of the Complaint, Plaintiff's claim as to the County fails as a matter of law. Plaintiff's allegations relating to the District Attorney cannot support any theory of liability as to Washington County. For this reason, Washington County respectfully requests that the Court dismiss Plaintiff's claim under § 1983 as to the County. Okla. Stat. tit. 19, § 215.30; *Arnold*, 926 F.2d at 966.

### III. CONCLUSION

Defendant, Washington County, is entitled to dismissal under Fed. R. Civ. Proc. 12(b)(6). Washington County is not a properly named defendant in this case under Okla. Stat. tit. 19, § 4. Even if Washington County were properly named, Plaintiff's claim still fails as to the County on the face of the Complaint because, under Oklahoma law and Tenth Circuit precedent, counties are not liable for the alleged acts of district attorneys, who are employees of the state. Okla. Stat. tit. 19, § 215.30; *Arnold*, 926 F.2d at 966. Plaintiff's claims as to the County should therefore be dismissed pursuant to Fed. R. Civ. Proc. 12(b)(6). Additionally, any attempt at amendment would not cure the legal defect in Plaintiff's claim against the County based upon the alleged acts of the

District Attorney. Therefore, any attempted amendment would be futile as to the County, and the dismissal should be with prejudice to refiling. Fed. R. Civ. Proc. 12(b)(6).

Respectfully submitted,

s/ *Clark Crapster*
Chris J. Collins, OBA No. 1800
Clark W. Crapster, OBA No. 22112
COLLINS ZORN & WAGNER, PLLC
429 N.E. 50th Street, Second Floor
Oklahoma City, OK 73105
Telephone: (405) 524-2070
Facsimile: (405) 524-2078
Email: cjc@czwlaw.com;
cwc@czwlaw.com
**ATTORNEYS FOR DEFENDANT**
**WASHINGTON COUNTY**

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2025, I served the attached document by U.S. Priority Mail, postage prepaid, to the following who is not an ECF registrant:

Gabriel Gideon, email at: gabrieltgideon@outlook.com
520 N. Quincy St.
Fredonia, KS 66736
***Plaintiff, pro se***

I hereby certify that on October 6, 2025, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

Justine Ellis, email at: Justine.ellis@mcafeetaft.com
Michael Lee Carr, email at: mike.carr@mcaffeetaft.com
McAfee & Taft
2 West 2nd Street, Suite 1100
Williams Center Tower II
Tulsa, OK 74103
***Attorneys for Defendant The City of Bartlesville, Oklahoma***

s/ *Clark Crapster*
Clark W. Crapster