# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA

Gabriel Gideon,

Plaintiff,

v.

Officer Billy McCall, et al.,

Defendants.

Case No.: 25-cv-00450-JFH-JFJ

## Motion for a More Clarified Statement Pursuant to Fed. R. Civ. P. 12(e)

Comes now, the Plaintiff moves this Honorable Court to Order the City of Bartlesville, Defendant, to file with the courts a more clarified statement as to the nature of their knowledge or lack thereof, specifically regarding the relevant paragraphs numbered 12 - 30, 35-42, and 44 of the Answer to the complaint filed by the City in this matter.

### Grounds For Motion

1. Rule 8(b)(5) permits denial based on lack of knowledge only when *made in good faith*.

2. Rule 11(b) states that by signing their Answer, counsel certified that denials were made "after an inquiry reasonable under the circumstances."

3. The Tenth Circuit has recognized that a Rule 12(e) motion is appropriate where a pleading is "so vague, ambiguous, or *internally contradictory* that fairness and efficiency require clarification." See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (acknowledging the utility of Rule 12(e) to clarify unintelligible pleadings); see also Hurd

v. American Hoist & Derrick Co., 734 F.2d 495, 498 (10th Cir. 1984) (Rule 12(e) motions should be granted where pleadings are "unintelligible" or "leave the opposing party uncertain as to the nature of the claim or defense").

4. The City admits to or acknowledges that:

   a. the Plaintiff was a *passenger* in the subject vehicle,

   b. the passenger has rights under the Fourth Amendment to contest the validity of said stop and any extension of it,

5. However, beginning at Paragraph 12 through 30 of the Answer, which covers events from the beginning of the traffic stop, up to and including the first conversation between the defendant Officer McCall and defendant District Attorney Will Drake, the City claims to lack sufficient information to provide a clear and definitive statement as to what actual knowledge it has to deny the relevant claims, whether in whole in part.

6. The City cannot, in good faith, argue that they have no knowledge of the traffic stop and events from which this specific claim has arisen unless they otherwise debate the validity of Exhibit A provided with the Complaint in this matter. It is not reasonable for the City to profess lack of knowledge when the police report was created by its own officer, is maintained in its records, and is attached to the Complaint as Exhibit A.

7. City cannot justifiably conclude that it is not plausibly implicated or therefore potentially liable, given the lack of knowledge and information it has stated it has.

8. To what may well be a simple error, whereas in paragraph 10 the City states that the date of the traffic stop was *August 23, 2023*. For the preservation of the accuracy on the record, this should be clarified whether the City believes the date of the event is in question.

## Request for Relief

9. Rather than allow the errors to remain on the record, or be left with the mere implication of a bad faith argument on behalf of the City, the Plaintiff requests that the Court order the City of Bartlesville to produce a more clarified statement explicitly as to:

    a. it's knowledge or lack thereof of the specific events that occurred during the traffic stop during which various constitutional violations have been alleged, if any,

    b. The specific date on which it believes the traffic stop occurred, *if* it is now in question,

Gabriel Gideon, Pro Se

*[signature]*

520 N QUINCY ST

FREDONIA, KS 66736

620-870-8675

gabrieltgideon@outlook.com