# IN THE UNITED STATES DISTRICT COURT FOR THE

# NORTHERN DISTRICT OF OKLAHOMA

Gabriel Gideon,

Plaintiff,

v.

Officer Billy McCall, et al.,

Defendants.                                    Case No.: 25-cv-00450-JFH-JFJ

## PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION AND REQUEST

## FOR DE NOVO REVIEW UNDER FED. R. CIV. P. 72(b)(3)

### I. INTRODUCTION AND STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2)–(3), Plaintiff Gabriel Gideon

respectfully objects to Magistrate Judge Jayne's Report and Recommendation ("R&R," ECF No.

19) recommending denial of Plaintiff's ex parte motion for temporary restraining order ("TRO,"

ECF No. 10). The R&R misapplies Rule 65(b)(1) by requiring identification of threat actors and

by failing to credit sworn facts establishing (1) a credible, irreparable threat of retaliation and (2)

the impossibility of seeking protection from the very defendants whose misconduct necessitated

this action.

Under Rule 72(b)(3), the District Judge must review de novo any portion of the R&R to which a

specific objection is made. The court "may accept, reject, or modify" the magistrate's disposition,

"receive further evidence," or "return the matter ... with instructions." Id. Because the R&R is not congruent with established precedent and misapplies the Younger abstention doctrine, the Court should reject it and grant emergency injunctive relief.

## II. BACKGROUND

Plaintiff's verified filings (ECF Nos. 2 & 10) allege that Defendants McCall and District Attorney Drake initiated and sustained criminal charges against him in bad faith, absent probable cause, after an unlawful traffic stop. Plaintiff has since received anonymous online threats referencing non-public identifiers—his home address, workplace, and personal data. The threats occurred only after he filed this federal § 1983 suit, demonstrating a clear nexus between his protected activity and the intimidation campaign. Because both principal defendants are law-enforcement officers, any attempt to "call the police" for protection would expose Plaintiff to arrest under the same contested warrant—rendering state remedies futile and irreparable.

## III. ARGUMENT

### A. The Magistrate Judge Misapplied Rule 65(b)(1) As   Identification of Threat Actors Is Not Required

Rule 65(b)(1)(A) requires "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" It does not require the movant to identify the perpetrator of the threat. Courts assessing threats apply an objective standard, in whether a reasonable person in the plaintiff's position would perceive a real, imminent danger.

### 1. Anonymous or Unidentified Threats Are Legally Credible

A. Anonymity does not negate credibility; context controls. The court upheld injunctive relief against anonymous online threats naming abortion providers. See Planned Parenthood v. Am. Coalition of Life Activists, 290 F.3d 1058, 1071–72 (9th Cir. 2002)

B. Even "ambiguous" or indirect statements constitute threats when they would be reasonably understood as menacing.United States v. Fulmer, 108 F.3d 1486, 1491–92 (1st Cir. 1997)

C. A "true threat" turns on the objective effect on the recipient, not on the identification or intent of the speaker. See United States v. Malik, 16 F.3d 45, 49 (2d Cir. 1994):

D. Court recognized credible community threats to plaintiffs asserting constitutional rights, granting anonymity to prevent retaliation, see Doe v. Stegall, 653 F.2d 180 (5th Cir. 1981).

These authorities directly contradict the R&R's assertion that Plaintiff's "vague statements … without identifying the individuals" preclude relief. Anonymity of a threat does not make it speculative when the content reflects access to confidential information tied to a pending federal case.

### B. Plaintiff Demonstrated Irreparable Harm In Ongoing Retaliatory Prosecution and Lack of Adequate Remedy

The R&R fails to recognize that Plaintiff's harm—exposure to arrest and retaliation by

defendants who control law enforcement—meets the irreparable injury threshold.

A. Federal injunctive relief proper where prosecutions are used in bad faith to chill constitutional rights; the threat of arrest itself constitutes irreparable injury. See Dombrowski v. Pfister, 380 U.S. 479, 485 (1965)

B. Recognized the bad-faith/harassment exception to Younger abstention when state prosecutions are pursued to suppress protected conduct. See Phelps v. Hamilton, 59 F.3d 1058, 1065–67 (10th Cir. 1995)

C. Police retaliation and refusal to protect the plaintiff established irreparable harm justifying equitable relief. See Watson v. City of Kansas City, 857 F.2d 690, 694 (10th Cir. 1988):

D. Irreparable harm exists when there is no adequate legal remedy and where enforcement of a warrant would perpetuate constitutional injury (Elrod v. Burns, 427 U.S. 347, 373 (1976)).

Here, with all allegations seen in the light most favorable to the Plaintiff, Plaintiff cannot seek police protection from the execution of a threat without facing arrest under the very warrant resulting from the unlawful prosecution that's being challenged. Such circumstances epitomize irreparability as the state remedy is unavailable by design.

## C. The R&R Ignores the Context of a Federal § 1983 Action Against Law-Enforcement Defendants

When defendants themselves control the machinery of the criminal process, conventional abstention is inapplicable. As the Supreme Court emphasized in Dombrowski, federal courts

need not defer where state officers act in bad faith or where prosecution is a tool of harassment. Plaintiff's verified pleadings allege precisely that. District Attorney Drake continues, through Office and his subordinates, to advance baseless charges long after the absence of probable cause was apparent, ignoring exculpatory information. The threat of exploiting the pending warrants to coerce compliance or to prejudice the Plaintiff is an obvious harm that would logically flow from the unlawful actions of Defendants that form the basis of the Complaint.

### D. Public-Docket Exposure Heightens the Threat

Courts recognize that public disclosure of personal information through judicial filings can create credible danger warranting protective relief.

A. Doe v. Advanced Textile Corp., 214 F.3d 1058 (9th Cir. 2000 allowed pseudonyms where plaintiffs faced "real danger of retaliation."

B. Stegall, 653 F.2d at 186–87 acknowledged *"community hostility and intimidation"* as grounds for protective anonymity.

The federal docket here now lists Plaintiff's address; the same identifiers appeared in the online threats. That factual overlap establishes the "immediacy" required by Rule 65(b)(1)(A).

### E. The Appropriate Remedy Is Conversion to a Noticed TRO/Preliminary Injunction Hearing, Not Denial

Even if ex parte relief were premature, the proper disposition under Rule 65(b)(1)(B) is to convert the motion to a noticed TRO or expedited preliminary-injunction hearing, not outright denial. See Granny Goose Foods v. Teamsters, 415 U.S. 423, 439 (1974) which found that courts may continue temporary relief once notice is given. The R&R's outright rejection

short-circuits that process despite a now-public filing and appearances by defendants (ECF Nos. 11–18).

## IV. THE COUNTY'S "STATE OFFICIAL" ARGUMENT BOLSTERS, NOT DEFEATS

The County's recent Motion to Dismiss For Failure To State A Claim, see dkt. 23, partially hinges on the assertion that District Attorney Drake is an agent of the State of Oklahoma. Accepting this premise *arguendo* only strengthens Plaintiff's position for the pending Preliminary Injunction. The Plaintiff notes that the entirety of the Motion will be addressed in an Opposition filing that specifically addresses the merit and the dispute of facts. Here, we explicitly observe the Motion in light of the relevance to the Motion for a Temporary Restraining Order and Preliminary Injunction filed by Plaintiff, see dkt 10.

1. If Defendant Drake is acting as an arm of the State, then the State of Oklahoma has a compelling interest in ensuring its officers do not wield state power to conduct bad-faith, retaliatory prosecutions. Allowing such a prosecution to continue unabated brings the entire state justice system into disrepute.

2. The County's own argument leads us directly to the solution. The Oklahoma Attorney General possesses the authority, under specific circumstances, to assign a case to another district attorney or appoint a special prosecutor to avoid the appearance of impropriety and ensure a fair process. See OK Stat. 74 O.S. § 18b, or general authority of the AG. This is a seamless, state-level remedy that would instantly resolve the conflict and halt the ongoing constitutional violation.

3. The County cannot have it both ways. They cannot argue Drake is a "state official" to evade liability, while predictably arguing that a federal court cannot or should intervene to stop that

same "state official" from engaging in ongoing misconduct. Their logic leads to an absurdity in this case, implying that a state official is immune from county liability and seemingly immune from federal oversight as well, creating a constitutional black hole.

Therefore, the County's "state official" argument does not justify dismissal; it underscores why relief is the only logical path forward to protect the integrity of the State's own proceedings. This is an inherently bad faith argument.

## V. CONCLUSION

For these reasons, Plaintiff respectfully requests that the District Judge:

1. Reject the Magistrate Judge's R&R as erroneous and contrary to law;

2. Grant Plaintiff's Motion for Temporary Restraining Order (ECF No. 10)

Respectfully submitted,

Gabriel Gideon, Plaintiff Pro Se

520 N QUINCY ST

FREDONIA, KS 66736

(620) 870-8675

gabrieltgideon@outlook.com

# CERTIFICATE OF SERVICE

I, Gabriel Gideon, plaintiff proceeding pro se, hereby certify that on October 9th, 2025, I served the following documents upon all counsel of record and parties not yet represented by counsel, by depositing a true and correct copy in the United States Mail, postage prepaid, to the non-registered party at their known or last known addresses:

**PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION AND REQUEST FOR DE NOVO REVIEW UNDER FED. R. CIV. P. 72(b)(3)**

A true and correct copy of the above-listed documents was mailed via U.S. Mail to the following parties:

1. Billy McCall, 4740 Sunview Pl.,Bartlesville, OK 74006

2. Will Drake, 2320 Jupiter Ct, Bartlesville, OK 74006

3. Lynn Hollinsworth, Clerk, Washington County, 420 S. Johnstone Ave, Bartlesville, OK 74003

4. Regina Mouser, Clerk, City of Bartlesville, 420 S. Johnstone Ave, Bartlesville, OK 74003

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

Gabriel Gideon, Plaintiff Pro Se

520 N QUINCY ST

FREDONIA, KS 66736

(620) 870-8675

gabrieltgideon@outlook.com