# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA

GABRIEL GIDEON, Plaintiff

v.

OFFICER BILLY McCALL, et al., Defendants.

Case No. 25-CV-450-JFH-JFJ

## PLAINTIFF'S RESPONSE IN OPPOSITION TO WASHINGTON COUNTY'S RULE 12(b)(6) MOTION TO DISMISS

## I. INTRODUCTION

Washington County's motion tries to win on labels and state procedural niceties rather than federal law and pleaded facts. It argues (1) the County is the "wrong name" under an Oklahoma captioning statute, and (2) counties can't be liable for a District Attorney's conduct. Neither supports dismissal, much less with prejudice. Federal law controls §1983; Plaintiffs have plausibly alleged multiple constitutional violations and municipal liability under Monell. If the Court prefers the formal caption "Board of County Commissioners of Washington County," the fix is a ministerial amendment—not a merits dismissal. See Fed. R. Civ. P. 15(c)(1)(C); Krupski v. Costa Crociere S.p.A., 560 U.S. 538, 548–49 (2010).

## II. BACKGROUND (ABBREVIATED)

The complaint and its exhibit (Officer McCall's own report) allege a traffic stop on Aug. 28, 2023; the passenger's refusal to identify absent reasonable suspicion; Officer McCall's removal of the driver and threatening statements of intent or coercive questioning; an "inventory" search incident to arrest of another person that departed from policy; discovery of a legally possessed firearm; McCall's real-time call to DA Drake for advice; and an arrest for "obstruction" based on refusal to identify—followed by retaliatory escalation in the criminal matters. Those facts are also reflected in the Magistrate Judge's TRO R&R narrative (4th amendment invoked→ inventory → gun → DA consult → obstruction arrest). Accepting those allegations as true, Plaintiffs state claims under the Fourth and Fourteenth Amendments and plead municipal liability.

## III. RULE 12(b)(6) STANDARD

A complaint survives when its well-pleaded facts "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Court accepts factual allegations as true and draws reasonable inferences in Plaintiffs' favor.

## IV. ARGUMENT

**A. The "wrong defendant name" argument fails; at most this is a curable misnomer that relates back.**

1. Capacity and styling do not defeat federal claims. Federal Rule 17(b)(3) looks to state law for capacity, and Oklahoma counties are "bodies corporate and politic" that may "sue

and be sued." Okla. Stat. tit. 19, §1. Title 19, §4's "Board of County Commissioners" styling preference is a caption convention, not a jurisdictional bar.

2. Courts treat "County" and its "Board of County Commissioners" as interchangeable for §1983 purposes, or allow simple substitution. Federal courts in Oklahoma routinely proceed against the county governing body whether styled "County" or "Board," and when correction is preferred, substitution is allowed because it causes no prejudice and changes nothing about the entity actually being sued.

3. Relation back under Rule 15(c) forecloses prejudice. Under Krupski, relation back depends on what the party to be added "knew or should have known" within the Rule 4(m) period—not on plaintiff's semantics. 560 U.S. at 548–49. Washington County was timely served, appeared through counsel, and is litigating. Substituting "Board of County Commissioners of Washington County" (if the Court prefers) is a ministerial change that relates back.

4. If the Court desires the formal "Board" caption, Plaintiffs promptly move for leave to amend the caption nunc pro tunc which will substitute "Board of County Commissioners of Washington County" for "Washington County, Oklahoma." See Fed. R. Civ. P. 15(a)(2), 15(c)(1)(C). Dismissal with prejudice over a curable caption is improper as a matter of law.

### B. Plaintiffs plausibly allege underlying constitutional violations.

1. After the passenger asserted his right not to identify, McCall removed the driver, pressed her for the passenger's identity, and prolonged the stop for investigatory purposes unrelated to the tint infraction or any other issue within the scope of reasonable articulable suspicion. That violates Rodriguez v. United States, 575 U.S. 348, 354–57 (2015) (no prolongation beyond the mission of the stop absent independent reasonable suspicion). And in the Tenth Circuit, refusal to identify absent reasonable suspicion is not

obstruction and cannot lawfully be compelled. United States v. Landeros, 913 F.3d 862, 868–71 (10th Cir. 2019); Mocek v. City of Albuquerque, 813 F.3d 912, 930–35 (10th Cir. 2016). Those allegations more than plausibly state Fourth Amendment violations.

2. Upon the Officer's contact, informing Drake that the Plaintiff was a *passenger*, not in actual possession of any firearm, whose status relative to possession was unknown, and whose Fourth Amendment rights had been invoked, Drake knew that no active and lawful investigation was ongoing into the passenger. Therefore, the act of "calling around to a couple of other DA's in the area" as described by McCall in his sworn report represented Defendant Drake *initiating* an investigation he was made aware did not exist before this moment. This, even, is two pronged. First by him ratifying the conduct in failing to terminate the stop knowing the circumstances in real time, and shedding his advocacy role to investigate on behalf of McCall. Simply knowing:

    A. the Driver had already been arrested so the reasoning for the stop had concluded,

    B. the gun was found in an inventory incident to the arrest of the Driver,

    C. The gun was not stolen or involved in any crime,

    D. McCall was still detaining the passenger while speaking to Defendant Drake to investigate whether he could compel identification,

Then it is irrefutable that Defendant Drake would have known the stop had already been unlawfully extended at various points and thus had a duty to terminate it within the scope of his advisory role. He failed to do so.

3. Plaintiff alleged McCall's search did not follow standardized criteria and was used to rummage for investigative proof (identity/evidence), not to catalog property—contrary to Florida v. Wells, 495 U.S. 1, 4–5 (1990), and Colorado v. Bertine, 479 U.S. 367, 374 n.6 (1987). This is evidenced by his own report which states that he "took the weapon for

safekeeping because the male would not identify". In the event he was performing a lawful inventory, retaining the weapon would have had no relevance to the passenger. His inclusion of this statement in his sworn and notarized police report is a glaring red flag that his true intent was attribution of an inventory item to a non-participant for the explicit purpose of compelling the cooperation he *preferred* in the place of what was lawfully allowed. Furthermore, Because the driver was secured and the offense of arrest (traffic/obstruction) didn't support evidentiary searching of items such as a weapon, Arizona v. Gant, 556 U.S. 332, 343–44 (2009). He explicitly calls it an inventory in his report, which undercuts any "search incident" theory. Those facts state a Fourth Amendment claim.

4. The Complaint alleges obstruction was predicated on refusal to identify and passive non-cooperation—conduct the Tenth Circuit has squarely held is protected absent reasonable suspicion. Landeros, 913 F.3d at 870–71; Mocek, 813 F.3d at 930–35. Oklahoma law likewise does not criminalize passive refusal absent other elements. Lack of probable cause makes the arrest unconstitutional. He knew the continued detainment was on shaky ground as he states at multiple times throughout the traffic stop that he knows the passenger doesn't have to identify under these circumstances and proceeds anyways. See Becker v. Kroll, 494 F.3d 904, 914–17 (10th Cir. 2007).

5. Plaintiff allege protected conduct (asserting constitutional rights, filing suit) followed by adverse actions (bench-warrant request, escalated charging), close in time and linked to decisionmakers with knowledge—sufficient at pleading to state a First/Fourteenth Amendment retaliation theory.

## C. Plaintiff plausibly alleges Monell liability against the County.

Municipal liability attaches when a constitutional violation is caused by (1) an official policy/custom, (2) a failure to train/supervise amounting to deliberate indifference, or (3) a decision/ratification by a final policymaker. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978); City of Canton v. Harris, 489 U.S. 378, 388–92 (1989); Pembaur v. City of Cincinnati, 475 U.S. 469, 480–84 (1986); City of St. Louis v. Praprotnik, 485 U.S. 112, 123–28 (1988). If it was misunderstood that Defendant Drake was a final policy maker or an employee of the County, then McCall's statement on the his worn body camera to Will Drake via phone that "he's the boss" is either evidence of a hierarchy in their conspiratorial actions, or that the Officer was looking for ratification from who he perceived could provide such a basis. In this he immediately called defendant Will Drake.

1. McCall's report and conduct reflect a practice of treating refusal to identify as "non-cooperation," thereby justifying removing occupants, and expanding stops to coerce identity—contrary to Rodriguez/Landeros/Mocek. The Complaint alleges this practice is tolerated and enforced—plausibly a County policy/custom when coordinated with a final policy maker, such as County law-enforcement leadership. Ratification occurs when he first fails to intervene and when he takes investigative action on the behalf of the Officer he was aware was not conducting a lawful investigation.

2. McCall's on-scene call to the DA "for what the law allows" evidences a training gap on foundational Fourth Amendment limits (stop scope, ID compulsion, inventory limits). Canton recognizes municipal liability where the need for training is "so obvious" and the lack "so likely to result in the violation of constitutional rights," that the failure amounts to deliberate indifference. 489 U.S. at 390. The Complaint pleads exactly that.

3. Critically, Plaintiff alleges McCall consulted DA Drake during the stop and only then was arrested for obstruction—with McCall's own explicit admission tying the arrest to

investigatory practices that Drake undertook earlier in the stop. This from the final policy maker, was not any court function related to prosecutorial advocacy. When a county's final policymaker directs or affirmatively approves a specific course of action, that single decision can be municipal policy. Pembaur, 475 U.S. at 480–81 (county prosecutor's order to force entry was county policy); Praprotnik, 485 U.S. at 127 (ratification can be policy when by final authority). Here, Drake's real-time investigatory guidance (not courtroom advocacy) is alleged to have been the moving force behind the arrest. That states Monell liability.

4. The County's "DA acts for the State" rejoinder fails at this stage and further bolsters credibility for intervention to protect the State and its processes from being used as an instrument of retaliation by the elected District Attorney Defendant Will Drake nonetheless. While absolute immunity may attach to advocative functions, it does not cover investigatory advice to police. see Burns v. Reed, 500 U.S. 478, 494–96 (1991). Pembaur squarely permits *municipal liability where a county prosecutor*, acting with final authority, directs the challenged police action. McCall makes this connection himself in the report. At pleading, Plaintiffs have stated that theory with specificity.

**D. State-law defenses (GTCA, several-only, contribution, setoff) do not defeat federal §1983 claims.**

The County's reliance on Oklahoma's Governmental Tort Claims Act (GTCA) and apportionment rules cannot bar §1983 liability. The Supremacy Clause controls: state notice, immunities, or damages rules may not limit federal civil-rights remedies. Felder v. Casey, 487 U.S. 131, 138–47 (1988); Howlett v. Rose, 496 U.S. 356, 376–83 (1990). Municipalities have no qualified immunity in §1983. Owen v. City of Independence, 445 U.S. 622, 638 (1980). There is no federal right of contribution/indemnity for §1983 absent statute; "several-only" and "setoff" are inapposite to liability at the pleadings stage. See Northwest Airlines v. Transp. Workers Union,

451 U.S. 77, 90–91 (1981); Texas Indus., Inc. v. Radcliff Materials, 451 U.S. 630, 638–47 (1981). (Punitive damages are not sought from the County under §1983 in any event. City of Newport v. Fact Concerts, 453 U.S. 247 (1981).)

**E. The County's bid for dismissal with prejudice ignores Rule 15's liberal standard.**

Even if the Court preferred a formal Board caption, the remedy would be amendment—not a merits dismissal—because the County indisputably has notice and suffers no prejudice. See Fed. R. Civ. P. 15(a)(2), 15(c)(1)(C); Krupski, 560 U.S. at 548–49. The Tenth Circuit favors decisions on the merits, not forfeiture based on formal styling.

## V. CONCLUSION

The motion to dismiss for failure to state a claim should be DENIED and the County should continued as a party to the case. Plaintiff has plausibly alleged multiple constitutional violations and municipal liability under Monell. The County's Title 19 caption argument, even if credited, is a curable misnomer. In the alternative, or if the Court prefers the formal caption styling, Plaintiff respectfully moves to amend the caption nunc pro tunc to substitute "Board of County Commissioners of Washington County" for "Washington County, Oklahoma," with relation back under Rule 15(c).

Respectfully submitted,

Gabriel Gideon, Plaintiff Pro Se

520 N Quincy St, Fredonia, KS

(620)870-8675

Gabrieltgideon@outlook.com

# CERTIFICATE OF SERVICE

I, Gabriel Gideon, plaintiff proceeding pro se, hereby certify that on October 10th, 2025, I served the following documents upon all counsel of record and parties not yet represented by counsel, by depositing a true and correct copy in the United States Mail, postage prepaid, to the non-registered party at their known or last known addresses:

**PLAINTIFFS' RESPONSE IN OPPOSITION TO WASHINGTON COUNTY'S RULE 12(b)(6) MOTION TO DISMISS**

A true and correct copy of the above-listed documents was mailed via U.S. Mail to the following parties:

1. Billy McCall, 4740 Sunview Pl., Bartlesville, OK 74006
2. Will Drake, 2320 Jupiter Ct, Bartlesville, OK 74006
3. Lynn Hollinsworth, Clerk, Washington County, 420 S. Johnstone Ave, Bartlesville, OK 74003
4. Regina Mouser, Clerk, City of Bartlesville, 420 S. Johnstone Ave, Bartlesville, OK 74003

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

*/s/ Gabriel Gideon*

Gabriel Gideon, Plaintiff Pro Se

520 N QUINCY ST

FREDONIA, KS 66736

(620) 870-8675

gabrieltgideon@outlook.com