# UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF

# OKLAHOMA

| | | |
|---|---|---|
| **GABRIEL GIDEON,**<br>**Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Case No.:25-cv-00450** |
| | ) | |
| **OFFICER BILLY MCCALL,** | ) | |
| **in his individual and official capacity,** | ) | |
| **DISTRICT ATTORNEY WILL DRAKE,** | ) | |
| **in his individual and official capacity,** | ) | |
| **CITY OF BARTLESVILLE,** | ) | |
| **a municipal corporation** | ) | |
| **WASHINGTON COUNTY,** | ) | |
| **a political subdivision of Oklahoma,** | ) | |
| **Defendants** | ) | |

## PLAINTIFF'S NOTICE OF FILING SUPPLEMENTAL EVIDENCE IN SUPPORT OF PENDING PRELIMINARY INJUNCTION

Plaintiff, Gabriel Gideon, pro se, hereby files this Notice to submit supplemental evidence relevant to the pending Motion for Preliminary Injunction. This evidence corroborates the alleged pattern of post-complaint retaliation and the custom of indifference within the Washington County District Attorney's Office.

This filing includes 2 exhibits:

**Exhibit 1**: Email correspondence between Plaintiff and ADA Veronica Threadgill on October 10thth, 2024 and October 16, 2024 respectively, showing the direct temporal link between Plaintiff's protected communication on October 10th, 2024 and the filing of a new "bail jumping" charge against him that same day he received a response from the Assistant District Attorney Veronica Threadgill, a direct subordinate of Will Drake.

She acknowledges it has been a year since Plaintiff had been "away from court", validating that no other reasoning for the new charge was relevant at the time.

She also acknowledges that she is aware that the Plaintiff was not a felon as early as October of 2023.

**Exhibit 2**: Email correspondence between witness Reyna Robinson and ADA Zoe Gullett on September 12, 2025, demonstrating the office's indifference even after being formally notified of the federal complaint in this action ten days earlier by Defendant County's own admission. She would later go on to secure a bench warrant for Ms. Robinson in the related case.

This evidence is submitted to further demonstrate the likelihood of success on the merits of Plaintiff's retaliation claim and the ongoing, irreparable nature of the harm, necessitating injunctive relief.

Respectfully submitted,

Gabriel Gideon
520 N Quincy St,
Fredonia, KS 66736
(620) 870-8675

 Gmail

**Gabriel Gideon <gabrieltgideon@gmail.com>**

## Gabriel Gideon Felony Relief

**Gabriel Gideon <gabrieltgideon@gmail.com>**                    Thu, Oct 10, 2024 at 12:29 PM
To: veronica.threadgill@dac.state.ok.us

Good afternoon Mrs Threadgill, this is Gabriel Gideon. I have an open case there in your county CF 2023–230 and I realize that after some time that, you on behalf of the state, has still not taken any action toward verifying the status of my vacated felony conviction in the state of California. Whilst I had previously spoken with you and stated that I would forward that information to you, I don't believe that exonerates the State from the burden of proof or from acting as equally sophisticated counsel in responsibility of their own due diligence, which in this case would be proving that the felony conviction did still stand as its the basis of your charge.

I have now provided multiple pages of documentation, all of which are documents from said California case FWV1002044, where it's laid out my Motion for Relief was filed, with me acting as my own attorney, and this was granted on 6/30/2015. PC 1203.4 being granted under California law results in the original conviction having been vacated, set aside, and/or dismissed with the DOJ being notified via form 8715, otherwise referred to as "Certificate of Actual Innocence".

Now that you have been notified of such, I expect that you will promptly move to verify on your own and vacate that charge.

The obstruction charge will be addressed in a separate filing here shortly that will lay out how Officer Billy McCall had no right to force me to identify myself without probable cause and agreed to as much on the record . I do have video of the interaction, where McCall states that I don't have to ID myself at that time if i didn't want to, and the suggestion that I was illegally in possession of a weapon without having first identified me wont stand up to criticism, as McCall himself states that he didn't have my name and that was obstruction itself, which led to the arrest.

Regardless, let's work towards getting this resolved as quickly as possible. With the current situation being what it is, the officer and whomever he states he spoke to is liable for suit being that he nor any other public servant has protection under law when in clear violation of a person's constitutional right. Oklahoma is not a stop and frisk state, and he, being a reasonable person under oath, knows that without identifying me he could not therefore arrest me for possession of a weapon he couldn't verify I was or wasn't supposed to have. Your office is also implied as having been involved by him as he states he called the DA directly during the stop to ascertain whether I was indeed obstructing him by not providing my name, which violates many other provisions and laws that will be laid out comprehensively in the court filing.

This email is monitored and I am expecting a response. Thank you and have a blessed day.



 Gmail

**Gabriel Gideon <gabrieltgideon@gmail.com>**

---

## Gabriel Gideon Felony Relief

---

Threadgill, Veronica <veronica.threadgill@dac.state.ok.us>                    Wed, Oct 16, 2024 at 8:45 AM
To: Gabriel Gideon <gabrieltgideon@gmail.com>
Cc: "Drake, Will" <Will.Drake@dac.state.ok.us>

Mr. Gideon,

You were requested by the court on 9/8/2023 to provide documentation regarding your expungement. The State also took measures to collect that documentation. However you failed to appear for court on 10/6/2023. That is over a year that you have been absent from court. You must come to court in order to facilitate a resolution of your case.

I have reviewed the California statute in question under which you sought relief from your case in California. It further states that "(2) Dismissal of an accusation or information pursuant to this section does not permit a person to own, possess, or have custody or control of a firearm or to prevent conviction under Chapter 2 (commencing with Section 29800) of Division 9 of Title 4 of Part 6." The internal statutory reference is the equivalent to the Oklahoma Statute under which you have been charged.

The dismissal of your California case pursuant to that section is limited in scope and does not permit you to own or possess a firearm.

You may proceed with whatever filings you deem appropriate.

Best,

Veronica Threadgill

**Assistant District Attorney**

**Washington County District Attorney's Office**

420 S. Johnstone Rm. 222

Bartlesville, OK 74003

918-337-2860 (Office)

918-337-2896 (Fax)

Exhibit 1  2 of 2

 Gmail

**Reyna Robinson <reynarobinson17@gmail.com>**

## Formal Request for State Action

**Reyna Robinson** <reynarobinson17@gmail.com>                    Wed, Sep 10, 2025 at 9:35 AM
To: "Gullett, Zoe" <Zoe.Gullett@dac.state.ok.us>, "Sayles, Victoria" <Victoria.Sayles@dac.state.ok.us>

Dear ADA Gullet,

I am writing to you regarding the ongoing case your office has against me, in which I am the defendant proceeding pro se.

This correspondence is to formally notify you that the federal civil rights lawsuit (Gideon v. McCall et al., Case No. 4:25-cv-00450-JFH-JFJ) presently pending in the U.S. District Court for the Northern District of Oklahoma, arises from the same traffic stop that is the basis for the obstruction charge against me. You were previously made aware of these alleged violations through our correspondence and you have a duty to take action when you're made aware of such circumstances. Actions to the contrary place this in an administrative decision of your own, and thereby is a further ratification of the conduct alleged.

The federal action alleges facts demonstrating that the obstruction charge was indeed fabricated incident to an unlawful seizure and without probable cause, as part of a conspiracy involving the elected leadership of your office. These allegations are supported by, among other evidence, the body-worn camera footage from the stop. This is not simply some "he said, she said".

While I have previously sought an equitable resolution, to continue this prosecution in light of these specific, pending allegations would compound the ongoing constitutional injury. Therefore, I respectfully request that your office either move to dismiss the charges against me or seek recusal from the case entirely without further delay.

I am extending this opportunity to avoid further entangling your office and yourself specifically in the underlying conduct alleged in the federal complaint. If I do not receive a response affirming your course of action, I will have no choice but to file a formal motion with this court in light of the very specific and detailed nature of this request and its nuance, attaching the federal complaint and this correspondence to that motion.

Should this prosecution continue, it would necessitate first the filing of a motion to dismiss based on outrageous government conduct and would preserve all rights to seek redress for the ongoing harm of a malicious prosecution by you, for which the statute of limitations continues to toll. Please be advised that the continuation of this action will be viewed as a separate, actionable violation under 42 U.S.C. § 1983 and I would seek recourse in my own right against all involved.

I trust you will give this matter the serious consideration it warrants.

Respectfully,

Reyna Robinson

*Exhibit 2 1 of 2*

 **Gmail**

**Reyna Robinson <reynarobinson17@gmail.com>**

## Formal Request for State Action

**Gullett, Zoe** <Zoe.Gullett@dac.state.ok.us>                                    Wed, Sep 10, 2025 at 1:32 PM
To: Reyna Robinson <reynarobinson17@gmail.com>

Ms. Robinson,

I am looking forward to reading whatever motions you file on September 17th, 2025.

Thank you,

Zoe E. Gullett

Assistant District Attorney

Washington County District Attorney's Office

420 S. Johnstone Rm. 222

Bartlesville, OK 74003

918-337-2860 (Office)

918-337-2896 (Fax)

---

**From:** Reyna Robinson <reynarobinson17@gmail.com>
**Sent:** Wednesday, September 10, 2025 9:35 AM
**To:** Gullett, Zoe <Zoe.Gullett@dac.state.ok.us>; Sayles, Victoria <Victoria.Sayles@dac.state.ok.us>
**Subject:** Formal Request for State Action

> This message has originated from an **External Source**. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email. Please forward to ITSupport@dac.state.ok.us if you believe this e-mail to be suspicious.

[Quoted text hidden]

Exhibit 2  2 of 2