UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF OKLAHOMA

GABRIEL GIDEON, )
Plaintiff, )
)
v. ) Case No.:25-cv-00450
)
OFFICER BILLY MCCALL, )
 in his individual and official capacity, )
DISTRICT ATTORNEY WILL DRAKE, )
in his individual and official capacity, )
CITY OF BARTLESVILLE, )
a municipal corporation )
WASHINGTON COUNTY, )
a political subdivision of Oklahoma, )
Defendants )

## PLAINTIFF'S MOTION TO COMPEL RULE 7.1 DISCLOSURES AND FOR RULING ON MOTION FOR MORE DEFINITE STATEMENT

Plaintiff Gabriel Gideon, pro se, respectfully moves this Court for an Order: (1) compelling Defendant City of Bartlesville to show cause for its failure to file its Rule 7.1 Corporate Disclosure Statement; (2) compelling Defendant Washington County, or Washington County "Board of Commissioners" to immediately file its required Rule 7.1 Corporate Disclosure Statement; and (3) ruling on Plaintiff's pending Motion for a More Definite Statement (Dkt. 25). In support, Plaintiff states:

## 1. FAILURE OF CITY OF BARTLESVILLE TO COMPLY WITH COURT ORDER

On September 24, 2025, the Court entered an Order (Dkt. 14) requiring the City of Bartlesville to file its Corporate Disclosure Statement pursuant to Fed. R. Civ. P. 7.1 and LCvR 7.1-1. As of October 17, 2025, the City has willfully failed to comply with this Order. This failure disrespects the Court's authority and hinders the administration of justice.

## 2. FAILURE OF WASHINGTON COUNTY TO FILE REQUIRED DISCLOSURE

Defendant Washington County, or if the Court prefers, Washington County Board of Commissioners, filed its Notice of Appearance (Dkt. 15) on September 25, 2025. Fed. R. Civ. P. 7.1(a)(2) and LCvR 7.1-1 require a *nongovernmental* corporate party to file its disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court. The County has failed to do so. Under Oklahoma law, counties are constituted as body corporates with the power to sue and be sued. They are the corporate entity, not a subordinate agency of one. Courts have consistently ruled that the exemptions to this rule are for the agency which is part of or subordinate to a larger government, not the government itself when it is the named party.

Plaintiff affirms his belief that the statement itself is crucial as it will formally disclose the County's structure and, Plaintiff believes, confirm District Attorney Will Drake's status as an elected official *and final policymaker for the county*, information directly relevant to the question of municipal liability.

### 3. PENDING MOTION FOR MORE DEFINITE STATEMENT

On October 7, 2025, Plaintiff filed a Motion for a More Definite Statement pursuant to Fed. R. Civ. P. 12(e). The City of Bartlesville's Answer to the original complaint pleads a lack of knowledge sufficient to respond to basic allegations, while simultaneously reserving the right to later affirm that its officer had reasonable suspicion—a contradictory position that is untenable given that Plaintiff's Complaint attached and incorporated the officer's own sworn report (Exhibit A). The City's failure to respond substantively to this motion within an ordered or prescribed time limits warrants the Court granting the relief requested.

### 4. CONCLUSION

The Defendants' collective failure to adhere to the Federal and Local Rules is prejudicial to Plaintiff's ability to prosecute this action and imposes unnecessary burdens on the Court. Plaintiff respectfully requests the Court compel the required disclosures and rule on the pending motion.

Respectfully submitted,

_____
Gabriel Gideon

520 N Quincy St,

Fredonia, KS 66736

(620) 870-8675