IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

GABRIEL GIDEON,                           )
                                          )
       Plaintiff,                   )
                                          )
v.                                        )   Case No. 25-cv-450-JFH-JFJ
                                          )
OFFICER BILLY MCCALL, *et al.*,           )
                                          )
       Defendants.                  )

**DEFENDANT WASHINGTON COUNTY'S REPLY
TO PLAINTIFF'S RESPONSE MOTION TO DISMISS**

Defendant Washington County, Oklahoma, by and through counsel of record, respectfully submits its Reply to Plaintiff's Response in Opposition to Washington County's Motion to Dismiss [Dkt. 30] for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6). In support, Defendant would show the Court as follows:

### I. ARGUMENT & AUTHORITIES

**A. PLAINTIFF FAILS TO STATE A COGNIZABLE *MONELL* CLAIM AGAINST THE COUNTY BECAUSE THE COUNTY IS NOT LIABLE FOR THE ALLEGED ACTS OF THE DISTRICT ATTORNEY OR THE CITY POLICE OFFICER.**

In its Motion to Dismiss, the County argued that the *Monell* claim against the County should be dismissed because it is wholly premised upon the alleged conduct of the Washington County District Attorney, Will Drake, and, under Oklahoma law, counties are not liable for the alleged acts of the local District Attorneys, as District Attorneys in the State of Oklahoma are officers/employees of the State, not any county. *See Arnold v. McClain*, 926 F.2d 963, 966 (10th Cir. 1991) (recognizing that district attorneys are state officials under Oklahoma law, and therefore affirming the district court's dismissal for failure to state a claim in favor of the two counties); Okla. Stat. tit. 19, § 215.30.

Plaintiff does not and cannot overcome this ground for dismissal. Plaintiff refers to a federal prosecutorial immunity rule, discussed in *Burns v. Reed*, 500 U.S. 478, 494-96 (1991), but this has nothing to do with the Oklahoma rule of law that governs here. The issue in this case is not one of prosecutorial immunity afforded to a prosecutor sued in his individual capacity, as was the case in *Burns*, but rather whether the District Attorney is an employee of the State instead of the County and whether the County can be liable for the alleged conduct of the District Attorney. As the Tenth Circuit clearly held in *Arnold v. McClain*, applying the governing Oklahoma law, counties in Oklahoma are not liable for the alleged conduct of district attorneys. *Arnold*, 926 F.2d at 966; Okla. Stat. tit. 19, § 215.30. Plaintiff's reliance upon *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-84 (1986) is also wholly misplaced. *Pembaur* applied Ohio law which was completely different from Oklahoma's statutory scheme making district attorneys employees of the state and not the counties. *Pembaur*, 475 U.S. at 480-84; *Arnold*, 926 F.2d at 966; Okla. Stat. tit. 19, § 215.30.

Because the District Attorney is not an employee of the County, but rather the State itself, Plaintiff's *Monell* claim against the County fails as a matter of law. The entirety of Plaintiff's allegations involve the conduct of the District Attorney and the City of Bartlesville Police Officer McCall. Clearly, Officer McCall was not an employee of the County. In no way can the County be liable under *Monell* (or any other theory) for the alleged conduct of Officer McCall. Similarly, McCall's alleged communications with the District Attorney on the telephone do not in any way change the reality that, under Oklahoma law, the District Attorney is an employee of the State and the County is not liable for the alleged conduct of the District Attorney. *Arnold*, 926 F.2d at 966; Okla. Stat. tit. 19, § 215.30. This legal reality completely eliminates any potential liability of the County for the alleged conduct of the District Attorney. Furthermore, for these same reasons, and contrary to the suggestions in Plaintiff's Response, the alleged conduct of Officer McCall and the

District Attorney cannot constitute any policy or custom of the County, because neither are employees of the County and, in any event, the County cannot be liable for conduct of the District Attorney (or the Bartlesville Police Officer). *See Arnold*, 926 F.2d at 966; Okla. Stat. tit. 19, § 215.30.

Nothing in Plaintiff's Response, or in any other pleading he has filed, changes the law that the County is not liable for the conduct of the District Attorney. Plaintiff, in reality, is taking issue with the clear import of the governing law in Oklahoma, which provides that District Attorneys are not employees of the Counties they are situated in. As Plaintiff has asserted in his Reply to the County's Response to his Motion for Preliminary Injunction [Dkt. 31], Plaintiff is suggesting that the County is merely attempting to make a bogus argument to improperly insulate itself from liability and preclude recovery. But this is obviously not the case. The law is the law, and it provides that Counties are not liable for the conduct of District Attorneys because they are employees of the State. *Arnold*, 926 F.2d at 966; Okla. Stat. tit. 19, § 215.30. District Attorneys are situated in Counties, but they prosecute cases on behalf of the State and are deemed employees of the State, not Counties. Furthermore, Plaintiff overlooks the reality that other potential avenues of recovery exist other than the County. The sole issue here is whether the County can be liable for the District Attorney's alleged conduct. As the Tenth Circuit has squarely held, it cannot be. *Arnold*, 926 F.2d at 966. Plaintiff's arguments cannot avoid this legal reality.

Thus, because the County cannot be held liable for the alleged conduct of the District Attorney Will Drake or the conduct of Bartlesville Police Officer McCall, it is indisputable that Washington County is entitled to dismissal as a matter of law. *See Arnold*, 926 F.2d at 966.

**B. EVEN IF A DISTRICT ATTORNEY WAS A COUNTY EMPLOYEE, WASHINGTON COUNTY WOULD BE ENTITLED TO DISMISSAL AS AN IMPROPERLY NAMED DEFENDANT.**

Plaintiff's Complaint has named "Washington County" as the Defendant, which is improper under Oklahoma law, pursuant to Okla. Stat. tit. 19, § 4. Plaintiff's Response does not refute this clear and applicable rule of law. Plaintiff points out that he can amend his pleading to name the proper party, but this does not change the fact that the County must be dismissed as an improperly named Defendant. As a matter of law, the only properly named Defendant with respect to Washington County is the Board of County Commissioners of the County of Washington. Moreover, for the reasons set forth in Proposition A, any amendment attempting to properly name the Defendant would be futile as the District Attorney is not a County employee. Accordingly, the Defendant named as "Washington County, State of Oklahoma" should also be dismissed as a matter of law. Okla. Stat. tit. 19, § 4; Fed. R. Civ. Proc. 12(b)(6).

## II. CONCLUSION

For the reasons set forth above, Defendant Washington County is entitled to dismissal under Fed. R. Civ. Proc. 12(b)(6). Moreover, because there are no set of facts or allegations that can cure the deficiencies and legal issues with Plaintiff amending his Complaint, the dismissal should be with prejudice.

Respectfully submitted,

s/ Clark W. Crapster
Chris J. Collins, OBA No. 1800
Wellon B. Poe, OBA No. 12440
Clark W. Crapster, OBA No. 22112
COLLINS ZORN & WAGNER, PLLC
429 N.E. 50th Street, Second Floor
Oklahoma City, OK 73105
Telephone: (405) 524-2070
Facsimile: (405) 524-2078
Email: cjc@czwlaw.com
wbp@czwlaw.com
cwc@czwlaw.com

***ATTORNEYS FOR DEFENDANT***
***WASHINGTON COUNTY***

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2025, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Gabriel Gideon
520 N. Quincy Street
Fredonia, KS 66736

*Plaintiff, pro se*

Justine Ellis
Michael Lee Carr
McAfee & Taft
2 West 2nd Street, Suite 1100
Williams Center Tower II
Tulsa, OK 74103

*Attorneys for Defendant*
  *The City of Bartlesville, Oklahoma*

s/ Clark W. Crapster
Clark W. Crapster