**UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| GABRIEL GIDEON,<br>Plaintiff, | )<br>)<br>) |
| v. | )    Case No.:25-cv-00450 |
| | ) |
| OFFICER BILLY MCCALL,<br> in his individual and official capacity, | )<br>)<br>) |

# MOTION FOR LEAVE TO FILE SUR-REPLY IN FURTHER OPPOSITION TO MOTION TO DISMISS

## Introduction

Plaintiff seeks leave to file this Sur-Reply to address Defendant's new and misleading characterization of Plaintiff's Monell theory, which ignores the theory of liability actually pleaded in the Complaint.

## Argument

Defendant does not dispute the factual core of the Complaint: that District Attorney Will Drake, the chief legal officer for Washington County, engaged in real-time, investigatory collaboration with a police officer that resulted in the ratification of a false arrest. Their entire defense is a legal fiction that this final policymaker's conduct does not count.

First, the County expects the Court to accept the logic that Defendant Drake and the County of Washington are not tied to each other for the explicit purpose of prosecutions, however they admit in their Motion to Enter Out Of Time, their own disillusion over which of the two would be the responding party when the original service was made *on the County*. The very next filing made by the County went on to disclaim any connection or ties to the Office of the Washington County District Attorney altogether. His should be a frivolous argument altogether when viewed in that light.

Defendant's Reply obsessively cites Arnold v. McClain but fails to distinguish it from the Supreme Court's decision in Pembaur v. Cincinnati. Pembaur holds that a single decision by a government's authorized decisionmaker can establish municipal policy. 475 U.S. at 480-81. Oklahoma law vests final, unreviewable authority to prosecute crimes in Washington County with District Attorney Will Drake. His decision to authorize Plaintiff's arrest was the County's policy for that incident. Defendant provides no case law stating that an official's status as a 'state employee' for administrative purposes immunizes the municipality from his final policymaking decisions.

Defendant's continued focus on the misnomer of 'Washington County' versus the 'Board of County Commissioners' is a transparent attempt to waste the Court's and Plaintiff's time. As Plaintiff has stated, this is a trivial correction that can be made by amendment. The Court should look past this procedural gamesmanship and rule on the substantive legal question of municipal liability. In the County's Motion to Dismiss, Defendants argue that District Attorney Will Drake is a state employee under Oklahoma law and, therefore, Washington County cannot be liable for his actions under Monell.

They rely on Arnold v. McClain, and Okla. Stat. tit. 19, § 215.30. Arnold does not foreclose all county liability under § 1983 when the county itself has set or *permitted the policy or custom that led to the violation*. Furthermore, the decision turned on state-law classification of the district attorney as a state official — but § 1983 liability for the county arises from the county's action (or inaction), not merely the classification of the official. Cf. Carter v. Galloway, 352 F.3d 1346, 1353-54 (11th Cir. 2003) (county liability attaches when county official enforces policy or custom that causes constitutional violation, regardless of classification of specific counsel as state employee).

This argument is foreclosed by the Supreme Court's decision in McMillian v. Monroe County, 520 U.S. 781, 785 (1997). The Court held that the question for Monell liability is not an official's general "status as a state officer" for other purposes, such as employment. Rather, the court's "task is to identify those who speak with final policymaking authority for the local governmental actor concerning the action alleged to have caused the particular constitutional violation at issue." Id. at 784-85. Thus, even if Drake is considered a state employee for certain administrative purposes, he may simultaneously be the final policymaker for Defendant Washington County regarding the specific functions at issue here: providing real-time legal guidance to county law enforcement and making the decision to initiate criminal prosecutions. Plaintiff's Complaint plausibly alleges he was acting in this precise policymaking capacity.

As this Court recognized in *Tate et al v. City of Bartlesville et al, No. 4:2022cv00521*, 'whether an official is protected by qualified or absolute immunity is a

fact-intensive inquiry.' ... The determination of whether Defendant Drake was acting as an advocate, an investigator, or a conspirator requires a developed factual record, including discovery on the nature of his phone call and his established customs with the police department. Dismissal at the pleading stage is premature. Plaintiff has attached a supplement to this filing in which Drake acknowledges his policy making position for the County (and their bad faith) explicitly, pulled from the related State v Robinson, dated June 25th.

1. Defendants' entire immunity defense rests on the assertion that Drake is a State actor within the scope of his duties. But this is the very question a jury must decide. Was fabricating probable cause in a phone call 'within the scope' of his duties explicitly on behalf of the County? This question cannot be answered by merely reading the complaint. Plaintiff is entitled to discovery to prove that Drake's actions fell far outside the protected sphere of advocacy and into the realm of unprotected investigative and administrative functions while acting in the capacity of his elected position in Washington County .

**Conclusion**

For the reasons stated, Plaintiff respectfully requests that the Court see through Defendant's obfuscation and deny the Motion to Dismiss. The County cannot disclaim liability for the unconstitutional acts of its highest-ranking legal official.

Respectfully submitted,

Gabriel Gideon

520 N Quincy St,

Fredonia, KS 66736

(620) 870-8675

IN THE DISTRICT COURT OF THE ELEVENTH JUDICIAL DISTRICT OF
THE STATE OF OKLAHOMA SITTING IN AND FOR WASHINGTON COUNTY

THE STATE OF OKLAHOMA, )
    Plaintiff, )
     )
vs. )
) Case No. CM-2023-365
REYNA ROBINSON )
     )
    Defendant(s). )

DISTRICT COURT WASHINGTON CO OK
JEAN DAVIS, COURT CLERK
FILED JUN 2 5 2025
BY _____ DEPUTY

## STATE'S RESPONSE TO DEFENDANT'S MOTION FOR CLARIFICATION OF CHARGE

**COMES NOW**, William Drake duly elected and acting District Attorney for the Eleventh Prosecutorial District, State of Oklahoma, by and through Assistant District Attorney, Zoe Gullett, and responds to the Defendant's motion in the above-entitled cause.

The defendant's prayer for relief requests four (4) items of relief and so the State of Oklahoma will respond to those:

1. The defendant requests that the Court order the State of Oklahoma to file a "Bill of Particulars" to clarify the basis of the obstruction charge.

    a. The State of Oklahoma filed a misdemeanor criminal information on August 29th, 2023 alleging that the defendant had violated Oklahoma law by Obstructing an Officer, Driving Without a Valid Driver's License and Failing to Maintain Insurance on the Motor Vehicle she was driving.

    b. Within the criminal information, the State of Oklahoma provides identifiers of the defendant such as her name (first, middle and last), her address at the time of the alleged crime, the last four (4) numbers in her driver's license and social security number and her month and year of birth. *Title 22 Section 401*

    c. The defendant appears to take issue with the language in Count 1: Obstructing Officer which has the following language in the body of the information: "COUNT 1: OBSTRUCTING OFFICER – a Misdemeanor, on or about the 28th day of August 2023

by obstructing on Officer McCall, Bartlesville Police Department, in the performance of said officer's official duty *by lying* to Officer McCall."

    d. According to Title 22 O.S. Section 401 an indictment or information must contain: "1. Title of the action specifying the name of the court to which the indictment or information is presented, and the names of the parties. 2. A statement of the acts constituting the offense, *in ordinary and concise language,* and in such a manner as to enable a person of common understanding to know what is intended."

    e. The State of Oklahoma in their criminal information listed that the defendant willfully, knowingly and wrongfully committed the crime of Obstructing an Officer by *lying* to the officer.

        i. The language used in the charging document is ordinary and concise and arguably could not be more concise.

    f. The State of Oklahoma requests that the Court deny the defendant's motion to have the State of Oklahoma file a "Bill of Particulars" in a misdemeanor obstruction case.

2. The defendant requests (it is assumed the State of Oklahoma) "identify the exact conduct and statutory law that was relied upon explicitly"

    a. The State of Oklahoma identified through language in the information that we are relying on Title 21 O.S. 540 for count 1; Title 47 O.S. 6-303(A) for count 2; and, Title 47 O.S. 7-606 for count 3.

    b. Each count in the information provides specific information regarding the actions of the defendant that lead the State of Oklahoma to allege each charge.

3. The defendant requests "clarify whether the State is alleging that Defendant had a legal duty to identify the passenger both before and after a firearm was discovered".

    a. It appears in this request that the defendant is asking the Court for a legal opinion as to the actions of law enforcement and at this time the State of Oklahoma does not have a

response that would include anything other than legal advice/legal opinion for the defendant.

   b. The State of Oklahoma would recommend the defendant speak with a defense attorney concerning "clarification" on the duties of a driver in a vehicle during a traffic stop.

4. The defendant requests the court "compel the state to produce the explicit details of Will Drake's two conversations during the active stop with District Attorney Will Drake, caused by his assisting the officer in finding or establishing probable cause, after being verbally notified that the officer had established none of the passenger prior to making contact with him."

   a. The State of Oklahoma has produced all evidence they have available in their file which includes police reports, dash cam videos and body cam videos. The State of Oklahoma does not possess any other items of evidence for this current misdemeanor case and does not know of any outstanding evidence that at this time might be available.

**WHEREFORE,** the State of Oklahoma would request that the Court deny the Defendant's motion to require the State of Oklahoma to "clarify the charges". The State of Oklahoma would request that the defendant seek legal counsel as they would be able assist her with her requests.

Respectfully submitted,

_____
Zoe Gullett
Assistant District Attorney

**CERTIFICATION OF DELIVERY**

I hereby certify that a copy of the foregoing instrument was hand delivered on June 25th, 2025 at the Washington County Courthouse to:

Reyna Robinson, Pro Se

_____
Zoe Gullett

IN THE DISTRICT COURT OF THE ELEVENTH JUDICIAL DISTRICT OF THE STATE OF OKLAHOMA SITTING IN AND FOR WASHINGTON COUNTY

THE STATE OF OKLAHOMA,

    Plaintiff,

vs.

Case No. CF-2023-230

GABRIEL TERECE GIDEON

ADDR: 502 N Buckeye
        Coffeyville, KS 67337
DL:    ****4768
SSN:  ***-**-0971
DOB:  July, 1992

    Defendant(s).

DISTRICT COURT WASHINGTON CO. OK
JILL L. SPITZER, COURT CLERK

FILED
AUG 29 2023

BY _____ DEPUTY

## INFORMATION

**COUNT 1:** POSSESSION OF FIREARM AFTER FORMER FELONY CONVICTION ~ 21 O.S. § 1283(A), a FELONY
**COUNT 2:** OBSTRUCTING OFFICER ~ 21 O.S. § 540, a MISDEMEANOR

**STATE OF OKLAHOMA, COUNTY OF WASHINGTON:**

    I, Will Drake, the undersigned District Attorney of said County, in the name and by the authority of the State of Oklahoma, give information that in said County of Washington and in the State of Oklahoma, **GABRIEL TERECE GIDEON** did then and there unlawfully, willfully, knowingly and wrongfully commit the crime(s) of:

**COUNT 1: POSSESSION OF FIREARM AFTER FORMER FELONY CONVICTION ~ a FELONY**, on or about the 28th day of August, 2023, by knowingly having in his possession a radical firearm RF-15, Serial number 2-064361, located inside the vehicle after he had been convicted of Burglary First Degree in case number FWV1002044 in Superior Court of San Bernadino, state of California on October 4th, 2010.

COUNT 2: **OBSTRUCTING OFFICER ~ a MISDEMEANOR**, on or about the 28th day of August, 2023, by obstructing one Office McCall, Bartlesville Police Department, in the performance of said officer's official duty by failing to give any identifying information to Office McCall.

WILL DRAKE
DISTRICT ATTORNEY

By: _____
District Attorney

**WITNESSES ENDORSED FOR THE STATE OF OKLAHOMA**

Billy McCall, Bartlesville Police Department, 615 S Johnstone, Bartlesville, OK 74003