# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) GABRIEL GIDEON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>(1) OFFICER BILLY MCCALL, )<br>in his individual and official capacity; )<br>(2) DISTRICT ATTORNEY WILL DRAKE, )<br>in his individual and official capacity; )<br>(3) THE CITY OF BARTLESVILLE, )<br>OKLAHOMA, a municipal corporation, )<br>(4) WASHINGTON COUNTY, OKLAHOMA, )<br>a political subdivision of the State of Oklahoma,)<br>)<br>Defendants. ) | Case No. 25-cv-450-JFH-JFJ |

## DEFENDANT THE CITY OF BARTLESVILLE, OKLAHOMA'S RESPONSE TO PLANTIFF'S MOTION FOR A MORE CLARIFIED STATEMENT PURSUANT TO FED. R. CIV. P. 12(e)

Defendant The City of Bartlesville, Oklahoma ("the City"), for its Response to Plaintiff's Motion for a More Clarified Statement Pursuant to Fed. R. Civ. P. 12(e) states as follows:

1. Plaintiff's request for a More Definite Statement pursuant to FRCP 12(e) is without merit. Rule 12(e) indicates that "a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." The FRCP does not contemplate a "responsive pleading" to an Answer, such as was filed by the City of Bartlesville in this matter. Plaintiff's Motion here is then misplaced as an Answer is not a "pleading to which a responsive pleading is allowed." As no responsive is contemplated or allowed under the FRCP, this Motion should be denied.

2. In addition to the Motion being misplaced, the City's Answer is far from being "so vague or ambiguous that the party cannot reasonably prepare a response." Again, no response is

allowed under the rules. But even if it were, the City's Answer is fully compliant with FRCP 8 and 12.

3. FRCP 8(b) required that in responding to a Pleading, a party must "state in short and plain terms its defenses to each claim asserted against it." See FRCP 8(b)(1)(A). The City has done this; see the 13 numbered Defenses listed on pages 9 and 10.

4. FRCP 8(b)(1)(B) then requires the Answering party to admit or deny the allegations asserted against it. FRCP 8(b)(5) further allows for the responding party to indicate that it lacks sufficient knowledge to admit or deny the allegation to so state.

5. Plaintiff takes issue with the City's Answer to paragraphs 11-30 of the Complaint. These paragraphs, however, are argumentative and replete with over 40 years' worth of legal citations, purported quotes from those citations and quotations from other documents. These are not factual assertions that can be readily admitted or denied at this time. Further, Plaintiff's lawsuit centers upon the actions of Co-Defendant Billy McCall, who is not represented by the City and, in fact, no longer works for the City. Defendant McCall's knowledge or actions are not necessarily or specifically known to this Defendant and indicating as such in the Answer is perfectly within the FRCP's requirements. Further, the documents Plaintiff references speak for themselves and are not proper fodder for seeking admissions or denials in an Answer. The City asserts that its Answer is fully compliant with the FRCP and no additional clarification is necessary.

6. Plaintiff cites *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514 (2002) in support of his argument. However, this case does nothing to show that the City's Answer is somehow deficient but rather discusses a Plaintiff's burden to plead sufficient facts to set forth the *prima facie* elements of an ADEA discrimination claim in an employment case. The *Swierkiewicz* Court further held that the allegedly deficient allegations *were in fact sufficient* to make an ADEA claim

under the law. Plaintiff next cited *Hurd v. American Hoist and Derrick Co.*, 734 F. 2d 495, 498 (10th Cir. 1984) for the quoted proposition that Rule 12(e) motions should be granted where the pleadings are "unintelligible" or "leave the opposing party uncertain as to the nature of the claim or defense." The *Hurd* opinion discusses an appeal of an adverse verdict after a jury trial, which is, of course, a very different situation than this instant matter. Further, and more concerning, the undersigned cannot locate within the opinion the quoted language as cited. The *Hurd* opinion has nothing to do with a 12(e) Motion and, in fact, discusses the evidentiary burdens at a jury trial. Plaintiff's cited authority herein is without merit and does not support his argument.

WHEREFORE, based upon the above and foregoing, Defendant City of Bartlesville respectfully requests that Plaintiff's Motion be denied in full as it is without merit.

Respectfully submitted,
*s/ Michael L. Carr*
Michael L. Carr, OBA # 17805
MCAFEE & TAFT A PROFESSIONAL CORP.
Williams Center Tower II
2 West 2nd Street, Suite 1100
Tulsa, Oklahoma 74103
Telephone: (918) 587-0000
Facsimile: (918) 599-9317
Email: mike.carr@mcafeetaft.com

**ATTORNEY FOR DEFENDANT
THE CITY OF BARTLESVILLE, OKLAHOMA**

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of October 2025, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the following ECF registrants:

Gabriel Gideon
   gabrieltgideon@outlook.com
**Attorney for Plaintiff**

*s/ Michael L. Carr*