IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GABRIEL GIDEON,<br><br>    Plaintiff,<br><br>v.<br><br>OFFICER BILLY MCCALL, DISTRICT ATTORNEY WILL DRAKE, CITY OF BARTLESVILLE, OKLAHOMA, and WASHINGTON COUNTY, OKLAHOMA,<br><br>    Defendants. | Case No.: 25-cv-450-JFH |

## **DEFENDANT'S MOTION TO DISMISS AND BRIEF IN SUPPORT**

Defendant, District Attorney William Drake ("DA Drake"), appears in his official capacity, by and through counsel, and pursuant to Federal Rules of Civil Procedure (FRCP) Rule 12(b)(1), (5), and (6), and respectfully moves for dismissal of Plaintiff Gabriel Gideon's Complaint. Doc. 2. In support of this motion, DA Drake states the following.

### SUMMARY OF ARGUMENT

Plaintiff, proceeding *pro se*, brings a total of eleven causes of action against four named defendants. He asserts claims against DA Drake in his official capacity in four of these causes of action, pursuant to 42 U.S.C. § 1983: 1) "Unlawful Seizure" under the Fourth Amendment, 2) "Falsifying Evidence" under the Fourteenth Amendment, 3) "Conspiracy to violate civil rights" under 42 U.S.C. 1985, and 4) "Malicious Prosecution" under the Fourteenth Amendment. Doc. 2, p. 10-11. Plaintiff seeks a total of $660,000 in compensatory and punitive damages, as well as various injunctions and declaratory relief.

*Id.* at p. 12. Regarding the claims against DA Drake, Plaintiff bases each claim on actions Defendant allegedly took in carrying out his official prosecutorial duties and functions as a state official. Indeed, Plaintiff concedes DA Drake was at all times "acting under color of law." *Id*. at ¶¶ 7-10.

Defendant DA Drake is the elected District Attorney of Washington County. *Id*. The Washington County District Attorney's Office is a division of the District Attorney's Council, which is an agency of the State of Oklahoma. *See* 19 O.S. § 215.28. Its officers, including DA Drake, are arms of the State and, as such, are entitled to sovereign immunity. *See Arnold v. McClain*, 926 F.2d 963, 965-966 (10th Cir. 1991). Additionally, DA Drake is not a "person" under 42 U.S.C. § 1983. As a result, the Court lacks subject matter jurisdiction to hear the claims asserted against him. Further, Plaintiff has not properly served DA Drake in his official capacity in compliance with FRCP Rule 4. Plaintiff also seeks relief, punitive and otherwise, that is prohibited under 42 U.S.C. § 1983 and under the Oklahoma Governmental Tort Claims Act, 51 O.S. §§ 151-200. Lastly, Plaintiff's criminal prosecution remains pending in Oklahoma state court, and therefore the Court should abstain from interfering with the ongoing criminal proceedings under the *Younger* abstention doctrine.

## FACTUAL BACKGROUND

The events that led to this suit against DA Drake began with a traffic stop initiated by a Bartlesville Police Officer, Defendant Billy McCall, on August 28, 2023. Doc. 2, ¶ 10. The vehicle was driven by a woman with Plaintiff Gideon in the front passenger seat and a baby in the back seat. *Id*. at ¶¶ 10-11, 18. The driver of the vehicle had no valid Oklahoma

Driver's License or insurance. *Id.* at ¶ 13. When asked, Plaintiff Gideon refused to provide identification to Officer McCall. *Id.* at ¶ 14. Officer McCall removed the driver from the vehicle and questioned her about Plaintiff's identity. *Id.* at ¶ 17. The driver stated that she did not know who Plaintiff was and that they were just traveling together. *Id.* at p. 19 (Pl's Ex. A, Case Report). Officer McCall then asked Plaintiff what his relationship to the driver was and he stated the driver was his girlfriend. *Id.* Officer McCall subsequently placed the driver under arrest for driving without a valid license and insurance and called a wrecker to tow the vehicle. *Id.* at ¶¶ 19-20. Prior to arrival of the tow truck, Officer McCall conducted an inventory of the vehicle contents. *Id.* at ¶¶ 22-23. Officer McCall located a Radical Firearms, RF-15, multicaliber weapon behind the driver's seat and a 30-round magazine inside a backpack in the trunk. *Id.* at p. 20 (Pl's Ex. A). The backpack further contained items which appeared to belong to a male, including men's clothing and cologne. *Id.*

    At this point, Officer McCall called DA Drake for advice. *Id.* at ¶ 26. Based on his training and experience, Officer McCall believed Plaintiff's refusal to provide identification likely meant he had outstanding warrants or convictions. *Id.* at p. 20 (Pl's Ex. A). DA Drake stated he wanted to get another opinion and would call back. *Id.* at ¶¶ 26, 30. DA Drake called back a short time later and advised McCall that Plaintiff would be obstructing an officer if he would not identify himself. *Id.* at ¶¶ 29, 35. Officer McCall then instructed Plaintiff that he would be arrested for obstruction if he did not identify himself, but Plaintiff continued to refuse, asking questions instead. *Id.* at p. 20 (Pl's Ex. A). Plaintiff was ultimately arrested and taken to jail. *Id.* at ¶ 29, p. 20 (Pl's Ex. A). After booking,

officers were able to verify Plaintiff's identity and found that he was a convicted felon out of California. *Id.* at p. 20 (Pl's Ex. A). A charge of Possession of a Firearm after former conviction of a felony was added. *Id.* at p. 21 (Pl's Ex. A).

Plaintiff's state criminal prosecution is still pending in Washington County, Oklahoma, and there is currently an outstanding warrant for Plaintiff's arrest due to a failure to appear on October 06, 2023.[1]

## STANDARD FOR DISMISSAL

A complaint should be dismissed for failure to state a claim upon which relief can be granted when "it appears that the plaintiff can prove no set of facts in support of the claims that would entitle him to relief, accepting the well-pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quoting *Yoder v. Honeywell, Inc.*, 104 F.3d 1215, 1224 (10th Cir. 1997)). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs*, 336 F.3d at 1201 (quoting *Sutton v. Utah State School for the Deaf & Blind*, 173 F.3d 1226 (10th Cir. 1999)).

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint

---

[1] Courts may take judicial notice of facts which are a matter of public record. *Tal v. Hogan*, 453 F.3d 1244, 1264 n. 24 (10th Cir. 2006). The on-going criminal case is public record, available through the OSCN website. *See State of Oklahoma v. Gabriel Gideon*, Washington County District Court Case No. CF-2023-230, accessible at https://www.oscn.net/dockets/GetCaseInformation.aspx?db=washington&number=CF-2023-00230&cmid=9932961.

for "lack of jurisdiction over the subject matter." "[A]n assertion of Eleventh Amendment immunity concerns the subject matter jurisdiction of the district court." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180-81 (10th Cir. 2002) (finding that because the state had not waived its Eleventh Amendment immunity, the federal "district court lacked subject matter jurisdiction over . . . [the plaintiff's] § 1983 claim with respect to . . . [the state official], named in her 'official capacity.'"). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v. Keller*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso v. Utah Power and Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974); *Eagle Air Med Corp. v. Martin*, No. CIV.A. 08-CV-00532LT, 2009 WL 651800 (D. Colo. Mar. 12, 2009) *aff'd*, 377 F. App'x 823 (10th Cir. 2010).

## ARGUMENT AND AUTHORITY

### PROPOSITION I: PLAINTIFF HAS FAILED TO SERVE DA DRAKE IN COMPLIANCE WITH FRCP RULE 4.

Plaintiff has not properly served DA Drake in his official capacity.[2] Service of process must be accomplished in compliance with FRCP Rule 4. It is Plaintiff's burden to establish the validity of the service of process. *See FDIC v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992); *Housing Auth. of City of Atlanta, Georgia v. Millwood*, 472 F.2d 268, 272 (5th Cir. 1973) ("Under [Rule] 12(b) there is no longer any necessity for appearing

---

[2] Plaintiff is suing DA Drake in both his individual and official capacities. Doc. 2, p. 1. At the time of this filing, there has been no attempt of service on DA Drake in his individual capacity. *See* Exhibit 1.

5

specially to protest the court's jurisdiction or question the sufficiency of process or service of process. All such objections are assertable in an answer or motion to dismiss pursuant to Rule 12(b).").

Rule 12(b)(5) motions challenge the mode or lack of delivery of a summons and complaint. *Oltremari v. Kansas Social & Rehab. Serv.,* 871 F. Supp. 1331(D.Kan. 1994). "Objections to the sufficiency of process 'must be specific and must point out in what manner the plaintiff has failed to satisfy the service provision utilized.'" *O'Brien v. R.J. O'Brien & Assocs.*, 918 F.2d 1394, 1400 (7th Cir. 1993) (citation omitted). DA Drake sued in his official capacity must be served in compliance with FRCP Rule 4(j) since suing him officially is the same as suing the State itself. *See Hafer v. Melo*, 502 U.S. 21, 30-31, (1991). Rule 4(j) describes the manner and method for serving a State government. That subsection provides in relevant part:

(j)   Serving a Foreign, State, or Local Government.

    (1) Foreign State. A foreign state or its political subdivision, agency, or instrumentality must be served in accordance with 28 U.S.C. § 1608.

    (2) State or Local Government. A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:

        (A) delivering a copy of the summons and of the complaint to its chief executive officer; or

        (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

In this case, Plaintiff attempted service of the summons and complaint on DA Drake in his official capacity by mailing a copy of the Complaint and Summons by U.S. Postal certified mail to the Washington District Attorney's Office. *Def's Ex.* 1, Affidavit of

William Drake. As of the date of this filing, Plaintiff has not filed a return of service to indicate who sent the mailing or a date of service. Further, there has been no "deliver[y] ... of the summons and ... complaint to [the] chief executive officer" of his agency in compliance with Rule 4(j). *Id*. "Delivering" under Rule 4(j) means personal service to an individual. *Punchard v. State of New Mexico*, 69 F.3d 548 (10th Cir. 1995) (citing *Norlock v. City of Garland,* 768 F.2d 654, 656 (5th Cir. 1985) and *Cambridge Mut. Fire Ins. Co. v. City of Claxton*, 720 F.2d 1230, 1232 (11th Cir. 1983)); *see also Oltremari v. Kan. Soc. & Rehab. Serv.*, 871 F.Supp. 1331, 1353 (D.Kan. 1994); *Linares v. City of White Plains*, 773 F.Supp. 559, 564-65 (S.D.N.Y.1991). Rule 4(j)(2) does not identify any individual who is authorized to accept service on behalf of a governmental organization other than the "chief executive officer." "When the statute designates a particular officer to whom process must be delivered and with whom it may be left, . . . no other officer or person can be substituted in [his] place. The designation of one particular officer upon whom service may be made excludes all others." *Knight v. Kansas*, No. 89–2392–O, Not Reported in F.Supp., 1990 WL 154206, at *2 (D.Kan. Sept. 6, 1990) (quoting *Amy v. City of Watertown*, 130 U.S. 301, 316–17 (1889)); *see Oltremari v. Kansas Social & Rehab. Serv.*, 871 F.Supp. 1331, 1353 (D.Kan. 1994) ("Requiring personal service upon the chief executive officer of a state agency assures that the person in charge of the agency receives the service of process . . .. [A]ctual notice of the suit does not confer personal jurisdiction over the defendant.").

"Personal service under [Fed.R.Civ.P.] Rule 4 serves two purposes: notifying a defendant of the commencement of an action against him and providing a ritual that marks the court's assertion of jurisdiction over the lawsuit. Rule 4 service of process provides the

7

mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served." O*klahoma Radio Assocs. v. FDIC*, 969 F.2d 940, 943 (10th Cir. 1992).

Likewise, Plaintiff's service of process does not comply with Oklahoma state law. 12 O.S. § 2004(C)(1)(c)(5) provides that service on the State of Oklahoma shall be made "by delivering a copy of the summons and the petition to the officer or individual designated by specific statute; however, if there is no statute, then upon the chief executive officer or a clerk, secretary, or other official whose duty it is to maintain the official records of the organization." According to Oklahoma law, when suing the State

> "service shall be perfected by mailing, by certified mail, return receipt requested, a summons and a copy of the petition to the Attorney General. Claimant shall also mail, by certified mail, return receipt requested, a copy of the summons and a copy of the petition to the administrative head of the state agency or agencies involved and a copy of the summons and a copy of the petition to the Risk Management Administrator of the Purchasing Division of the Office of Public Affairs." 51 O.S. § 163(E).

While the Washington County District Attorney's Office received a Complaint and Summons by certified mail, Oklahoma law requires that it be directed to the Attorney General and Risk Management Administrator. Therefore, since the Plaintiff has failed to comply with FRCP Rule 4 and accomplish proper service of process upon DA Drake in his official capacity, this Court must dismiss this lawsuit pursuant to FRCP Rule 12(b)(5) and Rule 4.

## PROPOSITION II: PLAINTIFF'S CLAIMS ARE BARRED BY THE ELEVENTH AMENDMENT AND SOVERIGN IMMUNITY.

Defendant DA Drake in his official capacity is entitled to sovereign immunity and the claims against him must be dismissed pursuant to the Eleventh Amendment because he is a state official and considered an arm of the state. *Arnold v. McClain*, 926 F.2d 963, 966 (10th Cir. 1991). This Court recognizes the question of whether state defendants are entitled to Eleventh Amendment immunity "is a threshold one addressed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure." *Carter v. Littlefied*, Case No. 20-cv-365-JFH-JFJ, 2023 WL 3486970 at *2 (N.D. Okla. May 16, 2023). The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. AMEND XI. The Eleventh Amendment bars suit in federal court against a state. *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001).

When a state official is named as a defendant, the Eleventh Amendment continues to bar the action "if the state is the real, substantial party in interest." *Frazier v. Simmons*, 254 F.3d 1247, 1253 (10th Cir. 2001); *see also Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (explaining a suit against a person in his or her official capacity is, in fact, a suit against the entity itself). Eleventh Amendment immunity also extends to "arms of the states." *Northern Ins. Co. of New York v. Chatham Cnty.*, 547 U.S. 189, 193 (2006); *see also Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) ("The Eleventh Amendment is a jurisdictional bar that precludes unconsented suits in federal court against

9

a state and arms of the state."). Under Oklahoma law, a district attorney in his official capacity is an arm of the State of Oklahoma. *Arnold v. McClain*, 926 F.2d 963, 965-66 (10th Cir. 1991) (affirming dismissal of official capacity claims against Creek County District Attorney as an arm of the state of Oklahoma); *White v. Okla. ex rel. Tulsa Cty. Off. of Dist. Att'y*, 250 F. Supp. 2d 1319, 1323 (N.D. Okla. 2002) (same – dismissing official capacity claims against Tulsa County District Attorney because he is an arm of the state).

There are two exceptions to Eleventh Amendment immunity: (1) if the State unmistakenly waives its immunity or (2) if Congress unmistakenly abrogates the State's immunity by statute. *Derrick v. Ward*, 91 Fed. Appx. 57 (10th Cir. 2004) (unpublished). If an exception is not present, the Eleventh Amendment provides immunity to state officials. *Williams v. Gordon*, No. 24-8067, 2025 WL 1637732, at *2 (10th Cir., June 10, 2025) (citing *Callahan v. Poppell*, 471 F.3d 1155, 1158-59 (10th Cir. 2006)).

Neither of these exceptions applies here. First, Oklahoma has not waived its Eleventh Amendment immunity and instead has specifically adopted sovereign immunity and reserved all rights available under the Eleventh Amendment. *See* 51 O.S. § 152.1(A)-(B). Second, Congress has not abrogated Oklahoma's sovereign immunity by statute with respect to the claims asserted against DA Drake — here, all pursuant to 42 U.S.C. §§ 1983 and 1985. *See, e.g.*, *Patillo v. Larned State Hosp.*, 462 Fed. App'x 780, 783 (10th Cir. 2012) (affirming dismissal of claims against state entities because immunity "had not been abrogated or waived in connection with §§ 1981, 1983, 1985, or 1986"); *Derrick*, 91 Fed. Appx. at 60 (same for claims under § 1983). For purposes of Section 1983, an action may be brought against "every person" acting under color of law, but neither a

10

state, its agencies, nor its officials are considered "persons." *Lapides v. Bd. of Regents*, 535 U.S. 613, 122 S.Ct. 1640 (2002); *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 64 (1989); *Stidman v. Peace Officers Standards & Training*, 265 F.3d 1144, 1156 (10th Cir. 2003) (neither the state nor its officials in their official capacities are persons under Section 1983).

A district attorney in his official capacity is an arm of the State of Oklahoma. *See Arnold v. McClain*, 926 F.2d 963, 965-966 (10th Cir. 1991); *White*, 250 F. Supp. 2d at 1323. Plaintiff specifically asserts that DA Drake is sued in his official capacity. Doc. 2, p. 1. It is inconsequential to determine if Plaintiff's alleged constitutional violations have merit because the Court lacks jurisdiction pursuant to Eleventh Amendment immunity. Further, Plaintiff has asserted a Section 1983 claim, therefore this Court must dismiss Plaintiff's claims against DA Drake in his official capacity because DA Drake is not a "person" under Section 1983.

**PROPOSITION III: *YOUNGER* ABSENTENTION BARS PLAINTIFF'S CLAIMS REGARDING HIS PENDING CRIMINAL PROSECUTION.**

"Federal courts are generally prohibited from interfering with ongoing state criminal prosecutions." *Haff v. Firman*, 646 Fed. Appx. 604, 606 (10th Cir. 2016) (citing *Younger v. Harris*, 401 U.S. 37, 53-54, 91 S.Ct. 746 (1971); *see also Fisher v. Whetsel*, 142 F. App'x 337, 338 (10th Cir. 2005) (explaining "it has long been the policy of the federal courts to not interfere with pending state criminal prosecutions, except in narrow circumstances"). *Younger* abstention applies when: "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an

adequate opportunity to present the federal constitutional challenges." *Haff*, 646 Fed. Appx. at 606 (quoting *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). If these three conditions are met, "abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Fisher*, 142 F. App'x at 338 (citing *Seneca-Cayuga of Okla. v. Okla. ex. rel. Thompson*, 874 F.2d 709, 711 (10th Cir. 1989)).

Plaintiff cannot overcome any of these three conditions. First, Plaintiff's state criminal prosecution is ongoing, and as of the time of this filing, he has an outstanding warrant for his arrest for a failure to appear. *See supra* note 1. All of the claims asserted in this federal lawsuit arise from the pending criminal case in Washington County District Court. *Id.* Second, the Tenth Circuit recognizes "Oklahoma's important interest in enforcing its criminal laws through proceedings in its state courts remains axiomatic." *Fisher*, 142 F. App'x at 339. Third, Washington County District Court has yet to impose a judgment or sentence upon Plaintiff related to these criminal charges. Therefore, Plaintiff will have adequate opportunity, in his defense and at his jury trial, to present constitutional challenges regarding DA Drake if he so chooses. With each condition met, the Court must abstain from interfering with the ongoing state criminal proceeding. Likewise, Plaintiff's claims for any declaratory or injunctive relief must be dismissed because Plaintiff has not met the requirements under *Ex Parte Young*. 209 U.S. 123 (1908).

**PROPOSITION IV: DEFENDANT IS EXEMPT FROM LIABILITY FOR PUNITIVE DAMAGES & THE CLAIMS ASSERTED.**

Plaintiff alleges he is entitled to punitive damages in an unspecified amount. Doc. 2, ¶ 72. Under the Oklahoma Governmental Tort Claims Act ("GTCA"), however, "[n]o

award for damages in an action or any claim against the state or a political subdivision shall include punitive or exemplary damages." 51 O.S. § 154(C). Additionally, to the extent Plaintiff seeks money damages for torts against this Defendant, under the GTCA, a state or political subdivision shall not be liable for any claims that result from 1) a judicial, quasi-judicial, or prosecutorial functions, 2) execution or enforcement of lawful orders, and 3) adoption or enforcement of or failure to adopt or enforce a law, whether valid or legal or invalid. *See* 51 O.S. § 155 (2)(3)(4). Therefore, DA Drake is exempt from liability in these ways, and the claims must be dismissed.

## CONCLUSION

For the reasons articulated above, Defendant respectfully requests this Court grant his Motion to Dismiss.

Respectfully submitted,

*/s Tabitha Haney*
**TABITHA HANEY, OBA#35626**
**KEVIN MCCLURE, OBA#12767**
Assistant Attorneys General
OKLAHOMA ATTORNEY GENERAL'S OFFICE
313 NE 21st Street
Oklahoma City, OK 73105
Telephone: (405) 521-3921
Facsimile: (405) 521-4518
Tabitha.Haney@oag.ok.gov
Kevin.McClure@oag.ok.gov
*Attorneys for Defendant District Attorney Will Drake, in his official capacity*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of November 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing. I further certify that a true and correct copy of the foregoing document was sent via U.S. Mail to the following, who is not an ECF participant.

Gabriel Gideon
520 N. Quincy St.
Fredonia, KS 66736

                                              /s Tabitha Haney
                                              Tabitha Haney