# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GABRIEL GIDEON, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.:25-cv-00450 |
| ) | |
| BILLY MCCALL, et al ) | |
| Defendants, ) | |

# REPLY IN SUPPORT OF MOTION FOR MORE DEFINITE STATEMENT

## Introduction

Plaintiff replies to the City's Opposition to the Motion for a More Clarified Statement, or 12(e), which confirms the very ambiguity the Motion for a More Definite Statement seeks to remedy.

First, before addressing the 12(e), Defendants City, and also County, have failed to file any Rule 7.1 Disclosure Statements as ordered by the Court, nor have they filed any motions to propose reasoning for their failure to do so within the allocated time by this briefing schedule. Among many other actions that Plaintiff will fully explore in a forthcoming filing, these are Rule 37 sanctionable actions by both defendant parties.

The City's reliance on the cliché that an exhibit "speaks for itself" is a tacit admission that it refuses to take a substantive position on the facts most critical to this case. This evasion violates the purpose of pleading under the Federal Rules. First the assertion was that the Defense reserved probable cause to arrest "may have existed", but now "the report speaks for itself". How is the Court or Plaintiff supposed to interpret that?

## Argument

1. The City's Answer to the original Complaint is a responsive pleading required to "admit or deny the allegations." Fed. R. Civ. P. 8(b). By stating that the police report "speaks for itself," the City attempts to outsource its pleading obligations to an exhibit. This is improper. The Court and Plaintiff are entitled to know which specific facts within the report the City admits and which it denies. For example:

Does the City admit or deny that Officer McCall stated he had "nothing on" Plaintiff to Defendant Drake? Does the City admit that McCall's stated reason for the vehicle search was to find identification for the passenger? The City's current Answer leaves these fundamental questions unanswered, making it impossible for Plaintiff to frame discovery and prepare for trial.

The City's plea of ignorance is a demonstrable fiction. An email chain between its own clerk and the District Attorney's office, which Plaintiff has attached to this filing,

proves the City is the active repository of the very evidence these allegations are based on. For the City to claim it lacks sufficient knowledge to admit or deny the events documented by its own police department's body-worn cameras and official reports is the height of bad faith and violates its duty under Rule 11(b) to make a reasonable inquiry into the facts.Stating that McCall is no need longer employed there

A. Does not absolve the City of responsibility for its employees,

B. Does not dissolve the City liabilities for failure to train its employees,

C. Does not resolve the issue of good faith in carrying out the arrest of the Plaintiff,

D. Does nothing to alleviate concerns of actions taken by McCall or associated persons after the fact,

In short, McCall not being an employee or being represented by the City is yet another red herring, intended to distract from the untenable position the Defendants find themselves in. Whether he is represented by the City or not, or is a separate Defendant who will answer for his own actions is wholly irrelevant. The City was and is responsible for the conduct, policies, and customs of its department which employed him at the time of the event.

2. The "Speaks for Itself" doctrine is inapplicable. This phrase is properly used in the context of evidence at trial (e.g., a video's contents are what they are), not as a substitute for pleading in response to a complaint. By incorporating the report by reference only to say it "speaks for itself," the City creates the logical absurdity of having

"neither admitted nor denied" an allegation while simultaneously placing the evidence for that allegation directly into the record. This is the definition of an "evasive" response that Rule 12(e) is designed to correct.

The leading case in the Tenth Circuit in this scope is *S.E.C. v. Goldstone, 952 F. Supp. 2d 1060, 1218 (D.N.M. 2013)*. The court held:

"The practice of incorporating paragraphs by reference and then stating that the document 'speaks for itself' is 'meaningless verbiage' that 'does not constitute a specific denial of the substance of the alleged statements.' ... The practice of responding that a document 'speaks for itself' is not a proper response under Rule 8(b)." (Internal citations omitted).

3. The City's Answer pleads a lack of knowledge to form a belief about the truth of the allegations, yet its opposition brief implicitly relies on the truth of the report's contents to justify its "speaks for itself" defense.

The City cannot have it both ways. Its refusal to answer plainly forces Plaintiff to guess at its defenses, causing profound prejudice to the efficient litigation of this case.

4. Defendants' Opposition to Plaintiff's Rule 12(e) Motion is procedurally nonsensical. Defendants filed an Answer. By doing so, they waived their right to file a pre-answer motion to dismiss under Rule 12(b). See FRCP 12(b). Their argument that

their Answer—which itself contains a request for dismissal—somehow constitutes a pleading that precludes a 12(e) motion is logically circular and legally baseless.

A Rule 12(e) motion exists precisely for situations like this: where a pleading (here, an Answer) is 'so vague or ambiguous that the party cannot reasonably prepare a response.' Defendants' blanket denials and assertions of 'lack of knowledge' to facts plainly within their control (like the contents of their own police reports and the employment status of their own officer) make their pleading the definition of 'vague and ambiguous.'

## Conclusion

The City's Opposition provides no valid legal reason for its failure to answer straightforward factual allegations supported by its own document, and contradicts the other defenses in the case. Plaintiff respectfully requests that the Court grant the Motion for a More Definite Statement and order the City to file an Amended Answer that admits or denies the allegations in Paragraphs 10-58 of the Complaint, as required by Rule 8.

The Court should reject Defendants' attempt to hide a waived Motion to Dismiss within a vague Answer. Plaintiff is entitled to a definite statement of what facts Defendants actually dispute so that discovery can be properly framed. Granting the 12(e) motion and requiring a more definite statement is the procedurally correct next step.

Respectfully submitted,

_____
Gabriel Gideon

520 N Quincy St,

Fredonia, KS 66736

(620) 870-8675



Reyna Robinson <reynarobinson17@gmail.com>

# FW: Reyna Robinson BPD 23-56511
5 messages

**Sayles, Victoria** <Victoria.Sayles@dac.state.ok.us>  Mon, Jun 2, 2025 at 4:17 PM
To: "reynarobinson17@gmail.com" <reynarobinson17@gmail.com>
Cc: "Gullett, Zoe" <Zoe.Gullett@dac.state.ok.us>

Zoe - Flashdrive have already been picked up - by carbon copy I am forwarding these documents (attached) to Ms. Robinson.

Ms. Robinson – upon receipt please reply "Received"

**From:** Gullett, Zoe <Zoe.Gullett@dac.state.ok.us>
**Sent:** Monday, June 2, 2025 2:52 PM
**To:** Sayles, Victoria <Victoria.Sayles@dac.state.ok.us>
**Subject:** FW: Reyna Robinson BPD 23-56511

Please attach these to the flashdrive Ms. Robinson has requested. I know you already sent her the paper discovery but this is also the call log as well.

Zoe E. Gullett

Assistant District Attorney

Washington County District Attorney's Office

420 S. Johnstone Rm. 222

Bartlesville, OK 74003

918-337-2860 (Office)

918-337-2896 (Fax)

**From:** Rachel K. Cosby <rkcosby@cityofbartlesville.org>
**Sent:** Tuesday, May 27, 2025 3:25 PM
**To:** Gullett, Zoe <Zoe.Gullett@dac.state.ok.us>
**Subject:** RE: Reyna Robinson BPD 23-56511

Attached is the report & call log. I've got the body cam & dash cam on a flash drive for you, I'll bring it over in the morning. I did not locate any photos or other documents.

**Rachel Cosby**

**Administrative Assistant – Records Division**

**Bartlesville Police Department**

**615 S. Johnstone Ave**

**Bartlesville, OK 74003**

**P: 918-338-4023**

**F: 918-338-4043**



**From:** Gullett, Zoe <Zoe.Gullett@dac.state.ok.us>
**Sent:** Tuesday, May 27, 2025 1:08 PM
**To:** Rachel K. Cosby <rkcosby@cityofbartlesville.org>
**Subject:** RE: Reyna Robinson BPD 23-56511

CAUTION: External Source. THINK BEFORE YOU CLICK!

Yes that would be the date of her arrest – we must have written the case number in wrong in Justware

Zoe E. Gullett

Assistant District Attorney

Washington County District Attorney's Office

420 S. Johnstone Rm. 222

Bartlesville, OK 74003

918-337-2860 (Office)

918-337-2896 (Fax)

---

**From:** Rachel K. Cosby <rkcosby@cityofbartlesville.org>
**Sent:** Tuesday, May 27, 2025 1:06 PM
**To:** Gullett, Zoe <Zoe.Gullett@dac.state.ok.us>
**Subject:** RE: Reyna Robinson BPD 23-56511

> This message has originated from an **External Source**. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email. Please forward to ITSupport@dac.state.ok.us if you believe this e-mail to be suspicious.

Is this going to be for her arrest on 8/28/23? The case # we have is 23-29156. I'm not finding anything under 23-56511.

**Rachel Cosby**

**Administrative Assistant – Records Division**

**Bartlesville Police Department**

**615 S. Johnstone Ave**

**Bartlesville, OK 74003**

**P: 918-338-4023**

**F: 918-338-4043**



**From:** Gullett, Zoe <Zoe.Gullett@dac.state.ok.us>
**Sent:** Tuesday, May 27, 2025 12:02 PM
**To:** Rachel K. Cosby <rkcosby@cityofbartlesville.org>
**Subject:** Reyna Robinson BPD 23-56511

CAUTION: External Source. THINK BEFORE YOU CLICK!

Rachel,

Can you please provide me with all reports/videos (body cam and dash cam if they exist) and any photographs and possible logs filed out on the night Ms. Robinson was arrested.

Also could the videos please come over on a flash drive my computer is not allowing me to download anything at the moment.

Thank you,

Zoe E. Gullett

Assistant District Attorney

Washington County District Attorney's Office

420 S. Johnstone Rm. 222

Bartlesville, OK 74003

918-337-2860 (Office)

918-337-2896 (Fax)

---

**2 attachments**


**23-29156 Robinson.pdf**
316K


**23-29156 Call Log Robinson.pdf**
143K

---

**Reyna Robinson** <reynarobinson17@gmail.com>                                    Tue, Jun 3, 2025 at 12:24 PM
To: "Sayles, Victoria" <Victoria.Sayles@dac.state.ok.us>

I have received the documents. Again, please confirm for me that the paper discovery sent via email and the thumb drive is the totality of the documents you have in your possession? I want to make sure we have everything before proceeding.

[Quoted text hidden]

---

**Sayles, Victoria** <Victoria.Sayles@dac.state.ok.us>                             Tue, Jun 3, 2025 at 1:17 PM
To: "Gullett, Zoe" <Zoe.Gullett@dac.state.ok.us>, "reynarobinson17@gmail.com" <reynarobinson17@gmail.com>

When sending emails please include Assistant District Attorney, Zoe Gullett, she is the Assistant District Attorney handling this case.  Thank you.

[Quoted text hidden]

---

**Reyna Robinson** <reynarobinson17@gmail.com>                                    Tue, Jun 3, 2025 at 2:01 PM
To: "Sayles, Victoria" <Victoria.Sayles@dac.state.ok.us>, "Gullett, Zoe" <Zoe.Gullett@dac.state.ok.us>

I have included her now, although I will mention that you were the person I was told was handling discovery in the case explicitly. With that said, I want to clarify that the question is still directed at you specifically. Is this all of the discovery, both paper and digital, that are in the possession of your office in the relevant case? I just want to clarify that you have provided me with everything in your office's possession before making any further motions. Thank you.

[Quoted text hidden]

---

**Sayles, Victoria** <Victoria.Sayles@dac.state.ok.us>                             Tue, Jun 3, 2025 at 4:01 PM
To: Reyna Robinson <reynarobinson17@gmail.com>, "Gullett, Zoe" <Zoe.Gullett@dac.state.ok.us>

Yes – what you have is everything that we were provided from the agency.  If you have further questions, please advise.