# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GABRIEL GIDEON,<br>Plaintiff, | )<br>)<br>) |
| v. | ) Case No.:25-cv-00450<br>) |
| BILLY MCCALL, et al<br>Defendants, | )<br>)<br>) |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Comes now, the Plaintiff in the instant case, respectfully submits this supplemental authority concerning the arguments made by the State as to 11th Amendment immunity. The State's conduct falls squarely within the "Stigma-Plus" exception to the 11th Amendment.

## ARGUMENT

The Plaintiff's claim for damages arising from the knowingly false "felon in possession" charge is not barred by the Eleventh Amendment. This claim is a classic "stigma-plus" violation of the Due Process Clause, for which Congress validly abrogated state sovereign immunity under Section 1983.

1. The "Stigma"

The State of Oklahoma, through its agent the Washington County District

Attorney's Office, formally and publicly accused Plaintiff Gideon of being a convicted felon in possession of a firearm. This accusation is inherently damaging, holding him up to public scorn and inflicting a "badge of infamy" that severely impairs his reputation and future opportunities.

2. The "Plus"

This defamatory charge was not made in a vacuum. It was filed contemporaneously with, and as a direct justification for, the Plaintiff's continued pretrial detention and the bonds imposed upon him. The "plus" is the direct deprivation of his liberty—the seizure of his person—that was effected through the legal process initiated by the defamatory charge.

3. The State's Knowledge Renders the Violation Egregious.

Critically, the "stigma" here was knowingly false. As the email correspondence with ADA Threadgill confirms, the State was put on formal notice of the Plaintiff's vacated conviction and took no meaningful steps to verify the charge before pursuing it. The act of initiating and maintaining a prosecution based on a known falsehood transforms error into a deliberate deprivation of due process.

4. Sovereign Immunity is Abrogated for this Specific Violation.

In enacting Section 1983 to enforce the Fourteenth Amendment, Congress intended to provide a damages remedy for precisely this kind of egregious official

behavior. The Supreme Court has consistently held that a "stigma-plus" claim is a direct violation of the Due Process Clause for which states are not immune. See Paul v. Davis, 424 U.S. 693 (1976); Siegert v. Gilley, 500 U.S. 226 (1991).

We can distinguish *Paul* with the instant case as well. In Paul, the "plus" was the *pre-existing* fact of the arrest. The defamation (the flyer) was a separate, subsequent act that simply publicized an official act (the arrest) that had already occurred. The Court found no constitutional violation because the flyer did not itself alter the plaintiff's legal status; it just damaged his reputation. This case is fundamentally different. The defamation was not a subsequent publication; it was the very instrument used to effect the deprivation of liberty in that same occurrence.

## CONCLUSION

The State of Oklahoma is not immune from a suit for damages stemming from its decision to publicly brand the Plaintiff a felon and use that knowing falsehood to deprive him of his liberty for more than two years. This is not a claim for which the State can hide behind sovereign immunity.

RESPECTFULLY SUBMITTED,

*[signature]*
_____
Gabriel Gideon, *Pro Se Plaintiff*
520 N Quincy St., Fredonia, KS 66736
Tel: (620) 870-8675 Email: gabrieltgideon@outlook.com