**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA**

GABRIEL GIDEON,

Plaintiff,

v.

OFFICER BILLY MCCALL, DISTRICT ATTORNEY WILL DRAKE, CITY OF BARTLESVILLE, OKLAHOMA, and WASHINGTON COUNTY, OKLAHOMA,

Defendants.

**Case No.: 25-cv-450-JFH-JFJ**

**DEFENDANT WILLIAM DRAKE'S REPLY TO PLAINTIFF'S OBJECTION AND BRIEF IN SUPPORT**

Defendant, State of Oklahoma, *ex. rel.*, District Attorney William Drake ("DA Drake"), sued his officially capacity, hereby submits his Reply to Plaintiffs' Objection [Doc. 44] to this Defendants' Motion to Dismiss [Doc. 43] ("Motion"). In support thereof, Defendant states the following:

## ARGUMENT

**PROPOSTION I: PLAINTIFF HAS FAILED TO SERVE DA DRAKE IN HIS INDIVIDUAL AND/OR OFFICIAL CAPACITIES.**

Plaintiff's Objection to Defendant's Motion presents a series of misunderstandings of the law that necessitate this Reply. The first of which is Plaintiff's attempts to circumvent the requirements of the Federal Rules of Civil Procedure ("FRCP") 4(c) & (e) and the Oklahoma pleading code, 12 O.S. 2004(C)(2). Plaintiff incorrectly claims that DA Drake was properly served in his individual capacity and this Court now has jurisdiction over all claims asserted against him. Doc. 44, p. 5. Under FRCP 4(e), an individual can be served

by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Plaintiff does not assert he attempted to comply with FRCP and instead, cites 12 O.S. 2004(C)(2)(b) in support of his claims that Oklahoma law allows for service upon an individual by certified mail. *Id.* Indeed, Plaintiff concedes that service by certified mail must be restricted to the addressee. *Id.* The Tenth Circuit has also concluded "that the Oklahoma Supreme Court would hold that a plaintiff fails to substantially comply with a service statute specifying who is authorized to accept or refuse service on behalf of the defendant, when service is accepted or refused by an unauthorized person." *Hukill v. Oklahoma Native Am. Domestic Violence Coal.,* 542 F.3d 794, 799 (10th Cir. 2008). As shown in DA Drake's Motion, a receptionist at the Washington County District Attorney's Office signed the certified mail return, who Defendant did not authorize to accept service on his behalf. Doc. 43, exhibit 1. This clearly negates Plaintiff's claims that he complied with Oklahoma service of process laws, as the mail could not have been restricted to the addressee only but signed for by another person. Additionally, FRCP Rule 4(c)(2) states that service can only be accomplished by "[a]ny person who is at least 18 years old and not a party" to the lawsuit. *See also*, *Constien v. U.S.*, 628 F.3d 1207, 1213 (10th Cir. 2010) (a court does not have personal jurisdiction over a defendant unless they are properly served because "[e]ven when service is effected by use of the mail, only a nonparty can place the summons and complaint in the mail."). "There is no exception for this rule for service effectuated via mail or when the Plaintiff is *pro se*." *Constien,* 628 F.3d at 1213; *Reading v. United States*, 506 F.Supp.2d 13, 19 (D.D.C. 2007) (finding that Rule 4 does not allow

a *pro se* plaintiff to effectuate service by certified mail himself). Plaintiff concedes "the Plaintiff complied with this provision by sending the Summons and Complaint via U.S. Postal Service certified mail." Doc. 44, p. 5. Therefore, the fact that Plaintiff mailed the summons and complaint is fatal to his claim of proper service.

Plaintiff's argument also fails because "a defendant's regular place of business is not the same as his dwelling house or usual place of abode." *See Graff v. Kelly,* 1991 OK 71, ¶ 12, 814 P.2d 489, 493. Title 12 O.S. 2004(C)(2)(c) requires "acceptance or refusal of service by mail by a person who is fifteen (15) years of age or older who resides at the defendant's dwelling house or usual place of abode . . .". Long standing Oklahoma case precedence holds that leaving a copy of a summons and complaint at a defendant's usual place of business is wholly insufficient to confer jurisdiction over the person where the statute clearly provides for service at a "usual place of residence with some member of his family over 15 years of age." *Graff*, 1991 OK at ¶ 12, 814 P.2d at 493 (*citing Cohen v. Cochran Grocery Co.,* 70 Okla. 168, 173 P. 642 (1918)). Further, "actual notice cannot by itself be sufficient to establish in personam jurisdiction, otherwise there would be no provision for challenging the mode of delivery or the lack of delivery of the summons and petition under 12 O.S. §2012(B)(5)." *Id.* at 492. As Plaintiff's attempt at individual service was 1) accepted by an unauthorized person, 2) mailed by a party to the litigation, and 3) mailed to a location which was not DA Drake's residence or usual place of abode, service upon DA Drake in his individual capacity is not in compliance with state or federal law despite any claims of actual notice of the suit.

As to Plaintiff's claims that any improper service of DA Drake in his official

capacity is cured due to the State of Oklahoma having appeared in the pending litigation, there is no statutory or case law precedence given in support of such a broad assertion and actual notice is not enough to establish jurisdiction. Further, the burden of establishing validity of service is on the plaintiff. *Salazar v. City of Albuquerque*, 278 F.R.D. 623, 626 (D.N.M. 2011) (citing *F.D.I.C. v. Oaklawn Apartments,* 959 F.2d 170, 174 (10th Cir.1992)). Despite this, DA Drake asserts that a special appearance to object to service of process and move for dismissal does not waive an objection to improper service. *Harkness v. Hyde*, 98 U.S. 476, 479 (1878). Plaintiff has failed to meet his burden of establishing proper service, and as such, service on DA Drake in his official or individual capacity is not in compliance with state or federal law.

**PROPOSITION II: PLAINTIFF DOES NOT MEET AN EXCEPTION UNDER *EX PARTE YOUNG***

Plaintiff concedes that he is seeking no monetary damages against DA Drake in his official capacity, only injunctive relief. Doc. 44, p. 10. Specifically, Plaintiff is now requesting injunctive relief to intervene in an ongoing state prosecution. *Id.* at p. 11. This injunctive relief was not pled in Plaintiff's Complaint, nor the additional facts Plaintiff alleges to support this type of relief. *See* Doc. 2, p. 11-12. Plaintiff cannot amend or add to his allegations through his Objection, and the Court should not allow it here. *See* Fed. R. Civ. P. 7(b); *Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty.,* 771 F.3d 697, 706 (10th Cir. 2014) ("We have recognized the importance of Fed. R. Civ. P. 7(b) and have held that normally a court need not grant leave to amend when a party fails to file a formal motion.") (quoting Calderon v. Kan. Dep't of Soc. & Rehab Servs., 181 F.3d 1180, 1186 (10th Cir.

1999)). *See also Earles v. Cleveland*, 418 F. Supp. 3d 879, 892 n.3 (W.D. Okla. 2019), aff'd, 825 F. App'x 544 (10th Cir. 2020) (unpublished) (disregarding factual allegations in the plaintiff's response brief that were beyond the scope of her complaint because a plaintiff may not effectively amend a complaint by alleging new facts in a response to a motion to dismiss). Plaintiff's additional requests for relief and facts should be disregarded as they were not alleged in his Complaint.

Additionally, Plaintiff cannot maintain a § 1983 action for declaratory or injunctive relief unless he can demonstrate a good chance of being injured in the future. *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991). "[A] declaratory judgment plaintiff must present the court with a suit based on an 'actual controversy,' …. [But] even where a constitutionally cognizable controversy exists … district courts 'may'—not 'must'—make a declaration on the merits of that controversy."*Surefoot LC v. Sure Foot Corp.*, 531 F.3d 1236, 1240 (10th Cir. 2008). "[P]ast exposure to illegal conduct does not in itself show a present case or controversy" "if unaccompanied by any continuing, present adverse effects." *City of Los Angeles v. Lyons,* 461 U.S. 95, 102 (1983) (internal quotation marks omitted). A federal court can retain jurisdiction over a state official sued in their official capacity for the limited purpose of determining if that particular state official is currently or will likely in the future violate Plaintiff's US Constitutional or federal rights. *Ex parte Young*, 209 U.S. 123, 159-160 (1908).

In addition, Article III of the U.S. Constitution limits the judicial power of the United States to the resolution of "Cases" and "Controversies," and "Article III standing ... enforces the Constitution's case-or-controversy requirement." *Daimler Chrysler Corp. v.*

*Cuno*, 547 U.S. 332, 342 (2006) (quoting *Elk Grove Unified School Dist. v. Newdow*, 542 U.S. 1, 11 (2004)). To establish Article III standing, a plaintiff must show: (1) "an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not *conjectural* or *hypothetical*"; (2) "a causal connection between the injury and the conduct complained of - the injury has to be fairly ... traceable to the challenged action of [each] defendant, and not ... the result of the independent action of some third party not before the court"; and (3) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (omissions in original) (internal quotation marks and citations omitted) (emphasis added); *Hein v. Freedom From Religion Foundation, Inc*. 551 U.S. 587 (2007) ("A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief."). The doctrine ... ensure[s] that federal courts do not exceed their authority as it has been traditionally understood" by "limit[ing] the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 136 S.Ct. 1540, 1547, 194 L.Ed.2d 635 (2016) (citation omitted). Only those litigants that have established that they are currently or will in the future (1) suffer an injury in fact, (2) that is fairly traceable to the challenged conduct of the particular state official defendant, and (3) that is likely to be redressed by a favorable judicial decision, has standing to sue. *Id.*; *see also*, *Essence, Inc. v. City of Fed. Heights*, 285 F.3d 1272, 1280 (10th Cir. 2002) ("mere allegations of injury, causation, and redressability are insufficient").

"[T]he injury-in-fact requirement ... helps to ensure that the plaintiff has a 'personal stake in the outcome of the controversy.'" *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158, 134 S.Ct. 2334, 189 L.Ed.2d 246 (2014). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 136 S.Ct. 1540, 1548, 194 L.Ed.2d 635 (2016). "[T]o be 'particularized,'" an injury "'must affect the plaintiff in a personal and individual way.'" *Id.* To be "concrete," an injury must "actually exist." *id*. at 1549 ("Article III standing requires a concrete injury even in the context of a statutory violation."). To be "actual or imminent," the alleged "injury ... must be more than a possibility." *Essence, Inc. v. City of Fed. Heights*, 285 F.3d 1272, 1283 (10th Cir. 2002). "Allegations of possible future injury do not satisfy the ['actual or imminent'] requirement[ ] of Art. III." *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990). Rather, a plaintiff must establish that "[t]he 'threat of injury [is] both real and immediate.'" *Essence, Inc*., 285 F.3d at 1282 (internal quotation marks omitted); *see also*, *Rizzo v. Goode*, 423 U.S. 362, 365 (1976) (cautioning lower courts against interfering in local affairs).

Plaintiff has no standing to sue for prospective injunctive relief because he has not alleged he intends to violate Oklahoma State law and fears future prosecution by the state or any of the named state officials. While he may claim he was injured in the past, such does not allow him to sue for declaratory or injunctive relief for any possible future injuries, unless he (himself) alleges that he is going to violate Oklahoma statutes in the future and fears unjust prosecution by any of the named Defendants. The *Ex parte Young* doctrine

does not grant a federal judge the unfettered authority to issue a generic order to just any state official. A federal judge's authority must be directed to a specific state official who can be ordered to stop violating the law. *Hein,* 551 U.S. at 598. Therefore, this Court must deny Plaintiff any declaratory or injunctive relief.

**CONCLUSION**

For the reasons stated above, Defendants respectfully request Plaintiff's Complaint be dismissed.

Respectfully submitted,

*/s/Tabitha Haney*
**TABITHA HANEY, OBA#35626**
**KEVIN MCCLURE, OBA#12767**
Assistant Attorneys General
OKLAHOMA ATTORNEY GENERAL'S OFFICE
313 NE 21st Street
Oklahoma City, OK 73105
Telephone: (405) 521-3921
Facsimile: (405) 521-4518
Tabitha.Haney@oag.ok.gov
Kevin.McClure@oag.ok.gov
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of November 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing. I further certify that a true and correct copy of the foregoing document was sent via the ECF System to all counsel of record who are ECF participants. I further certify that a true and correct copy of the foregoing document was mailed via U.S. Postal Service to:

Gabriel Gideon, *Pro Se*
502 N Buckeye
Coffeyville, KS 67337

*/s/Tabitha Haney*
Tabitha Haney