IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **GABRIEL GIDEON,** ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No.:25-cv-00450 |
| ) | |
| **BILLY MCCALL, et al** ) | |
| **Defendants,** ) | |

**BRIEF ON SERVICE OF DEFENDANTS**

Rule 4(e) States " Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following … (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process."

The rule clearly states that delivering a copy of each to an agent authorized by appointment or by law to receive service of process is sufficient for service to an

*individual.* Defendant Drake's clerk—who routinely accepts filings, process, and official correspondence in the course of Drake's prosecutorial duties—is an agent authorized by law to receive official documents on his behalf.

As to Drake's official capacity service Rule 4(j)(2) states*: "*A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by … (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant."

Plaintiff has taken direct action as to this service argument for the benefit of the record by performing service on the Oklahoma Attorney General and Drake at his personal residences, and is awaiting returns as of this filing.

The State's insistence, however, that Plaintiff must comply with GTCA service is a misstatement of the law that must be addressed. GTCA service requirements apply to state tort claims, not federal civil rights suits. This is squarely foreclosed by Felder v. Casey, 487 U.S. 131 (1988), where the Supreme Court held that states cannot impose local notice, service, or procedural hurdles upon §1983 plaintiffs. Howlett v. Rose, 496 U.S. 356 (1990), likewise prohibits the application of state immunity or procedural conditions to federal civil rights claims. Thus, the State's immunity and GTCA-based service objection is not merely incorrect—they are preempted by federal law.

With respect to the State's other arguments, the Plaintiff notes that irrespective of the method of service chosen, other subsections of Rule 4 do not become obsolete.

Namely, proving service. "Failure to prove service does not affect the validity of service," see Rule 4 ( l ) (3). In support of this and to show the clear bad faith arguments about the sender of the initial service, Plaintiff has attached the Original Return receipt to this filing, which is in fact, was not signed or sent by the Plaintiff.

This makes Oklahoma's appearance on behalf of Defendant Drake within the allotted window of Rule 12, absent the filing of any Return of Summons, notable. Appearing through the Attorney General, the State filed responsive pleadings within the required window after receiving Plaintiff's summons and complaint from their own employee, not the Plaintiff. "An acknowledgment on the back of the summons *or the voluntary appearance of a defendant is equivalent to service*, see 12 OK Stat § 2004(c)(5)."

If the State had not received service that gave them actual notice, how and why did they respond if not on their own determination after having actual notice. More specifically, how did they file a response within the timeframe allotted after an internal investigation that would only be spurred upon service of the Complaint under Okla Stat. Title 74 §74-20f, which will be highly relevant in upcoming filings.

Even if the service were disputed, the State's decision to appear without having ever been served to this point, as they've alleged under oath, constitutes a voluntary appearance that is legally indistinguishable from perfected service.

Respectfully submitted,

_____

Gabriel Gideon

520 N Quincy St,

Fredonia, KS 66736

(620) 870-8675

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 25-CV-00450

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* **WILL DRAKE**

was received by me on *(date)* **10/14/2025**

☐ I personally served the summons on the individual at *(place)* _____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____ , a person of suitable age and discretion who resides there, on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is designated by law to accept service of process on behalf of *(name of organization)* _____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☑ Other *(specify):* **I SENT THE DOCUMENTS VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE ADDRESS PROVIDED "420 S JOHNSTONE AVE #222, BARTLESVILLE, OK 74003"**

My fees are $ **0.00** for travel and $ **0.00** for services, for a total of $ **0.00** .

I declare under penalty of perjury that this information is true.

Date: **10/14/2025**

*Server's signature* (Reyna Robinson)

**REYNA ROBINSON**
*Printed name and title*

**203 RAJAH RD**
**INDEPENDENCE, KS 67301**
*Server's address*

Additional information regarding attempted service, etc:

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Will Drake, District Attorney
420 S. Johnstone Ave #222
Bartlesville, Oklahoma 74003

9590 9402 9166 4225 1675 75

2. Article Number (Transfer from service label)

7022 2410 0003 4772 8023

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Kelly Robbins
☒ Agent
☐ Addressee

B. Received by (Printed Name): Kelly Robbins
C. Date of Delivery: 10-17

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery
(over $500)

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt



Reyna Robinson
203 Rajah Rd.
Independence, KS 67301