IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GABRIEL GIDEON,<br>Plaintiff, | )<br>)<br>) |
| v. | )    Case No.:25-cv-00450<br>) |
| BILLY MCCALL, et al<br>Defendants, | )<br>)<br>) |

## MOTION TO TAKE JUDICIAL NOTICE

Plaintiff Gabriel Gideon, appearing pro se, respectfully moves this Court, to take judicial notice of the following adjudicative facts.

1. Defendant Will Drake refused service at his home on **December 1st, 2025**.

2. Defendant Drake publicly admitted to **profit driven prosecution practices** in an interview on **December 5, 2025**. During the interview, beginning around 7 minutes into the video on "KWON Community Connection", the very same week he refused service, Drake stated: "my office was funded by "probation fees" .. sometimes it didn't make a lot of sense to offer probation but I would because that's how my office was funded, so I was incentivized to do that." *s*ee KWON's Official Facebook page: https://www.facebook.com/share/v/1DDc2J5n69/

3. The State docket in *State v Robinson* shows the Court Minutes on 7/24/2025 reflect the plea agreement offer made by ADA Zoe Gullett. Further, the attached

email correspondence between ADA Zoe Gullett and Reyna Robinson show the explicit context of the proposed plea bargain as *through the District Attorney's Office.* This offer was initially made, as noted, on March 26th, 2025 in advance of the Office requesting any discovery materials from the police department. This is evidenced in the dkt. 46 attached email correspondence between City Official Rachel Crosby and County Attorney Zoe Gullet taking place on May 27th, 2025.

## ARGUMENT

These facts are directly relevant to the Court's determination of bad-faith prosecution, the applicability of the well-established exceptions to Younger abstention, and the existence of a separate and compounding conflict of interest in the form of a financial incentive scheme affecting prosecutorial discretion. The record now reflects not merely isolated misconduct, but a systemic practice capable of harming the Plaintiff and potentially many others whose rights depend on the integrity of charging decisions.

Accordingly, these developments also implicate the remedial obligations set forth in Oklahoma Title 74, Sections 18b and 20f–20g, which require the OAG to review whether a state officer has acted in good faith and within the scope of employment, and to intervene where the interests of the State or the public necessitate it. The absence of corrective action to date is therefore itself probative of the bad faith and continuing irreparable harm presently before the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court take judicial notice of the above-adjudicative facts for all purposes in this litigation, including the pending Motion for Preliminary Injunction.

RESPECTFULLY SUBMITTED,

_____
Gabriel Gideon, Pro Se Plaintiff
520 N Quincy St., Fredonia, KS 66736
Tel: (620) 870-8675 Email: gabrieltgideon@outlook.com

 **Gmail**                                                                    Reyna Robinson <reynarobinson17@gmail.com>

## RE: Request for Discovery – State v. Reyna Robinson - ATTACHED

**Gullett, Zoe** <Zoe.Gullett@dac.state.ok.us>                                           Mon, Jun 9, 2025 at 3:40 PM
To: Reyna Robinson <reynarobinson17@gmail.com>

Ms. Robinson,

The offer that I conveyed on March 26th, 2025 was a 1 year deferred sentence with 1 year of probation with the District Attorney's Office, $50 fine on each charge and a $45 victim compensation fee on count 1 (this is a statutory fine).

[Quoted text hidden]