IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

GABRIEL GIDEON,

    Plaintiff,

v.

OFFICER BILLY MCCALL, DISTRICT
ATTORNEY WILL DRAKE, CITY OF
BARTLESVILLE, OKLAHOMA, and
WASHINGTON COUNTY, OKLAHOMA,

    Defendants.

Case No.: 25-cv-450-JFH-JFJ

## DEFENDANT DRAKE'S MOTION TO QUASH AND DISMISS WITH BRIEF IN SUPPORT

The State Defendant, Washington County elected District Attorney William Drake (DA Drake), sued in his individual and official capacity, by and through counsel, files this Motion to Quash service of the Summons and Complaint and Dismiss the claims against him.

1. The current lawsuit was filed August 26, 2025, and Summons' were issued that same day. [Doc. 2 & 5].

2. At the time of this filing, Plaintiff's parallel state criminal prosecution is pending[1].

3. William Drake has been sued in both his *individual and official capacities*. He has served as the elected District Attorney for the 11th District of Oklahoma in Washington and Nowata Counties, where he served as an Assistant District Attorney for twelve years prior, from January 02, 2023, to present.

---

[1] Courts may take judicial notice of facts which are a matter of public record. *See Tal v. Hogan*, 453 F.3d 1244, 1264 n. 24 (10th Cir. 2006). The on-going criminal case is public record, available through the OSCN website. *See* State of Oklahoma v. Gabriel Gideon, Washington County District Court Case No. CF-2023-230, accessible at https://www.oscn.net/dockets/GetCaseInformation.aspx?db=washington&number=CF-2023-00230&cmid=9932961.
.

4. Plaintiff asserts he attempted to serve DA Drake in his individual capacity by mailing a copy of the summons and complaint by certified mail to the Washington County District Attorney's Office on October 14, 2025. [Doc. 44, p. 5; Doc. 57, p. 5]. However, Plaintiff did not file a return of service until December 1, 2025. [Doc. 57]. As the return of service was filed untimely, DA Drake inadvertently and in good faith, believed this was an attempt of service in his official capacity and filed a Motion to Dismiss based upon such belief November 24, 2025. [Doc. 43]. Additionally, DA Drake did not personally sign for the certified mail sent to the Washington County District Attorney's Office, as it was not sent restricted to the addressee, and he has not authorized anyone to accept service of process for him. [Doc. 43-1, p. 1]. Further, the Washington County District Attorney's Office is a business location and not DA Drake's residence or usual place of abode.

5. Plaintiff argues that the State of Oklahoma's voluntary appearance by and through DA Drake in his official capacity confers jurisdiction of this court by way of actual notice and claims this cures any future defect in service. [Doc. 44, p. 5]. But even after making this argument, Plaintiff filed for an extension of time to perfect service on November 20, 2025. [Doc. 53]. This Court granted Plaintiff's request for a 14-day extension on November 24, 2025, specifically to "perfect service on the State of Oklahoma regarding Drake in his official capacity." [Doc. 53, p. 2]. Following this extension, Plaintiff mailed a copy of the summons and complaint by certified mail to the Office of the Oklahoma Attorney General and filed a return of service. [Doc. 59].

6. Although Plaintiff has alleged compliance with service in DA Drake's individual capacity [Doc. 44, p. 5; Doc. 53, p. 1 ], he contradicts himself in another filing, Brief of Service on Defendants, by claiming he has taken direct action to perform service upon DA Drake at his personal residence and is "awaiting returns as of this filing." [Doc. 57, p. 2].

7. Plaintiff claims that DA Drake refused service at his home address December 1, 2025, without providing a return of service showing a refusal. [Doc. 60, p. 1].

**BRIEF IN SUPPORT OF MOTION TO QUASH SERVICE OF PROCESS**

Plaintiff has not properly served DA Drake in his official or individual capacity. Service of Process must be accomplished in compliance with FRCP Rule 4. It is Plaintiff's burden to establish the validity of the service of process. *FDIC v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir.1992); *Housing Authority of City of Atlanta, Georgia v. Millwood*, 472 F.2d 268, 272 (5th Cir.1973) ("Under [Rule] 12(b) there is no longer any necessity for appearing specially to protest the court's jurisdiction or question the sufficiency of process or service of process. All such objections are assertable in an answer or motion to dismiss pursuant to Rule 12(b).").

Rule 12(b)(5) motions challenge the mode or lack of delivery of a summons and complaint. *Oltremari v. Kansas Social & Rehabilitative Serv.*, 871 F. Supp. 1331(D.Kan.1994). "Objections to the sufficiency of process 'must be specific and must point out in what manner the plaintiff has failed to satisfy the service provision utilized.'" *O'Brien v. R.J. O'Brien & Assocs.*, 918 F.2d 1394, 1400 (7th Cir.1993) (citation omitted). DA Drake specifically contends that Plaintiff failed to serve a proper summons and complaint according to Rule 4(e) (service upon an Individual) and Rule 4(j) (service upon a State government).

In order to sue a state employee in their *individual capacity*, Plaintiff must satisfy FRCP Rule 4(e). Rule 4(e) describes the manner and method for serving an "*Individual*." That Rule provides in relevant part:

(e)     Unless federal law provides otherwise, an *individual*--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

3

(2) doing any of the following:

    (A) delivering a copy of the summons and of the complaint to the individual personally;

    (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

    (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

The Oklahoma Pleading Code adopted the FRCP in 1984 and they essentially mirror the federal requirements. *See* 12 O.S. § 2004; *See also Graff v. Kelly,* 1991 OK 71, ¶ 14, 814 P.2d 489, 493-94 (finding the entire paragraph of the FRCP 4 essentially the same as 12 O.S. § 2004).

Plaintiff asserts that DA Drake's "clerk" is an agent authorized by law to receive official documents on his behalf and in his individual capacity but does not cite to any supporting statute or case law. [Doc. 57, p. 2]. In fact, the Tenth Circuit and Oklahoma State courts have already considered Plaintiff's argument and found it without merit. The Oklahoma Supreme Court addressed a similar issue in *Graff v. Kelly*, wherein a process server served a summons on an employee at the defendant's place of employment. 1991 OK 71, ¶ 1, 814 P.2d 489, 490. The Court held the process of service in *Graff* was not in substantial compliance with state statute for the following relevant reasons: 1) "leaving a copy of a summons at a defendant's usual place of business is wholly insufficient to confer jurisdiction over the person where the statute in that case provided for service at his 'usual place of residence,'" and 2) "[a]n agent authorized by appointment to receive service of process must be one who has received specific authorization by his principal." *Id.* at ¶¶ 12, 14, 814 P.2d at 494-95. The Tenth Circuit has also reached the conclusion that service attempted by mail, which is not accepted by an authorized person, does not substantially comply with the Oklahoma statute and is invalid. *Hukill v. Okla. Native Am. Domestic*

4

*Violence Coal.*, 542 F.3d 794, 802 (10th Cir. 2008) (*citing Ferguson Enters., Inc. v. H. Webb Enters., Inc.*, 2000 OK 78, ¶ 15, 13 P.3d 480, 484; *Graff v. Kelly*, 1991 OK 71, ¶ 1, 814 P.2d 489, 490).

In this case, DA Drake has not been *personally* served in his individual capacity, with a filed complaint and a properly served summons, as no one of suitable age was served at DA Drake's "dwelling or usual place of abode," and no "agent authorized by appointment or by law" was authorized to accept service on DA Drake's behalf. [*See* Doc. 43-1, p.1-2]. Plaintiff also claims that service was refused at DA Drake's residence, [Doc. 60, p. 1], but he fails to provide supporting documentation nor does he give any facts as to who attempted service, what address the service was attempted at, who refused the service or who was spoken to. As argued here and thoroughly briefed in Defendant's Reply to Plaintiff's Objection [Doc. 55], DA Drake, sued in his *individual capacity,* has not been properly served pursuant to FRCP Rule 12(b)(5) or Title 12 O.S. § 2004.

DA Drake sued in his *official capacity* must be served in compliance with FRCP Rule 4(j) since suing the Individual Defendant *officially* is the same as suing the State itself. *Hafer v. Melo*, 502 U.S. 21, 30-31 (1991). Plaintiff has failed to properly serve the State or state defendant in their official capacity pursuant to Rule 4(j)(2). Rule 4(j) describes the manner and method for serving a State government. That subsection provides in relevant part:

(j)     Serving a Foreign, State, or Local Government.

    (2) State or Local Government. A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:

        (A) delivering a copy of the summons and of the complaint to its chief executive officer; or

        (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

In this case, DA Drake contends that there has been no "deliver[y] ... of the summons and ... complaint to [the] chief executive officer" of his agency in this case. The word "*delivery*" in Rule 4(j) indicates that personal service should be made upon that particular individual. "Delivering" under Rule 4(j) means personal service. *Punchard v. State of New Mexico*, 69 F.3d 548 (10th Cir. 1995) (citing *Norlock v. City of Garland*, 768 F.2d 654, 656 (5th Cir.1985) and *Cambridge Mut. Fire Ins. Co. v. City of Claxton*, 720 F.2d 1230, 1232 (11th Cir.1983)); *see also Oltremari v. Kan. Soc. & Rehab. Serv.*, 871 F.Supp. 1331, 1353 (D.Kan.1994); *Linares v. City of White Plains*, 773 F.Supp. 559, 564-65 (S.D.N.Y.1991).

Rule 4(j)(2) does not identify any individual who is authorized to accept service on behalf of a governmental organization other than the "chief executive officer." "When the statute designates a particular officer to whom process must be delivered and with whom it may be left, ... no other officer or person can be substituted in [his] place. The designation of one particular officer upon whom service may be made excludes all others." *Knight v. State of Kan.*, No. 89–2392–O, Not Reported in F.Supp., 1990 WL 154206, at *2 (D.Kan. Sept. 6, 1990) (quoting *Amy v. City of Watertown*, 130 U.S. 301, 316–17 (1889)); *see Oltremari v. Kansas Social & Rehab. Serv.*, 871 F.Supp. 1331, 1353 (D.Kan.1994) ("Requiring personal service upon the chief executive officer of a state agency assures that the person in charge of the agency receives the service of process.... [A]ctual notice of the suit does not confer personal jurisdiction over the defendant."). "Personal service under [Fed.R.Civ.P.] Rule 4 serves two purposes: notifying a defendant of the commencement of an action against him and providing a ritual that marks the court's assertion of jurisdiction over the lawsuit. Rule 4 service of process provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served." *Oklahoma Radio Assocs. v. FDIC*, 969 F.2d 940, 943 (10th Cir.1992). Clearly, Plaintiff has failed to allege any attempt to comply with the FRCP, as the complaint and

summons were not personally served on the chief executive officer for the Washington County District Attorney's Office.

Likewise, Plaintiff's attempt to serve DA Drake in his official capacity does not comply with state law. Title 12 O.S. § 2004 (C)(1)(c)(5) provides that service on the State of Oklahoma shall be made "by delivering a copy of the summons and the petition to the officer or individual designated by specific statute; however, if there is no statute, then upon the chief executive officer or a clerk, secretary, or other official whose duty it is to maintain the official records of the organization." Plaintiff has not complied with state law because he has not met his burden of showing proper service of the summons and complaint upon an official whose duty it is to maintain official records of the Washington County District Attorney's Office. Instead, Plaintiff mailed a copy of the summons and complaint to the Oklahoma Attorney General's Office, an office that does not maintain any official records for the organization.

Finally, Plaintiff argues that "an acknowledgment on the back of the summons or the voluntary appearance of a defendant is equivalent to service" under 12 O.S. § 2004 (C)(5). [Doc. 57, p. 3]. This argument fails to account for clearly established case law that holds "a special appearance to object to service of process and move for dismissal does not waive an objection to improper service." *Harkness v. Hyde*, 98 U.S. 476, 479 (1878). Plaintiff also claims that "process of service is not a bar to continuity of a claim when the party has actual notice . . ." [Doc. 44, p. 6]. This argument also fails because "[a]ctual notice cannot by itself be sufficient to establish in personam jurisdiction, otherwise there would be no provision for challenging the mode of delivery or the lack of delivery of the summons and petition. "*Graff v. Kelly*, 1991 OK 71, ¶ 10, 814 P.2d 489, 492.

Plaintiff concedes he originally had until November 24, 2025, to serve DA Drake. [Doc. 24, p. 1]. Plaintiff then requested an additional 14-day extension on November 20, 2025 [Doc. 53,

p. 2], and the Court granted the request November 24, 2025. [Doc. 56]. This gave Plaintiff an extension to either December 04, 2025, or December 08, 2025, to perfect service but Plaintiff has failed to comply by either of those dates. F.R.C.P. 4(m) mandates that the Court dismiss the action against defendants not served within 90 days. *Id*. ("the court--on motion or on its own after notice to the plaintiff--**must dismiss** the action without prejudice against that defendant or order that service be made within a specified time.") [emphasis added]. None of the attempted service of processes were accomplished within 90 days of the Original Complaint being filed. *Bolden v. City of Topeka*, 441 F.3d 1129, 1149 (10th Cir. 2006) (filing an Amended Complaint does not restart Plaintiff's requirement to accomplish proper service within 90 days).

As such, DA Drake requests this Court quash service of process [Doc. 57; 59] and dismiss this lawsuit pursuant to FRCP Rule 12(b)(2) and (5) and Rule 4.

Respectfully submitted,

*s/Tabitha Haney*
**TABITHA HANEY, OBA #35626**
**KEVIN L. McCLURE, OBA#12767**
Assistant Attorneys General
Oklahoma Attorney General's Office
Litigation Division
313 NE 21st Street
Oklahoma City, OK 73105
T: (405) 521-3921 |F: (405) 521-4518
Email: kevin.mcclure@oag.ok.gov
         Tabitha.haney@oag.ok.gov
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of December 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing. I further certify that a true and correct copy of the foregoing document was sent via the ECF System to all counsel of record who are ECF participants. I further certify that a true and correct copy of the foregoing document was mailed via U.S. Postal Service to:

Gabriel Gideon, *Pro Se*
502 N Buckeye
Coffeyville, KS 67337

*s/Tabitha Haney*
Tabitha Haney