# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GABRIEL GIDEON,<br>Plaintiff,<br><br>v.<br><br>BILLY MCCALL, et al<br>Defendants, | )<br>)<br>)<br>) Case No.:25-cv-00450<br>)<br>)<br>) |

## PLAINTIFFS OBJECTION TO MOTION TO QUASH

### INTRODUCTION

Defendants recycle arguments this Court has already considered and Plaintiff has already cured. The Motion to Quash is a transparent attempt to delay a ruling on the Preliminary Injunction following Plaintiff's exposure of Defendant Drake's admitted unethical conduct., which was not denied. Even if service was an issue, taking no action whatsoever is complicity on the part of the Oklahoma Attorney General and should reflect the State's unwillingness to change course, and thus this Court should step in and change course for the State, denying the Motion to Quash and ruling on the merits of the case before the Court at this time.

## ARGUMENT

### I. Service Perfected

Pursuant to this Court's order, Plaintiff served the Oklahoma Attorney General. Proof is filed (Doc 59). The last time they made this argument, it was "you have to serve the State" and now the argument is that "serving the State isn't sufficient because you didn't serve the office that manages the Washington County DA's records", which in fact, was the service Plaintiff had originally performed and by that measure would be beyond sufficient.

Will Drake, has now been served at his home as well and has refused. Proof of the return receipt has simply not arrived in the mail as December 8th, 2025. However, as stated in earlier filings: "Failure to prove service does not affect the validity of service," see Rule 4 ( l ) (3) and as a result the Service made on Drake on December 1st, is valid. Plaintiff has attached documents proving that service was sent, and screenshots of the Refusal notice from the USPS. When the receipt is returned, it will be promptly filed with the Court. I have also provided documents which I relied on to verify the address of Will Drake through the County Assessor. The recent holidays caused some delay in the return of the receipt from rural areas like Bartlesville as opposed to Oklahoma City.

The Court should find that the numerous efforts the Plaintiff has made to serve the Defendant parties is sufficient for service and proceed on the merits of the case.

## II.   Special Appearances

The appearance on behalf of Will Drake noted no "special appearance", they cited that after, and only when the facts got rough. By filing their Motion to Dismiss (Doc 43) on November 7 — which argued sovereign immunity, Younger abstention, AND failure to state a claim — they made a general appearance on the merits. They can't now pretend they were appearing "specially" just for service.

To try and subvert the Rules as they are, the defense cites law that hasn't been federal standard for more than 80 years. Defendants cite Harkness v. Hyde (1878) for the proposition that a 'special appearance' to challenge service does not waive objections. This 19th-century common law doctrine was abolished by the Federal Rules of Civil Procedure in 1938. Under modern FRCP 12(b), a defendant may challenge service of process in a motion to dismiss without making a 'special appearance' and without waiving any defenses. See *Orange Theatre Corp. v. Rayherstz Amusement Corp., 139 F.2d 871, 874 (3d Cir. 1944)* ('The Federal Rules of Civil Procedure have done away with the distinction between general and special appearances.'); *Nationwide Eng'g & Control Sys., Inc. v. Thomas, 837 F.2d 345, 346 (8th Cir. 1988)* ('The distinction between general and special appearances has been eliminated by the Federal Rules.'). Defendants' reliance on obsolete precedent is meritless and underscores the frivolous nature of their motion.

## III.   Dismissal Is Not The Remedy

Federal courts favor resolving cases on the merits. See Jones v. Frank, 973 F.2d 872, 873 (10th Cir. 1992). Given the good faith effort and the diligence that the Plaintiff has shown, many other cures exist before dismissal would be proper.

If the Court entertain Defendants' procedural objections at all, Plaintiff requests the Court exercise its authority under FRCP 4(c)(3) to cut through the obstruction. Defendant Drake has refused service at his home. His office, represented by the Oklahoma Attorney General, now complains of imperfect service while harm continues every day that the Plaintiff cannot safely travel, be with his family on the holidays, etc. This is the definition of gamesmanship and it's enough.

Plaintiff respectfully requests that this Court find service as sufficient or in the alternative, Plaintiff respectfully requests the Court issue an order:

1. Appointing the U.S. Marshal for the Northern District of Oklahoma, or a court-approved process server, to personally serve Defendant Will Drake with the Summons and Complaint at his residence and/or place of business;

2. Directing that the costs of such service be taxed to Defendants as the non-prevailing party on this motion; and

3. Denying Defendants' Motion to Quash in all other respects.

Respectfully submitted,

Gabriel Gideon

520 N Quincy St,

Fredonia, KS 66736

(620) 870-8675

# USPS Tracking®

FAQs >

**Track Packages Anytime, Anywhere**

Get the free Informed Delivery® feature to receive automated notifications on your packages

**Learn More** (https://reg.usps.com/xsell?app=UspsTools&ref=homepageBanner&appURL=https%3A%2F%2Finformeddelivery.usps.com/box/pages/intro/start.action)

Feedback

Remove ✕

**Tracking Number:**

## 9589071052703403199873

Copy    Add to Informed Delivery (https://informeddelivery.usps.com/)

### Latest Update

Your item was refused by the addressee at 8:44 am on December 2, 2025 in BARTLESVILLE, OK 74003 and is being returned to the sender.

**Get More Out of USPS Tracking:**

　USPS Tracking Plus®

### Alert
**Refused**
BARTLESVILLE, OK 74003
December 2, 2025, 8:44 am

### Return to Sender
BARTLESVILLE, OK 74003
December 2, 2025, 8:43 am

See All Tracking History

**What Do USPS Tracking Statuses Mean?** (https://faq.usps.com/s/article/Where-is-my-package)

# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

Bartlesville, OK 74006

| Certified Mail Fee | |
|---|---|
| $ $5.30 | $4.40 |

**Extra Services & Fees** *(check box, add fee as appropriate)*
- ☐ Return Receipt (hardcopy) $ $0.00
- ☐ Return Receipt (electronic) $ $0.00
- ☐ Certified Mail Restricted Delivery $ $0.00
- ☐ Adult Signature Required $ $0.00
- ☐ Adult Signature Restricted Delivery $

Postmark Here
OWASSO OK
NOV 29 2025
11/29/2025

Postage
$ $2.72

Total Postage and Fees
$ $12.42

Sent To: Will Drake
Street and Apt. No., or PO Box No.: 2320 Jupiter Ct
City, State, ZIP+4®: Bartlesville, OK 74006

PS Form 3800, January 2023 PSN 7530-02-000-9047  See Reverse for Instructions

9589 0710 5270 3403 1998 73

# Tax Roll Inquiry

### Washington County Treasurer

**Melissa Thornbrugh, Treasurer**
400 S Johnstone Ave Rm 200 Bartlesville, OK 74003
Phone: 918-337-2810
Fax: 918-337-2891
E-Mail: treasurer@countycourthouse.org





20240012756

### Owner Name and Address

DRAKE, WILLIAM D & AUBREY M
2320 JUPITER COURT
BARTLESVILLE OK 74006-0000

### Taxroll Information

| | |
|---|---|
| Tax Year : | 2024 |
| Property ID : | 010164-000005-000000-01 |
| Location : | 2320 JUPITER CT   BARTLESVILLE |
| School District : | 030B BARTLESVILLE I-30 Mills : 120.09 |
| Type of Tax : | Real Estate |
| Tax ID : | 12756 |

### Legal Description and Other Information:

LOT 5 HILLCREST HEIGHTS 1.00 Lots

| Assessed Valuations | Amount |
|---|---|
| Land | 2381 |
| Improvements | 22736 |
| **Net Assessed** | **25117** |

| Tax Values | Amount |
|---|---|
| Base Tax | 3,016.00 |
| Penalty | 0.00 |
| Fees | 0.00 |

| Tax Values | Amount |
|---|---|
| Payments | 3,016.00 |
| Total Paid | 3,016.00 |
| Total Due | 0.00 |

| Date | Receipt | Paid With | Payment For | ⌐Amount | Paid By |
|---|---|---|---|---|---|
| 12/27/2024 | 16818 | Check | Taxes | 3,016.00 | CORELOGIC->Check# 305 |