# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GABRIEL GIDEON,<br>Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | Case No.:25-cv-00450 |
| BILLY MCCALL, et al<br>Defendants, | )<br>)<br>) | |

## MOTION TO COMPEL REQUEST FOR PRODUCTION

Plaintiff Gabriel Gideon, appearing pro se, respectfully moves this Court for an Order compelling Defendant Will Drake, by and through the Office of the Attorney General ("OAG"), to produce the documents requested in Plaintiff's pending Request for Production (Doc. 58), or, in the alternative, requiring Defendants to show cause why they should not be compelled to disclose the materials. The State has appeared only in Will Drake's **official capacity** but has made arguments for both capacities he is being sued in, without asserting an appearance for individual capacity of a state employed officer. The State cannot refuse to represent Drake individually while simultaneously raising individual-capacity defenses; their statutory scope-of-employment determination is therefore indispensable and must be produced.

These documents are central to the Court's resolution of Defendants' Motion to Quash, their abstention arguments, and the pending Preliminary Injunction, because they concern the Attorney General's mandatory statutory investigation into whether Defendant

Drake's actions were taken in good faith and within the scope of his employment, pursuant to 74 O.S. §§ 20f–20g.

Defendants' refusal to address or produce these materials—while simultaneously seeking dismissal on procedural and abstention grounds—constitutes bad-faith litigation conduct and prevents this Court from meaningfully deciding the issues before it.

## BRIEF IN SUPPORT

### I. The Requested Documents Are Required by Statute and Central to Jurisdiction

Under 74 O.S. § 20f(A) and § 20g(A), when a state officer is sued:

1. The Attorney General must conduct a scope-of-employment and good-faith investigation, and
2. The Attorney General must determine whether representation is appropriate.

This determination is not optional but a statutory duty. Whether Drake acted within or outside the scope of his employment is directly relevant to:

1. Younger abstention, Bad-faith prosecution forecloses abstention.
2. Eleventh Amendment immunity, State liability only attaches when acts were in official capacity.
3. Service requirements for official-capacity defendants

4. The Motion to Quash, which depends on the capacity in which Drake must be served.

Defendants cannot simultaneously:

1. Argue abstention, immunity, and defective service and
2. Withhold the documents containing determinations that decide those questions.

This Court cannot evaluate the good faith of Defendants' motions without these materials.

## II. Defendants' Silence Is an Admission That the Documents Are Damaging

Defendant filed a nine-page Motion to Quash (Doc. 61) **AGAIN** focused specifically on service, but:

1. Did not address the merits of the Complaint
2. Did not address the RFP
3. Did not deny the existence of an OAG investigation
4. Did not deny that the AG conducted a Title 74 assessment
5. Did not assert that Drake acted in good faith
6. Did not assert that Drake acted within scope
7. Did not address Drake's public confession of financial-incentive-driven prosecution

8. Did not address Plaintiff's evidence of retaliation to himself or a witness
9. Did not address the statutory duties imposed on the Attorney General

This silence is not inadvertent, it is a strategy. Courts routinely treat such omissions as evidence that the withheld material is adverse. "A party's failure to address relevant evidence permits an inference that the evidence is harmful to their position." Coates v. Johnson & Johnson, 756 F.2d 524, 552 (7th Cir. 1985). The OAG cannot hide determinative facts while asking the Court to dismiss the case.

### III. The Motion to Quash Cannot Be Decided Without This Evidence

Defendants argue:

1. Drake was not properly served individually at his home, where he refused
2. Drake was not properly served officially at his Office where he acknowledges receiving service and presuming the capacity of service on his own,
3. Plaintiff misunderstood the capacity in which Drake must be served.

The capacity question, however, is exactly what the Title 74 investigation answers and where the Defendants should be required to focus their participation.

If Drake acted within the scope of his employment, he must be served according to Rule 4, and the OAG must represent him under Oklahoma law. If Drake acted outside the scope he must be served under Rule 4 as an individual and the OAG cannot represent him.

By withholding the scope determination, the OAG is asking the Court to:

1. Decide a service dispute without the evidence that resolves it
2. Apply Younger abstention without clarity on good faith
3. Allow a prosecutor accused of misconduct to evade scrutiny
4. Reward procedural gamesmanship

This Court should not permit it.

## IV. Plaintiff Requests a Hearing in the Alternative

If the Court does not compel production immediately, Plaintiff respectfully requests a hearing requiring the State and OAG to explain:

1. Whether a Title 74 investigation was conducted
2. When it was initiated
3. Whether the AG determined Drake acted in good faith
4. Whether the AG determined Drake acted within or outside the scope of employment
5. Whether the AG has declined representation
6. Why the AG continues to litigate official-capacity issues while refusing to address these statutory obligations

The Court has full authority to inquire into whether Defendants are using procedural motions in bad faith to avoid merits adjudication.

Defendants cannot claim:

1. immunity,
2. abstention,
3. improper service,
4. and failure to state a claim

while withholding the very documents that determine those issues. The Court should compel production or require a show-cause explanation without delay.

## RELIEF REQUESTED

Plaintiff respectfully asks that the Court:

1. Compel the State and OAG to produce the documents requested in Doc. 58 within 7 days, OR
2. Order Defendants to show cause why they should not be compelled to produce them,
3. Set a hearing, if necessary, to determine the State's compliance with statutory duties under 74 O.S. §§ 20f–20g, and
4. Grant any further relief the Court deems just and proper.

Respectfully submitted,

Gabriel Gideon

520 N Quincy St,

Fredonia, KS 66736

(620) 870-8675