IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GABRIEL GIDEON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-cv-450-JFH-JFJ |
| | ) | |
| OFFICER BILLY MCCALL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT WASHINGTON COUNTY'S RESPONSE TO
PLAINTIFF'S EMERGENCY SUPPLEMENT ON PRELIMINARY INJUNCTION**

Defendant Washington County, Oklahoma, respectfully appears through undersigned counsel and submits its Response to Plaintiff's Emergency Supplement on Preliminary Injunction. [Dkt. 54]. In support, Defendant Washington County would show the Court as follows:

1. Plaintiff's "Emergency Supplement on Preliminary Injunction" relates to his original Motion requesting a preliminary injunction against District Attorney Will Drake and the District Attorney's Office he oversees. [Dkt. 21]. Specifically, Plaintiff is seeking to enjoin Will Drake and his office from participating in the ongoing underlying criminal matter being prosecuted against Plaintiff.[1] [Dkt. 21]. It is this ongoing underlying criminal prosecution that Plaintiff complains of in the instant federal case. [Dkt. 21].

2. Plaintiff's "Emergency Supplement on Preliminary Injunction" [Dkt. 54] seeks to supplement his original request for a preliminary injunction with only one additional fact—that the State has filed a new charge, for bail jumping, not against Plaintiff, but rather against Ms. Reyna Robinson, who is being criminally prosecuted in a separate criminal matter. This is demonstrated by a review of the public criminal court record that Plaintiff refers this Court to in

---

[1] Plaintiff's request for injunctive relief also sought an order mandating the appointment of a special prosecutor in the underlying criminal matter. [Dkt. 21].

his "Emergency Supplement."[2] [Dkt. 54]. Ms. Reyna Robinson is also not a party to the instant federal action. [Complaint, Dkt. 2, p. 1]. Plaintiff's "Emergency Supplement," therefore, offers nothing that substantively affects the merits of his original request for a preliminary injunction and should be disregarded by the Court.

3. Additionally, Defendant Washington County would re-urge that Plaintiff's request for injunction pertains only to District Attorney Will Drake and his office, which is an office of the State of Oklahoma, not Washington County.

4. Also, as argued in Washington County's Motion to Dismiss [Dkt. 23], Washington County is, as a matter of law, not a proper Defendant in this action and is not the employer of the District Attorney. Okla. Stat. tit. 19, § 4; *Arnold v. McClain*, 926 F.2d 963, 966 (10th Cir. 1991). Plaintiff's assertions have not overcome this plain legal reality, which requires dismissal of Washington County in this case, as a matter of law.

5. Defendant Washington County would also point out that Plaintiff's request for a preliminary injunction and federal court intervention into the ongoing state court criminal proceedings against Plaintiff is in contravention of the *Younger* abstention doctrine. The Supreme Court's decision in *Younger v. Harris,* 401 U.S. 37, 42-43 (1971), and its progeny, establishes that federal district courts must abstain from exercising jurisdiction when the following three conditions are satisfied: (1) there are ongoing state proceedings; (2) the state court offers an adequate forum to hear the plaintiff's claims from the federal lawsuit; and (3) the state proceeding

---

[2] The Court may take judicial notice of the docket entries in the related criminal cases that Plaintiff himself places at issue and which are, of course, a matter of public record. *See Zimomra v. Alamo Rent-A-Car, Inc.*, 111 F.3d 1495, 1503 (10th Cir. 1997) (Federal Rule of Evidence 201 authorizes a federal court to take judicial notice of adjudicative facts at any stage of the proceedings, and in the absence of a request of a party."); *St. Louis Baptist Temple, Inc. v. F.D.I.C.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (explaining that "federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue").

involves important state interests. *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982). If these three conditions are satisfied, then the application of *Younger* is mandatory. *Weitzel v. Div. of Occupational and Prof'l Licensing of Dep't of Commerce,* 240 F.3d 871, 875 (10th Cir. 2001) ("[T]he district court must abstain once the conditions are met, absent extraordinary circumstances." (internal quotation marks omitted)). The Tenth Circuit, in *Morkel v. Davis*, explained that state courts are "equally capable of enforcing federal constitutional rights as federal courts." 513 Fed. App'x. 724, 727-28 (10th Cir. 2013) (unpub).[3]

6.      Here, it is clear that Plaintiff's underlying criminal matter is ongoing. *See State of Oklahoma v. Gideon*, Case No. CF-2023-00230 (Washington Cty., Okla.) (filed Aug. 29, 2023). The underlying state court is equally capable of enforcing constitutional rights as a federal court. *Morkel*, 513 Fed. App'x. at 727-28. Additionally, the enforcement of a state's criminal laws is unquestionably an important state interest under *Younger*. Therefore, application of the *Younger* abstention doctrine is mandatory, as a jurisdictional matter.

7.      Thus, to the extent Plaintiff's request for injunctive relief [Dkt. Nos. 21 and 54] may be read to pertain to Washington County at all, which it does not, Defendant Washington County would respectfully request that the Court deny such request. Washington County is not a proper Defendant in the case and is not the employer of District Attorney Will Drake. Washington County should be dismissed for these reasons as a matter of law. Additionally, Plaintiff's request for federal court intervention in the ongoing underlying criminal matter also violates the *Younger* abstention doctrine. This Court is without jurisdiction to intervene or adjudicate issues that are still ongoing in the underlying criminal matter. *Younger,* 401 U.S. at 42-43.

---

[3] A copy of this unpublished Order and Judgment is attached as Exhibit 1.

WHEREFORE, for the reasons set forth above and in Defendant Washington County's Motion to Dismiss, Defendant Washington County objects to the Court granting any relief or any part of Plaintiff's Brief in Support of Preliminary Injunction [Dkt. 21] or Plaintiff's Emergency Supplement on Preliminary Injunction [Dkt. 54].

Respectfully submitted,

 s/ Clark W. Crapster
Chris J. Collins, OBA No. 1800
Wellon B. Poe, OBA No. 12440
Clark W. Crapster, OBA No. 22112
COLLINS ZORN & WAGNER, PLLC
429 N.E. 50th Street, Second Floor
Oklahoma City, OK 73105
Telephone: (405) 524-2070
Facsimile: (405) 524-2078
Email: cjc@czwlaw.com
wbp@czwlaw.com
cwc@czwlaw.com

***ATTORNEYS FOR DEFENDANT
WASHINGTON COUNTY***

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2025, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Gabriel Gideon
520 N. Quincy Street
Fredonia, KS 66736

***Plaintiff, pro se***

Michael Lee Carr
McAfee & Taft
2 West 2nd Street, Suite 1100
Williams Center Tower II
Tulsa, OK 74103

***Attorney for Defendant
  The City of Bartlesville, Oklahoma***

Kevin McClure
Tabitha Haney
Assistant Attorneys General
Oklahoma Attorney General's Office
Litigation Division
313 N.E. 21st Street
Oklahoma City, OK 73105

***Attorneys for Defendant District Attorney
  Will Drake***

                s/ Clark W. Crapster
                Clark W. Crapster