# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GABRIEL GIDEON, )<br>Plaintiff, )<br> )<br>v. )<br> )<br>BILLY MCCALL, et al )<br>Defendants, ) | Case No.:25-cv-00450 |

**RESPONSE TO REPLY ON EMERGENCY SUPPLEMENTAL BRIEFING**

Plaintiff, respectfully files this Response to note that Washington County simultaneously disclaims any authority over the prosecution while urging this Court to abstain from reviewing it—an internally inconsistent position that neither rebuts Plaintiff's evidence of bad faith nor satisfies the extraordinary circumstances inquiry Younger requires.

The County's filing collapses under its own jurisdictional disclaimer. They repeatedly assert they are not the employer of Drake, they have no control over the prosecution, and the relief sought is not directed at them. A party that disclaims authority lacks standing to argue the merits of abstention as to the proper defendant. If Washington County has no control over the prosecution and no interest in it, then it has no legally cognizable basis to argue whether federal intervention into that prosecution is

appropriate. If the County is not the prosecuting authority, it cannot invoke or argue Younger on behalf of the prosecuting authority.

The County's response commits the most basic Younger error. They cite the three *Middlesex* factors but ignore the exceptions, despite those exceptions being explicitly raised by Plaintiff, supported by record evidence , and central to the PI analysis. This is not a harmless omission. Even the cases they cite concede this. "Abstention is mandatory absent extraordinary circumstances." Weitzel, 240 F.3d at 875 (emphasis added). Yet the County, nor any other defendant who has raised abstention, chose not engage with the specific facts of this case, allegations of bad-faith prosecution, retaliatory motive, admitted financial conflicts, use of prosecution to punish protected conduct, and lack of legitimate prosecutorial basis. That silence matters.

Ordinary circumstances would be a good-faith enforcement of criminal law. Extraordinary circumstances fit here explicitly where the prosecution is not in good faith and is provably so. The record contains undisputed evidence of extraordinary circumstances, including:

1. A police officer's recorded admission that there was no independent basis for investigating the passenger, followed by escalation anyway.
2. Prosecutorial ratification of that conduct, by the local DA, not a remote authority.
3. A written admission that the DA's Office has known that Plaintiff was not a felon for more than 23 months as of this filing.

4. A public admission by the prosecutor that probation decisions were financially incentivized.
5. No rebuttal evidence submitted by any defendant disputing these allegations.

The County's failure to address that is not oversight, it is concession by omission.

Finally, Defendant Washington County's assertion that Ms. Robinson's prosecution is "unrelated" is factually and legally incorrect. Robinson's case arises from the same traffic stop, the same officers, the same investigation, and the same prosecutorial decision-making as Plaintiff's case. If the investigation of Plaintiff is unlawful, then the derivative actions taken against Robinson during and after that stop are necessarily tainted. Moreover, whether Robinson's prosecution is related is a judicial determination, not one for the County to declare. Any plea or disposition in Robinson's case would foreseeably be used to prejudice Plaintiff, further demonstrating material relevance and underscoring the extraordinary circumstances defeating Younger abstention.

The Court should ignore this rehashing of an already briefed issue, set aside any argument the County is not privileged to make by it's own framework, and rule on the merits of the case before it. This is merely an effort to posture or delay an inevitable ruling on the Preliminary Injunction that is now ripe, and whether favorable to Plaintiff or not, will undoubtedly address the final policy maker for prosecutions in Washington County and simultaneous state employee, Defendant Will Drake.

Respectfully submitted,

Gabriel Gideon

520 N Quincy St,

Fredonia, KS 66736

(620) 870-8675