IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GABRIEL GIDEON,<br><br>    Plaintiff,<br><br>v.<br><br>OFFICER BILLY MCCALL, DISTRICT ATTORNEY WILL DRAKE, CITY OF BARTLESVILLE, OKLAHOMA, and WASHINGTON COUNTY, OKLAHOMA,<br><br>    Defendants. | Case No.: 25-cv-450-JFH |

## **DEFENDANT DRAKE'S OBJECTION AND MOTION TO STAY**

Defendant William Drake ("DA Drake") objects to Plaintiff's attempt at discovery in this case, (Doc. 58; 63), and requests a Stay pending rulings on two motions to dismiss.

1. The current lawsuit was filed August 26, 2025. (Doc. 1).

2. On September 17, 2025, Plaintiff filed a Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction requesting this Court enjoin "Defendants, their officers, agents, employees, and all persons in active concert or participation with them, from any further participation in the criminal prosecutions named in this complaint, including but not limited to proceeding with hearings, filing motions, or offering plea agreements;" and to Order Defendants to show cause "why a Preliminary Injunction should not issue (1) making this temporary restraint permeant for the duration of this federal litigation, and (2) mandating the recusal of the Washington County District Attorney's Office and the appointment of a special prosecutor from the Oklahoma Attorney General's Office to handle the matter." (Doc. 10, p. 5).

1

3. On September 25, 2025, Magistrate Judge Jodi F. Jayne filed a Report and Recommendation denying Plaintiff's request for an ex parte TRO and preliminary injunction because he did not meet the requirements of Rule 65(b)(1). (Doc. 19, p. 1).

4. On October 1, 2025, Plaintiff filed a Brief in Support of Preliminary Injunction which included additional arguments in support of his original request but did not respond to the Order entered by Magistrate Judge Jayne. (Doc. 21).

5. On October 6, 2025, Defendant Washington County, Oklahoma, filed a Motion to Dismiss the complaint for failing to state a claim, failing to name a proper defendant, and no liability for the acts of a district attorney. (Doc. 23, p. 2-5).

5. On October 9, 2025, Plaintiff filed an Objection to the Report and Recommendation requesting the District Judge "[r]eject the Magistrate Judge's R&R as erroneous and contrary to law." (Doc. 27, p. 7).

6. On October 14, 2025, Plaintiff asserts he attempted to serve DA Drake in his individual capacity by mailing a copy of the summons and complaint by certified mail to the Washington County District Attorney's Office. [Doc. 44, p. 5; Doc. 57, p. 5]. However, Plaintiff did not file a return of service until December 1, 2025. [Doc. 57]. As the return of service was filed untimely, DA Drake inadvertently and in good faith, believed this was an attempt of service in his official capacity and filed a Motion to Dismiss based upon such belief. [Doc. 43].

6. On October 17, 2025, Plaintiff filed a Notice of Filing Supplemental Evidence in Support of Pending Preliminary Injunction and attached two exhibits. (Doc. 34).

7. On November 7, 2025, Defendant DA Drake, in his official capacity only, filed a Motion to Dismiss Plaintiff's Complaint for failure to properly serve (FRCP 4), Eleventh Amendment immunity (FRCP 12(b)(1), Abstention (*Younger*), and lack of requirements under *Ex Parte Young*. (Doc. 43).

8. On November 10, 2025, Plaintiff filed a Response to that Motion to Dismiss (Doc. 44), and on November 24, 2025, DA Drake filed a Reply. (Doc. 55).

9. The Court has not ruled on any of the Defendants' Motions to Dismiss and no Scheduling Order has been issued.

10. On December 2, 2025, Plaintiff filed a Request for Production in Support of Preliminary Injunction requesting DA Drake produce numerous documents. (Doc. 58).

11. On December 9, 2025, Plaintiff filed a Motion to Compel Request for Production asking this Court to compel DA Drake to produce the same documents requested in Request for Production, (Doc. 58), within 7 days, or to order a show cause hearing and a hearing to determine the State's compliance with statutory duties. (Doc. 63).

12. Defendant DA Drake requests relief from having to respond to any Motions/Discovery/Request for Productions until after this Court has ruled on the Motion to Dismiss. (Doc. 43). Defendant, therefore, requests a Stay from having to respond to Plaintiff's Request for Production and Motion to Compel pending this Court's ruling.

## PLAINTIFF'S ATTEMPT TO SEEK DISCOVERY MUST BE STAYED

There are two pending motions to dismiss that challenge the Court's jurisdiction over this action and the Defendants. It is improper for a court to order discovery without first deciding these challenges. As the Supreme Court has instructed, the doors of discovery are "locked" until a plaintiff states a plausible claim for relief. *Ashcroft v. Iqubal*, 556 U.S. 662, 678-79 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will "not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). Therefore, if a plaintiff does not first satisfy the pleading requirements in the Federal Rules of Civil Procedure ("FRCP"), the plaintiff is "not entitled to discovery." *Id.* at 686.

Although Plaintiff captions his filing as a "Request for Production in Support of Preliminary Injunction," he cites to FRCP 26 and 34 (Doc. 58, p. 2), which govern discovery between parties.

Moreover, although Plaintiff is proceeding *pro se*, he is still subject to the same rules and requirements as any other litigation and the FRCP prohibits filing of discovery at this stage. Specifically, FRCP 5(d) provides that "disclosures under Rule 26(a)(1) or (2) and the following discovery requests and responses **must not be filed** until they are used in the proceeding or the court orders filing: depositions, interrogatories, **requests for documents** or tangible things or to permit entry onto land, and requests for admissions." FRCP 5(d)(1)(A) (emphasis added). Thus, under Rule 5(d), it is improper for Plaintiff to file requests for the production of documents. Further FRCP 26(d)(1) does not allow a party to seek discovery from any source before the parties have conferenced in accordance with FRCP 26(f). As such, Plaintiff's request for the production of documents in this case is premature.

While this Court may issue a standard scheduling order and require compliance with certain provisions of FRCP 26 pursuant to LCvR16-1, it is also within the Court's discretion to delay entering such an order if it finds good cause. *See* LCvR16(b)(2). Defendant asserts there are two pending motions to dismiss the complaint before the Court, pursuant to FRCP 12(b)(1),(5), and (6), challenging jurisdiction and pleading requirements which satisfy the good cause requirement.

Additionally, DA Drake requests this Court order the parties to cease filing anything other than the briefing necessary for the pending motions to dismiss, or to meet other requirements of court orders or deadlines. Not only are there two pending motions for dismissal before the Court,

but Plaintiff has also filed numerous other motions and objections[1] requiring the Court's attention. Such an order would help guard against this Court's docket becoming unmanageable based on improper filings that occupy valuable judicial time and resources. *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (noting that the court has inherent power to manage its docket to achieve the orderly and expeditious disposition of the cases).

For these reasons, DA Drake requests this Court issue a Stay to Plaintiff's Request for Production (Doc. 58), Plaintiff's Motion to Compel (Doc. 63), and an Order to cease filing anything other than necessary until after this Court rules on all outstanding motions to dismiss and issues a scheduling conference/order (if necessary).

Respectfully submitted,

*s/Tabitha Haney*
**TABITHA HANEY, OBA#35626**
**KEVIN L. McCLURE, OBA#12767**
Assistant Attorneys General
Oklahoma Attorney General's Office
Litigation Division
313 NE 21st Street
Oklahoma City, OK 73105
T: (405) 521-3921 |F: (405) 521-4518
Email: Tabitha.haney@oag.ok.gov
       kevin.mcclure@oag.ok.gov
*Attorneys for Defendant*

---

[1] *See* Plaintiff's Motion for More Clarified Statement pursuant to FRCP 12(e) (Doc. 25), Plaintiff's Motion to Compel Rule 7.1 Disclosures (Doc. 35), Plaintiff's Motion for Leave to File Corrected Pleadings (Doc. 36), Plaintiff's Motion for Leave to File Sure-Reply in Further Opposition to Motion to Dismiss (Doc. 38), Plaintiff's Notice to the Court and Objection to Defamatory Statements (Doc. 48), Plaintiff's Request for Production (Doc. 58), and Plaintiff's Motion to Compel Request for Production (Doc. 63).

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 22nd day of December 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing. I further certify that a true and correct copy of the foregoing document was sent via the ECF System to all counsel of record who are ECF participants. I further certify that a true and correct copy of the foregoing document was mailed via U.S. Postal Service to:

Gabriel Gideon, *Pro Se*
502 N Buckeye
Coffeyville, KS 67337

               *s/Tabitha Haney*
               Tabitha Haney