# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GABRIEL GIDEON, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BILLY MCCALL, et al ) <br> Defendants, ) | Case No.:25-cv-00450 |

**PLAINTIFF'S OPPOSITION TO DEFENDANT DRAKE'S OBJECTION AND MOTION TO STAY DISCOVERY**

## I. INTRODUCTION

Defendant District Attorney Will Drake ("DA Drake") moves to stay all discovery and to bar Plaintiff from further filings as well as pursuing document production, pending resolution of motions to dismiss. The motion is premised on material misstatements and selective quotations of the Federal Rules of Civil Procedure, ignores controlling 2015 amendments expressly authorizing early Rule 34 requests, and improperly seeks to convert the filing of Rule 12 motions into a de facto discovery moratorium.

The relief requested would frustrate the purpose of Rule 26(f), impair the Court's ability to adjudicate Plaintiff's request for preliminary injunctive relief, and invert the Federal Rules' mandate that cases be resolved justly, speedily, and on the merits. The motion should be denied.

## II. LEGAL STANDARD

A stay of discovery is not automatic upon the filing of a motion to dismiss. Courts require a particularized showing of good cause, weighing the breadth and scope of the requested discovery, the burden on the responding party, the likelihood that the dispositive motion will succeed, and the prejudice to the non-moving party. The moving party bears the burden of demonstrating that a stay is warranted.

## III. ARGUMENT

### A. Defendant's Motion Is Based on a Material Misstatement of Rule 26

#### 1. Rule 26(d)(2) expressly authorizes early Rule 34 requests

Defendant asserts that Rule 26(d)(1) categorically prohibits discovery prior to a Rule 26(f) conference. That assertion is false under the current version of the Rules.

Rule 26(d)(2), adopted in 2015, provides:

> "More than 21 days after the summons and complaint are served on a party, a request under Rule 34 may be delivered to that party before the parties' Rule 26(f) conference."

The Advisory Committee Notes explain that this amendment was designed to ensure that Rule 26(f) conferences are substantive, informed, and meaningful, rather than perfunctory or "drive-by" events.

Defendant's motion omits Rule 26(d)(2) entirely, while relying on Rule 26(d)(1) as though the exception did not exist. This omission renders Defendant's legal argument inaccurate and misleading.

**2. Defendant improperly conflates "filing" discovery with "serving" discovery**

Defendant repeatedly invokes Rule 5(d) to argue that Plaintiff's discovery efforts are improper. Rule 5(d)(1)(A), however, governs filing discovery materials with the court—not serving discovery on a party.

Rule 5(d) does not prohibit early service of Rule 34 requests, does not override Rule 26(d)(2), and does not provide a basis for staying discovery. At most, Rule 5(d) addresses docket management. It is not a bar to discovery and cannot be used to nullify express authorization in Rule 26(d)(2).

**B. The Motion Misapplies *Iqbal* and Does Not Establish a Discovery Bar**

Defendant relies on *Ashcroft v. Iqbal* to argue that discovery is "locked" until pleading sufficiency is adjudicated. That reliance is misplaced.

*Iqbal* addresses the plausibility standard under Rule 8 and cautions against allowing burdensome merits discovery where a complaint is conclusory. It does not establish a categorical rule that discovery must be stayed whenever a motion to dismiss is pending. Courts consistently hold that the filing of a Rule 12 motion does not automatically stay discovery, particularly where discovery is limited, targeted, or necessary for equitable relief.

### C. Discovery Supporting a Preliminary Injunction Is Independently Proper

Plaintiff's requests for production are expressly tied to preliminary injunctive relief. Discovery in support of a Rule 65 motion is routinely permitted and often necessary for the Court to evaluate likelihood of success on the merits, irreparable harm, the balance of equities, and public interest.

Defendant's motion fails to address Rule 65 at all and instead treats Plaintiff's requests as ordinary merits discovery. That framing is incorrect and ignores well-established federal practice permitting expedited or targeted discovery in aid of injunction proceedings.

### D. Defendant Has Not Shown Good Cause for a Blanket Stay

Defendant offers no evidence of undue burden, overbreadth, or prejudice. Instead, the motion relies on generalized assertions and speculative outcomes of pending motions to dismiss.

A blanket stay is particularly inappropriate where the discovery sought is document-based, the responding party is a public official with control over relevant records, jurisdictional and equitable issues are intertwined with the requested discovery, and delay would materially prejudice the Plaintiff.

Defendant's position would allow any party to halt discovery indefinitely simply by filing serial dismissal motions—an outcome the Federal Rules do not permit.

### E. Granting the Motion Would Undermine Rule 1 and the Court's Truth-Seeking Function

Rule 1 requires that the Federal Rules be construed to secure the just, speedy, and inexpensive determination of every action. A stay here would delay resolution of urgent

equitable claims, deprive the Court of a factual record necessary for informed decision-making, reward procedural delay, and frustrate the express purpose of Rule 26(d)(2). The Court is not a procedural shield to prevent the development of facts. Its role is to adjudicate disputes on a complete and truthful record.

### F. Additional Context For Consideration

In the Motion, Defendant Drake lists multiple filings, both in the body and in footnotes, made by the Plaintiff which are responses or filings perfectly allowed within the briefing schedules they were filed in, many of which are based on the other Defendant's Motions to Dismiss. The Plaintiff highlights that the Motion to Take Judicial Notice is left out of the list that Defendant Drake stated as needing to be addressed by the court. This omission is not a mistake, but a deliberate act in the strategy of Defendant Drake to continue to obfuscate the deliberation of the Preliminary Injunction requested in early September of this year.

### IV. CONCLUSION

Defendant's Objection and Motion to Stay is premised on misstatements of the Federal Rules, selective quotation, and an improper attempt to transform Rule 12 motions into an automatic discovery bar. The motion ignores Rule 26(d)(2), misuses Rule 5(d), and fails to demonstrate good cause for a stay. For these reasons, Plaintiff respectfully requests that the Court:

1. Deny Defendant Drake's Motion to Stay;
2. Order Defendant Drake to comply with Plaintiff's requests for production within a reasonable time.

Respectfully submitted,

Gabriel Gideon

520 N Quincy St,

Fredonia, KS 66736

(620) 870-8675