# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GABRIEL GIDEON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 25-cv-450-JFH-JFJ |
| | ) |
| OFFICER BILLY MCCALL, in his individual and official capacity, DISTRICT ATTORNEY WILL DRAKE, in his individual and official capacity, THE CITY OF BARTLESVILLE, OKLAHOMA, a municipal corporation, WASHINGTON COUNTY, OKLAHOMA, a political subdivision of the State of Oklahoma, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT CITY OF BARTLESVILLE'S RESPONSE AND OBJECTION TO THE FINDING OF DEFAULT AGAINST CO-DEFENDANT BILLY MCCALL

COMES NOW, Defendant The City of Bartlesville, Oklahoma (the "City") for its response and objection to the clerk's finding of default against co-defendant former Officer Billy McCall pursuant to Federal Rule of Civil Procedure 55(a). In support of this objection, the City submits the following:

1. Plaintiff Gideon sought default judgment against co-defendant Billy McCall, the arresting officer in the underlying action.

2. Plaintiff's lawsuit centers upon the actions of co-defendant Billy McCall, who is not represented by the City and, in fact, no longer works for the City. Defendant McCall's knowledge or actions are not specifically known to this defendant. The City has answered the Plaintiff's complaint and the remaining co-defendants in this case, Washington County and District Attorney Will Drake, are currently mired in a series of motions to dismiss and other collateral issues.

3. Plaintiff's claims against the City of Bartlesville in this matter center primarily around civil rights violations with regard to the actions or inactions as alleged against Billy McCall. These claims are separate and distinct from the claims being made against McCall. The City objects to any ultimate finding of default *judgment*, pursuant to F.R.C.P. 55(b), as to Officer McCall serving as any sort of bootstrap attempt to find liability as to the City for Plaintiff's claims under § 1983 or any theory of tort liability. Liability under 42 U.S.C. § 1983 cannot be based upon the doctrine of *respondeat superior* or vicarious liability. *Monell v. N. Y. City Dept. of Soc. Servs.*, 436 U.S. 658 (1978); *see also Jensen v. West Jordan City*, 968 F.3d 1187, 1204 (10th Cir. 2020). In *Monell*, the Supreme Court held that a government entity is only liable under § 1983 when the constitutional injury can be fairly said to have been caused by that entity's own policies and customs. *Id*. Similarly in *Jantzen v. Bd. of County Comm'rs of Canadian County*, 188 F.3d 1247, 1259 (10th Cir. 1999), the Tenth Circuit held that the defendant may not be held liable for violating § 1983 due to the actions of a separate entity, absent a showing that said entity was executing an unconstitutional policy or custom of the defendant itself. (citing *Monell*, 436 U.S. at 694 (1978); *Clark v. City of Draper*, 168 F.3d 1185, 1187 n.5 (10th Cir. 1999)); *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 408, 117 S. Ct. 1382, 1390, 137 L. Ed. 2d 626 (1997).

3. The city recognizes that an entry of default and a default judgment are distinct concepts which must be treated separately, out of an abundance of caution, however, the City files this objection to *any* finding of default under Federal Rule of Civil Procedure 55(b). *See United States v. Topeka Livestock Auction, Inc.* 392 F. Supp. 944, 950 (N.D. Ind. 1975).[1]

---

[1] Further, this case has multiple defendants and, in the event a default judgment against McCall would or may be considered at some point, "[i]n a suit against multiple defendants a default judgment should not be entered against one until the matter has been resolved to all." *Home Ins. Co. of Ill, v. ADCO Oil Co.* 154 F. 3d 739, 741 (7th Cir. 1998)."

4. Further, with respect to the initial finding of default by the Clerk of Court in this matter, under Federal Rule of Civil Procedure 55(a), the City respectfully submits this objection to this finding as well. Specifically, Plaintiff does not present sufficient evidence of service upon Officer McCall on the face of the return filed with Moton for Default Judgment. [Dkt. 51] The Service of Summons indicates that the Complaint and Summons was purportedly left with someone or something named "Park" with no indicating address or information of substantiating the service was at all proper based upon this documentation. There was not address listed on the service papers as to where this alleged "Park" was served with anything, nor was there any accompanying information indicating that it was mailed or received by Defendant McCall.

5. Plaintiff initially filed a Request for Entry of Default under Rule 55(a) this month on December 9, 2025. [Dkt. 64]. This was immediately denied the same day by the Clerk stating "nonmilitary and competency language is not included in Plaintiff's motion." [Dkt. 67]. The next morning on December 10, 2025, Plaintiff refiled his Request for default, stating – without any supporting information other than his "information and belief" – that McCall is was not enlisted or deployed in the military and that McCall is of "sound mind, is not known to be incompetent, and is not otherwise legally incapable of defending this lawsuit." [Dkt. 68]. The Court Clerk then entered default that same day. [Dkt. 70]. Respectfully, this information provided by Plaintiff regarding Defendant McCall's default status is deficient and does not properly serve as the basis for finding default against McCall. As such, the City objects to the Clerk's finding of default as the Service of Summons appears to be deficient on its face for purposes of default status, even under 55(a). Plaintiff has failed to meet his burden in this respect.

6. Further, default judgments are never viewed with favor and litigated questions should be tried on their merits. *Meeker v. Rizley,* 324 F. 2d 269 (10th Cir. 1963); *Williams v. Meeker North Dawson Nursing, LLC*, 2019 OK 80, 455 P.3d 908, citing *Freely v. Davis*, 1989 OK 163, ¶ 16, 784 P.2d 1066, 1070. It is the policy of the law to afford every party to an action of fair opportunity to present its side of a cause. *Burrows v. Bob Martin Corp.,* 1975 OK 80, ¶ 23, 536 P.2d 339, 342. *See also, U.S. Fid. & Guar. Co. v. Petroleo Brasileiro SA,* 220 F.R.D., 404, 406 (S.D.N.Y. 2004) ("The determination of whether to grant a motion for default judgment is within the sound discretion of the district court. However, "[i]t is well established that default judgments are disfavored. A clear preference exists for cases to be adjudicated on the merits.'" (alteration in original) (citations omitted) (quoting *Pecarsky v. Galaxieworld.com Ltd.*, 249 F. 3d 167, 174 (2d Cir. 2001)). As such, American jurisprudence heavily disfavors default judgments.

7. The City objects to the entry of any default against Officer McCall that may be used in any attempt to set liability or damage amounts for the City. The claims against the City are separate and distinct and the defenses will be separate as well. Again, the doctrine of *respondeat superior* is not available to the Plaintiff for §1983 liability. However, any attempt at creating liability for the City based upon any default ruling, or bootstrapping any default ruling, for Defendant McCall is objected to by the City at this time.

WHEREFORE, based upon the above and foregoing, Defendant City of Bartlesville respectfully objects to the Clerk of Court's entry of default against Billy McCall pursuant to Rule 55(a) and further objects to any ultimate finding of default judgment under Rule 55(b) should the same be filed with the Court, more specifically limited in its application to not be used to create a damage model to be forced upon the City.

Respectfully submitted,

*s/ Michael L. Carr*
Michael L. Carr, OBA # 17805
MCAFEE & TAFT A PROFESSIONAL CORP.
Williams Center Tower II
2 West 2nd Street, Suite 1100
Tulsa, Oklahoma 74103
Telephone: (918) 587-0000
Facsimile: (918) 599-9317
mike.carr@mcafeetaft.com

**ATTORNEY FOR DEFENDANT
THE CITY OF BARTLESVILLE**

# CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of December 2025, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the following ECF registrants:

Gabriel Gideon
  gabrieltgideon@outlook.com
***Pro Se* Plaintiff**

Clark Warfield Crapster
  cwc@czwlaw.com
Christopher James Collins
  cjc@czwlaw.com
***Attorneys for Washington County***

Kevin Lynn McClure
  kevin.mcclure@oag.ok.gov
Tabitha Haney
  tabitha.haney@oag.ok.gov
***Attorneys for District Attorney
 Will Drake***

*s/ Michael L. Carr*