UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GABRIEL GIDEON, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.:25-cv-00450 |
| | ) |
| BILLY MCCALL, et al | ) |
| Defendants, | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT CITY OF BARTLESVILLE'S OBJECTION TO CLERK'S ENTRY OF DEFAULT AGAINST CO-DEFENDANT MCCALL**

Plaintiff respectfully responds to Defendant City of Bartlesville's ("City") objection to the Clerk's entry of default against co-defendant Billy McCall and states as follows:

**I. The City Lacks Standing to Object to Service or Default on Behalf of McCall**

The City repeatedly disclaims any representation of, control over, or agency relationship with former Officer Billy McCall. As a matter of law, only the party allegedly improperly served—or counsel authorized to appear on that party's behalf—may challenge service or seek relief from default.

The City is neither. Accordingly, it lacks standing to object to service upon, or default entered against, McCall. The objection should be overruled or stricken on this basis alone.

## II. Plaintiff Did Not and Has Not Sought Default Judgment

The City repeatedly frames its objection as opposing a "default judgment," despite Plaintiff having sought only an entry of default under Rule 55(a). No motion under Rule 55(b) has been filed.

The objection is therefore directed at relief not requested and provides no basis to disturb the Clerk's ministerial act. Moreover, Plaintiff has not represented—nor does he now—that default judgment is his preferred outcome. The City's repeated mischaracterization of the relief sought underscores the speculative and premature nature of its filing.

## III. The Clerk Properly Entered Default Under Rule 55(a)

Rule 55(a) requires only a showing that a defendant has failed to plead or otherwise defend after service. The Clerk reviewed the record and entered default on December 10, 2025.

The City cites no authority permitting a non-party to relitigate the Clerk's determination, nor does it identify any defect depriving the Clerk of authority to enter default. Any challenge to service or default must be brought by McCall himself under Rule 55(c) or Rule 12(b)(5).

## IV. Alleged Technical Defects in the Return of Service Are Curable and Do Not Void Service

Even if the City had standing (it does not), alleged omissions in a return of service—such as the level of detail regarding the person served—do not render service void. A return of service constitutes prima facie evidence of service and may be amended or supplemented by affidavit if necessary.

Such matters are properly raised by the served defendant, not by unrelated parties speculating on his behalf. The City's arguments do not justify vacating or questioning the Clerk's entry of default.

## V. The City's Monell and "Bootstrapping" Arguments Are Premature and Irrelevant

The City's discussion of § 1983 municipal liability, respondeat superior, and Monell principles is wholly unrelated to the issue presented. An entry of default against one defendant does not establish liability, damages, or policy-based responsibility as to any other defendant.

These merits-based arguments are premature and provide no basis to disturb a Rule 55(a) entry of default.

## VI. The City Cannot Disclaim Knowledge While Acting on It

The City asserts that McCall's "knowledge or actions are not specifically known" to it, yet in the same filing it affirmatively argues—without qualification—that:

1. Service on McCall was defective;
2. McCall may lack notice;
3. Plaintiff's representations regarding McCall's competency and military status are deficient; and
4. Default against McCall would be improper and unfair.

These positions are mutually exclusive. A party cannot, in good faith, disclaim knowledge of an individual's status while advancing fact-specific procedural defenses on that individual's behalf. One cannot challenge notice, competency, or service mechanics without some informational basis—whether through direct communication with McCall or access to nonpublic information.

This informational asymmetry is precisely why Plaintiff moved for a more clarified statement and the Court should, as a result of these internally inconsistent arguments, grant said Motion in full.

## VII. The City's Filing Constitutes De Facto Advocacy for a Disclaimed Former Employee

The City repeatedly emphasizes that McCall "no longer works for the City" and "is not represented by the City," yet it nonetheless:

1. Objects to entry of default on McCall's behalf;
2. Litigates the sufficiency of service specific to McCall;
3. Challenges Plaintiff's Rule 55(a) showing as to McCall's legal capacity; and
4. Argues McCall deserves adjudication on the merits.

This is not incidental overlap. It is substantive procedural advocacy indistinguishable from representation in effect, if not in name. The City disclaims representation while acting as counsel in substance, reflecting an aligned defensive posture designed to prevent adverse findings against McCall that could later implicate the City.

## VIII. The City's Continued Styling of McCall as "Officer" Undermines Its Claimed Detachment

Throughout its objection, the City persistently refers to McCall as "Officer McCall," despite affirmatively stating that he is no longer employed and not represented by the City.

*Titles* matter in § 1983 litigation. Maintaining McCall's official designation while disavowing any employment relationship is not neutral drafting—it preserves the color of authority surrounding his conduct while simultaneously attempting to insulate the City from responsibility. This selective framing further underscores the need for clarification of the City's actual position and knowledge.

### IX. The Objection Confirms the Necessity of a More Clarified Statement

The City previously argued that Plaintiff's Motion for a More Clarified Statement was improper. Its present filing proves the opposite. By simultaneously:

1. Claiming lack of knowledge,
2. Making definitive procedural assertions about McCall,
3. Acting to protect McCall from default, and
4. Disclaiming any agency or representational relationship,

the City has created an internally inconsistent record that cannot be reconciled without clarification. Rule 12(e) exists precisely for this scenario.

### Conclusion

The City's objection does not undermine the Clerk's entry of default. It affirmatively demonstrates that the City possesses or has accessed information it claims not to have and is coordinating its litigation posture around McCall while denying any formal relationship with him. Accordingly, the objection should be overruled or stricken.

Respectfully submitted,

Gabriel Gideon

520 N Quincy St,

Fredonia, KS 66736

(620) 870-8675