# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN

# DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **GABRIEL GIDEON,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:25-cv-00450** |
| | ) | |
| **BILLY MCCALL, et al** | ) | |
| **Defendants,** | ) | |

## NOTICE OF SUPPLEMENTAL AUTHORITY AND STATE COURT

## DEVELOPMENT

Plaintiff respectfully submits this Notice to inform the Court of a material development in the parallel state proceeding that bears directly on the Report and Recommendation's Younger bad-faith analysis.

## I. The State Has Conceded Relief Under California Penal Code § 1203.4

In its filed response in *State v. Gideon, Case No. CF-2023-00230* (Washington County), the State expressly acknowledges that Plaintiff petitioned for and obtained relief under California Penal Code § 1203.4 with respect to the underlying California conviction.

That concession is significant for three independent reasons:

1. It confirms that the prior California judgment was withdrawn and dismissed under § 1203.4; and

2. It eliminates any factual dispute as to whether the underlying conviction remained operative as a standing judgment at the time of arrest relevant to this case.

3. It confirms that the R&R did, in fact, resolve factual disputes adverse to the Plaintiff without proper procedural safeguards.

The State does not contest that § 1203.4 relief was granted. Rather, it attempts to argue that collateral consequences may continue under California law. That argument, however, does not alter the operative concession that the original conviction was set aside and dismissed.

## II. The Concession Undermines the R&R's "Reasonable Hope of Success" Analysis

In concluding that the bad-faith exception to Younger abstention was not satisfied, the R&R reasoned that:

*"Even if Plaintiff may have a valid suppression argument, the pending firearm charge cannot be deemed frivolous, fabricated, or without reasonable hope of success."[2]*

That reasoning depended on the assumption that the felon-in-possession charge retained legal viability.

---

[2] See ECF No 81 'Report & Recommendation"

The State's acknowledgment that § 1203.4 relief had been granted materially affects that premise.

Under the sequence of events already reflected in the federal record:

1. Officer McCall did not know Plaintiff's identity at the time of arrest;

2. Officer McCall did not know of any prior conviction at the time of arrest;

3. The alleged felony status was discovered only after booking; and

4. The firearm charge was added thereafter.

Now, with the State conceding that the underlying conviction had been set aside and dismissed years earlier, the factual foundation for the firearm charge is further diminished.

Whether Oklahoma ultimately recognizes any collateral disability flowing from a § 1203.4 dismissal is a separate statutory question. But for purposes of the Younger bad-faith analysis, the relevant inquiry is whether the charge had a reasonable legal foundation at the time it was brought.

The State's present position confirms:

1. There was no contemporaneous knowledge of a qualifying conviction; and

2. The conviction relied upon had already been vacated and dismissed.

That development directly bears on whether the firearm charge possessed a "reasonable hope of success" when initiated.

### III. The R&R Resolved a Factual Premise That Is Now Undermined

The R&R's abstention analysis necessarily relied upon an *assumed* factual viability of the firearm charge. The State's concession regarding § 1203.4 relief narrows, and materially alters, that premise.

Accordingly, Plaintiff respectfully submits that the Court should consider this development in conducting de novo review of the R&R, particularly as it pertains to:

1. The bad-faith exception to Younger; and
2. The conclusion that the firearm charge was not frivolous or without reasonable hope of success.

No further argument is offered at this time. This Notice is submitted solely to ensure the record reflects the State's acknowledgment regarding § 1203.4 relief and its relevance to the abstention analysis currently under review.

Attached, find the State's Reply to Plaintiff's Motion to Dismiss, labeled as "Exhibit A", with 4 total pages.

Respectfully submitted,

Gabriel Gideon

520 N Quincy St,

Fredonia, KS 66736

(620) 870-8675

IN THE DISTRICT COURT OF THE ELEVENTH JUDICIAL DISTRICT OF THE
STATE OF OKLAHOMA SITTING IN AND FOR WASHINGTON COUNTY

DISTRICT COURT WASHINGTON CO OK
JEAN DAVIS, COURT CLERK

F
I
L    FEB 1 2 2026
E
D
BY_____
                    DEPUTY

THE STATE OF OKLAHOMA,          )
                                )
        Plaintiff,              )
                                )
vs.                             )       Case No. CF-2023-230
                                )
GABRIEL TERECE GIDEON           )
                                )
                                )
        Defendant(s).           )

### STATE'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

**COMES NOW** the State of Oklahoma by and through Assistant District
Attorney Veronica Threadgill to request the Court deny the *Defendant's Motion to
Dismiss* and states as follows:

### I. Procedural History

The Defendant was charged on August 29, 2023, with Possession of Firearm
After Former Felony Conviction, a felony, and Obstructing Officer, a misdemeanor.
Bond was set at $10,000, and on August 31, 2023, the Defendant posted that bond.
On September 8, 2023, the Defendant appeared in court and was ordered back for
October 6, 2023. On that date, the Defendant failed to appear and has been absent
from this Court since. A bench warrant was authorized and issued for $20,000.

On October 16, 2024, the State charged the Defendant with Bail Jumping, a
felony. He has not yet been seen on that charge.

### II. Motion to Quash

Defendant's Motion is in part a Motion to Quash, as the Defendant claims
there is insufficient evidence to prove one of the necessary elements of the crime for

which the Defendant is charged.[1] The time to file a Motion to Quash is after a preliminary hearing.[2] There has been no preliminary hearing yet in this case; therefore, the issue is not ripe.

## III. Motion to Suppress

Defendant's motion is in part a Motion to Suppress as well. Currently there is no record to suppress. There have been no hearings. No evidence has been presented. Therefore, this issue is similarly not ripe.

## III. Defendant's Underlying Felony Conviction

Defendant offers no statute or case law to support his contention that the change in status of the offense for which he was convicted exempts him from the restriction in § 1283. The Defendant applied for relief in Rancho Cucamonga County, California by petitioning for a dismissal of the case which is the basis for his felony conviction pursuant to Cal. Pen. Code § 1203.4. This relief sought by the Defendant does not even provide him with the ability to possess a firearm by California law.[3] Nor is this relief sufficient to evade criminal responsibility under § 1283.

## IV. Defendant's Other Requests for Relief

Defendant refers to a federal civil rights lawsuit against Officer McCall, now of the Pawhuska Police Department. There is currently no resolution to that matter nor any ruling that would bear on this court's ability to hear this case at hand. The Defendant further claims the State of Oklahoma holds "contradicting positions." To the extent the State has been heard in this case – which has been virtually limited to the filing of charges – the State has only had one position, which is that there is probable cause that the Defendant committed the crimes with which he is charged.

The Defendant offers no statutory authority to support his remaining requests regarding the outstanding bench warrant in this case, his bail jumping

---

[1] 22 O.S. § 504.1 (OSCN 2026).

[2] *Id.*

[3] Cal. Pen. Code § 1203.4(a)(2). "Dismissal of an accusation or information pursuant to this section does not permit a person to own, possess, or have custody or control of a firearm..."

charge in CF-2024-268, or his request to waive his personal appearance. There is also no basis for the District Attorney's Office to recuse.

WHEREFORE, the State prays this Court will deny the Defendant's motion and other requests for relief and set this matter for a hearing.

Respectfully submitted,

Veronica J. Threadgill, OBA #34417
Assistant District Attorney
Washington County D.A.'s Office
420 S. Johnstone, Rm. 222
Bartlesville, Oklahoma 74003

## CERTIFICATE OF MAILING

This certifies that on this 12th day of February 2026, a true and correct copy of the above was provided to the Defendant via email:

Gabriel Gideon

Veronica J. Threadgill