# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **GABRIEL GIDEON,** )<br>**Plaintiff,** )<br> )<br>**v.** )<br> )<br> **BILLY MCCALL, et al** )<br>**Defendants,** ) | **Case No.:25-cv-00450** |

## PLAINTIFF'S AFFIDAVIT IN SUPPORT OF REQUEST FOR ENTRY OF DEFAULT AGAINST DEFENDANT WILL DRAKE IN HIS INDIVIDUAL CAPACITY

COMES NOW Plaintiff Gabriel Gideon, pro se, and respectfully requests that the Clerk of Court enter default against Defendant Will Drake in his individual capacity pursuant to *Federal Rule of Civil Procedure 55(a)*. In support thereof, Plaintiff states as follows:

### I. SERVICE WAS PROPERLY EFFECTED ON DEFENDANT DRAKE

On December 2, 2025, Plaintiff caused the Summons and Complaint to be served upon Defendant Will Drake at his dwelling located in Bartlesville, Oklahoma. The documents were tendered and Defendant Drake refused service. The Return of Service was filed with this Court as ECF No. 73. Defendant Drake has not contested facts surrounding this refusal, which have been presented by Plaintiff despite multiple opportunities to do so.

Under Federal Rule of Civil Procedure 4(e)(2)(B), service upon an individual may be accomplished by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." The Tenth Circuit has held that refusal to accept service does not defeat otherwise proper service. See *Nowell v. Nowell, 384 F.2d 951, 953 (10th Cir. 1967)* ("[A] defendant cannot avoid service of process by refusing to accept it."); see also *Okla. Stat. tit. 12, § 2004(C)(1)(c)(5)* (service complete upon tender, regardless of refusal). The Return of Service (ECF No. 73) therefore constitutes valid and complete service.[1]

## II. DEFENDANT DRAKE HAS FAILED TO PLEAD OR OTHERWISE DEFEND CLAIMS AGAINST HIS INDIVIDUAL CAPACITY

Under Federal Rule of Civil Procedure 12(a)(2), a defendant served with a complaint must file an answer within twenty-one days. Defendant Drake was served on December 2, 2025. His answer in this capacity was due on or before December 23, 2025.

To date — more than five months after service — Defendant Drake has not filed an answer or any Rule 12 motion in his individual capacity. The Oklahoma Attorney General's Office filed a Motion to Dismiss on behalf of "DA Drake but that motion explicitly limits its appearance to *official capacity* and does not

---

[1]  Plaintiff's notes that Defendant Will Drake stated in his Motion to Dismiss that he had not been properly served, and in response the Plaintiff filed a Motion to extend or service deadlines, which this Court GRANTED. Plaintiff then served him at his home, and the REFUSAL followed.

constitute a response to the individual capacity claims. See *Kentucky v. Graham, 473 U.S. 159, 165-66 (1985)* (official capacity suits are distinct from individual capacity suits); *Hafer v. Melo, 502 U.S. 21, 25 (1991)* (individual capacity suits target the person, not the office).

Defendant Drake has not requested an extension of time to answer. He has not filed any responsive pleading in his individual capacity. He has not moved for a more definite statement. He has not asserted any defense to the individual capacity claims. His failure to respond is willful and ongoing.

## III. DEFENDANT DRAKE HAS EXTENSIVE PROVABLE ACTUAL KNOWLEDGE OF THIS ACTION

Will Drake has previously appeared through counsel in his Official capacity, and knowledge of this action therefore has been established, however Plaintiff seeks to further establish his knowledge and *intentions* using his own words.

The Plaintiff in the instant case has been motioning the State Court to address various issues with the case, that the Magistrate's R&R implicitly acknowledged, and upon the State Court's refusal to do so, Plaintiff requested that ADA Veronica Threadgill provide Discovery in the criminal matter via email. She acknowledged this request on February 22nd, 2026 (see Exhibit A Attached to this affidavit). However, for around 44 days did not respond to any further requests for this discovery. Plaintiff again emailed her on April 29, 2026, after which Defendant

in the instant case Will Drake **personally** emailed Plaintiff in response, see Exhibit B & C, attached.

In those emails, Drake stated that *he had no intention of responding to my "frivolous filings"* and *"come down to Oklahoma and let's get the deposition going"*, among other remarks. While this further highlights this Office's indifference to the "potential constitutional violation based on a [presumed] mistake of the law", Plaintiff seeks to merely show that he does have knowledge and a stated intent, that may include a showing of indifference. In addition to some personal insults and statements about his perception of Plaintiff's intelligence , and position on the Plaintiff's various filings, Defendant Drake also made multiple references to Plaintiff's activity in both state and federal court, demonstrating his detailed knowledge of the procedural history of this case. These communications show actual knowledge, personal participation, hostility toward protected filings, and an express refusal to engage with case-related communications unless Plaintiff returns to Oklahoma and subjects himself to arrest exposure, which undermines any "mistake of law" gloss as his own statements both prior to the emails and in them, do not reflect such a position. They also further support recusal[2] of the Office itself because the elected District Attorney is no longer merely supervising the prosecution; he is personally

---

[2] Plaintiff has Motioned the State Court for Recusal, and in that Motion, for access via Remote Hearing. The Remote Hearing request was ignored and the Court set a date of March 6th, 2025, where the Court then denied fully briefed Motions (see Order Setting Hearing from State v Gideon). Plaintiff has since filed a Motion for Reconsideration on various grounds which has gone unanswered for more than 45 days by the State Court and the Office of the District Attorney.

communicating with the Defendant about the litigation, the warrants, the filings, and [mocking] a bar complaint while he remains a named defendant in the related federal action, despite his subordinate being the ADA assigned to the case. He cannot be detached.

A defendant who has actual knowledge of a pending lawsuit cannot evade default by claiming ignorance of the proceedings. See In re *Rains, 428 F.3d 893, 900 (9th Cir. 2005)* (actual knowledge of litigation supports entry of default where defendant fails to respond). Drake's email confirms both actual knowledge of the case and a *deliberate choice not to answer.*

## IV. DEFAULT IS PROPER UNDER RULE 55(A)

Federal Rule of Civil Procedure 55(a) provides that default must be entered when a party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." See Fed. R. Civ. P. 55(a). The Clerk's entry of default is ministerial and mandatory once the failure to respond is established. See *10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2682 (4th ed. 2016)* ("The clerk's duty to enter default is purely ministerial" once the affidavit shows failure to respond).

Under Rule 55(a) default is appropriate where a defendant, properly served, fails to answer within the time prescribed by the rules.

## V. DEFENDANT DRAKE IS NOT ENTITLED TO AVOID DEFAULT

The Magistrate's Report and Recommendation (ECF No. 81) addressed Defendant Drake as a party properly before the Court. The R&R analyzed his official capacity motion and recommended a stay of *all claims* against him and other parties. It did not question the already-performed service. It did not suggest that Drake was not properly served. It did not excuse Drake from responding in his individual capacity. The pendency of a Report and Recommendation does not stay the deadlines for responsive pleadings. No order staying this case has been entered. Drake remains obligated to answer the individual capacity claims, and his failure to do so warrants default.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Clerk of Court enter default against Defendant Will Drake in his individual capacity pursuant to Federal Rule of Civil Procedure 55(a).

RESPECTFULLY SUBMITTED,

Gabriel Gideon, *Pro Se Plaintiff*
520 N Quincy St., Fredonia, KS 66736
Tel: (620) 870-8675 Email: gabrieltgideon@outlook.com

 



## Gabriel Gideon Felony Relief

**Threadgill, Veronica** <veronica.threadgill@dac.state.ok.us>        Sun, Feb 22 at 12:29 PM
To: Gabriel Gideon <gabrieltgideon@gmail.com>

I have not received the physical copy yet from the Court Clerk's Office, but I do see it online. I am attaching the order for hearing that Judge Thomas signed. I have also received your discovery request.

[Quoted text hidden]
**Order Setting Hearing.pdf**

# EXHIBIT A

 

**Drake, Will** <Will.Drake@dac.state.ok.us>       Wed, Apr 29 at 10:49 AM
To: Threadgill, Veronica <Veronica.Threadgill@dac.state.ok.us>,
gabrieltgideon@gmail.com <gabrieltgideon@gmail.com>
Cc: Pfeffer, James <James.Pfeffer@dac.state.ok.us>

Mr. Gideon,


It would be in your best interests to hire an attorney licensed to practice in the State of Oklahoma and make your legal claims in your criminal case. It is clear form your filings in federal court, your filings in state court and the correspondence in this matter that you need actual legal help, something more advanced than artificial intelligence applications.


It would also be more than appropriate for you to stop running from the law and turn yourself in on your outstanding warrants. You have had court dates scheduled and failed to appear more than once, I believe Ms. Threadgill and the Court have been more than patient with you and your filings.


Finally, I would suggest you contact a bondsmen who is licensed in Oklahoma and turn yourself into the jail, since you feel so strongly about your claims it will be the fastest way to get those claims to the court and eventually to an appellant judge.


There is absolutely no reason to respond to this email as I have no interest in anything you have to say until you come back to this courthouse and start the legal process. There is absolutely no reason to contact Ms. Threadgill about your case until you come back to the Courthouse.

I have not received any bar complaint form you to this point.  I have attached the link to make sure you know where to find the correct form to file your bar complaint against me.  I always enjoy reading a good fictional story.

https://www.okbar.org/gc/complaint/

Hope to see you soon at the Courthouse.

**William D. Drake | District Attorney**

11th Prosecutorial District (Washington & Nowata County)

420 S. Johnstone, RM 222

Bartlesville, OK 74006

918-337-2860

will.drake@dac.state.ok.us



mpq-001532

Labor Omnia Vincit

The information in this e-mail message (including any information contained in attachments hereto) is intended only for use of the addressee. This e-mail message may contain confidential or privileged information. If you receive this e-mail message unintentionally, please notify the sender immediately and then delete this message. E-mail transmission is not guaranteed to be

 

## Gabriel Gideon Felony Relief

**Drake, Will** <Will.Drake@dac.state.ok.us>                              Wed, Apr 29 at 1:05 PM
To: Gabriel Gideon <gabrieltgideon@gmail.com>

Mr. Gideon, Pal,

Sounds like a touch a nerve with either you or Chat GPT.

I am not going to reach out to you in any way shape or form to settle any frivolous filings.  So far you haven't gotten anywhere with anything you have filed in any Court in this State.  I again encourage you to stop playing this weird game and hire an attorney.  I am not sure if you understand the consequences of a criminal felony in Oklahoma.

You sound just like all the other want a be lawyers on YouTube with your vast connections and conspiracies.

Come on down to Oklahoma and let's get this deposition going.

[Quoted text hidden]

# EXHIBIT C