# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA

GABRIEL GIDEON,                          )
Plaintiff,                               )
                                         )
                                         )
v.                                       )          Case No.:25-cv-00450
                                         )
                                         )
 BILLY MCCALL, et al                     )
Defendants,                              )

## MOTION FOR CLARIFICATION RE: CAPACITY OF APPEARANCE AND EFFECT OF PRIOR APPEARANCE ON INDIVIDUAL-CAPACITY CLAIMS

COMES NOW Plaintiff Gabriel Gideon, pro se, and respectfully moves this Court to clarify whether the appearance filed by the Oklahoma Attorney General on behalf of Defendant William Drake in his *official capacity* operates to satisfy or otherwise defeat the requirement to answer Plaintiff's individual-capacity claims against Defendant Drake.

In support, Plaintiff states as follows:

1. Plaintiff incorporates, by reference, his previous filings Requesting Entry of Default and
2. Plaintiff's Complaint expressly sued Defendant Drake in both his official and individual capacities.
3. On November 7, 2025, the Oklahoma Attorney General filed a Motion to Dismiss expressly limited to Defendant Drake "in his official capacity."
4. Simultaneously, Defendant Drake submitted a separate sworn Affidavit specifically distinguishing official-capacity service from individual-capacity service, stating:

"I have no personal knowledge of any attempt of service in my individual capacity."

5. The Motion to Dismiss itself likewise expressly acknowledged that distinction, stating:

"Plaintiff is suing DA Drake in both his individual and official capacities… At the time of this filing, there has been no attempt of service on DA Drake in his individual capacity."

6. Following those filings, Plaintiff moved for and was granted additional time to effectuate individual-capacity service upon Defendant Drake, after which Plaintiff filed additional proof of service and service-related filings (ECF No. 73) directed specifically toward Defendant Drake individually.

7. Plaintiff thereafter sought entry of default as to the unresolved individual-capacity claims. The Clerk denied that request on the basis that Defendant Drake had previously filed an appearance on November 7, 2025.

8. Rule 54(b) provides that any order "that adjudicates fewer than all the claims ... [among] all the parties ... may be revised at any time before the entry of a [final] judgment."

If the two capacities are distinct and Defendant has failed to answer as to the liabilities in question, the effect is that of the Defendant's own choice. Having distinguished the capacities previously, we cannot assume ignorance that contradicts the previously filed affidavit by Defendant Drake. Furthermore, exhibits attached to this filing and the "Affidavit In Support.." incorporated here by reference prove his intimate knowledge of the claims and that he is indeed aware of them and forming a position on the filings, the arguments within, *and the Plaintiff* as evidenced by his comparisons of Plaintiff in Exhibit A attached to this filing (i.e. " chess with a Pigeon")[1].

Plaintiff respectfully seeks clarification from the Court as to whether an appearance expressly limited to official capacity, and accompanied by sworn filings expressly distinguishing individual-capacity service from official-capacity service, is nevertheless deemed sufficient to constitute an appearance and defense as to unresolved individual-capacity claims arising under 42 U.S.C. § 1983.

This issue is material because official-capacity and individual-capacity suits are legally distinct forms of action involving distinct liabilities, defenses, and procedural consequences. *See Kentucky v. Graham, 473 US 159* (Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law).

---

[1] These communications demonstrate that the prosecuting authority is aware of Plaintiff's claims, is forming conclusions regarding those claims, and is refusing to engage them through the judicial process while simultaneously insisting upon Plaintiff's physical presence in a manner that exposes Plaintiff to arrest on the very same charges the R&R acknowledges as a "potential mistake of law". This posture, when considered alongside the state court's refusal to address dispositive motions on the merits, raises substantial questions of Drake's *contempt* for the Plaintiff, and directly impacts whether he has a meaningful and adequate opportunity to litigate his federal constitutional claims within the state forum.

Plaintiff respectfully submits that clarification of the Court's position is necessary to ensure the procedural record accurately reflects whether the distinction previously asserted by Defendant Drake and the Oklahoma Attorney General remains operative for purposes of Rule 55, service, and further proceedings.

WHEREFORE, Plaintiff respectfully requests that the Court clarify whether Defendant Drake's November 7, 2025 official-capacity limited appearance is deemed to constitute an appearance and defense as to the separately pleaded individual-capacity claims, and in the event the Court finds the appearance insufficient, accordingly set aside the Clerk's denial of Entry of Default against Defendant Will Drake in his individual capacity under Rule 54(b), subsequently entering an Order an entry of Default per the Request of the Plaintiff.

RESPECTFULLY SUBMITTED,


_____

Gabriel Gideon, *Pro Se Plaintiff*
520 N Quincy St., Fredonia, KS 66736
Tel: (620) 870-8675 Email: gabrieltgideon@outlook.com

 **Gmail**

## Gabriel Gideon Felony Relief

**Drake, Will** <Will.Drake@dac.state.ok.us>                    Wed, Apr 29, 2026 at 12:17 PM
To: Gabriel Gideon <gabrieltgideon@gmail.com>

Partner,

I don't know or care what any of that means.  This entire conversation and all the conversations I have seen  you have with this office reminds me of a story about playing chess with a pigeon.

Good Luck to you and I guess we will see you if you want to really deal with your problems in a court room.

Have a nice day.

**William D. Drake | District Attorney**

11th Prosecutorial District (Washington & Nowata County)

420 S. Johnstone, RM 222

Bartlesville, OK 74006

918-337-2860

will.drake@dac.state.ok.us

## EXHIBIT A