# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA

GABRIEL GIDEON,　　　　　　　　　　)
Plaintiff,　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)　　Case No.:25-cv-00450
　　　　　　　　　　　　　　　　　　)
BILLY MCCALL, et al　　　　　　　　)
Defendants,　　　　　　　　　　　　)

## PLAINTIFF'S MOTION FOR STATUS CONFERENCE AND REQUEST FOR RULING ON PENDING DISPOSITIVE MOTIONS

Plaintiff respectfully moves this Court to schedule a status conference to address the procedural posture of this case, including the following pending matters:

1. Plaintiff's Objection to Magistrate's Report and Recommendation (filed January 26, 2026 — **160 days pending**)[1], spurring the obvious question of what further is needed to decide said issues;

2. Plaintiff's Motion for Clarification re: Capacity of Appearance (filed May 6, 2026 — 60+ days pending) explicitly requests the separation between Defendant Drake's two capacities be clarified by the Court;

3. Plaintiff's Request for Entry of Default against Defendant Will Drake in his individual capacity (filed May 1, 2026 — 65+ days pending, denied by Clerk, now requested to be clarified before the Court).

The delay is prejudicing Plaintiff in the following ways:

1. Plaintiff remains under an now admittedly-flawed active criminal prosecution in *State of Oklahoma v. Gideon, Case No. CF-2023-00230* (Washington County), which has been pending since August 2023 — nearly three years. The State court has gone to great lengths to not continue said case in an ordinary manner, including denying fully briefed motions for failing to appear at hearings when the

---

[1] Plaintiff is entitled to resolution of dispositive motions, among other things, within a reasonable time. **Federal Rule 12(b)(6)** and **Rule 56** standards, require courts to act on motions when they are ready to decide them.

Court itself failed to address remote appearance requests on several documented occasions prior to that.

2. Plaintiff is and has been unable to travel freely due to an outstanding warrant arising from the same prosecution, amounting to hundreds of thousands in financial losses in excess of the original amount requested. In addition to this, the Plaintiff's reputation continues to suffer from the public labeling as a "convicted felon," despite the State's admission post issuance of the Magistrate's R&R that the predicate conviction was expunged under California Penal Code § 1203.4 nearly a decade before former Officer McCall stopped the vehicle in question, a fact the Plaintiff has stated as true since the filing of this case, now inarguably a known fact.

3. Plaintiff's emotional distress and financial harm continue to accrue and be documented with each day of delay.

4. The ongoing delay prejudices Plaintiff's ability to pursue his civil rights claims, as memories fade, external parties interfere, certain actors leave their current office and evidence becomes unavailable or altered, such as in the case of KWON, who removed the "incentive to offer probation" video, now filed with this court as an exhibit, from their sites completely following my inclusion of it in the instant case, a notable occurrence of potential tampering.

A status conference is necessary to:

1. Obtain a ruling on the pending motions within 14 days of this filing;
2. Clarify the procedural posture of the case within 14 days of this filing;
3. Address the outstanding default request against Defendant Drake in his individual capacity within 14 days of this filing;
4. Establish a timeline for further proceedings within 14 days of this filing.

RESPECTFULLY SUBMITTED,

Gabriel Gideon, *Pro Se Plaintiff*
520 N Quincy St., Fredonia, KS 66736
Tel: (620) 870-8675 Email: gabrieltgideon@outlook.com