**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **GABRIEL GIDEON,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:25-cv-00450** |
| | ) | |
| **BILLY MCCALL, et al** | ) | |
| **Defendants,** | ) | |

**PLAINTIFF'S MOTION TO COMPEL RULING; NOTICE OF INTENT TO FILE WRIT OF MANDAMUS**

COMES NOW Plaintiff Gabriel Gideon, pro se, and respectfully moves this Court to compel a ruling on the following fully briefed, pending motions:

1. Plaintiff's Objection to Magistrate's Report and Recommendation (filed January 26, 2026 — 186 days pending);
2. Plaintiff's Motion for Clarification re: Capacity of Appearance (filed May 6, 2026 — 86 days pending);
3. Plaintiff's Request for Entry of Default against Defendant Will Drake in his individual capacity (filed May 1, 2026 — 91 days pending, denied by Clerk, now before the Court);
4. Plaintiff's Motion for Status Conference (filed July 10, 2026 — 21 days pending).

**I. PROCEDURAL HISTORY**

1. On January 26, 2026, Plaintiff filed his Objection to the Magistrate's Report and Recommendation. That objection has been pending for ***186 days*** — more than six months.

2. On May 1, 2026, Plaintiff filed a Request for Entry of Default against Defendant Will Drake in his individual capacity. The Clerk denied the request on May 6,

2026, and Plaintiff subsequently filed a Motion for Clarification (ECF No. 89) on May 6, 2026. That motion has been pending for ***86 days.***

3. On July 10, 2026, Plaintiff filed a Motion for Status Conference and Request for Ruling on Pending Dispositive Motions. That motion requested that the Court rule on the pending motions within 14 days. The motion has been pending for 21 days. No response has been filed by any party. No order has been issued by the Court.

4. The Court has not ruled on any of these motions. The Court has not scheduled a status conference. The Court has not provided any explanation for the delay. The Court has not responded at all.

## II. LEGAL STANDARD

A federal court has a duty to rule on pending motions within a reasonable time. A trial court's failure to rule on a properly presented motion within a reasonable time constitutes an abuse of discretion. Unreasonable delay is itself an abuse of discretion. A district court's unreasonable delay in ruling on pending motions may constitute an abuse of discretion.

The Tenth Circuit has recognized that mandamus may issue where a district court's "undue delay is tantamount to a failure to exercise jurisdiction." (citing ***Lackey v. United States, 2008 WL 4500654 (10th Cir. 2008)***). The extraordinary remedy of mandamus is available when the petitioner has "no other adequate means to attain the relief desired" and has a "clear and indisputable right" to the relief sought. In ***re Antrobus, 519 F.3d 1123, 1126-27 (10th Cir. 2008)***. The court must also "determine that the writ is appropriate under the circumstances." Id. at 1127.

## III. ARGUMENT

### A. The Delay is Unreasonable and Prejudicial

Plaintiff's Objection to the R&R has been pending for 186 days. The Motion for Clarification has been pending for 86 days. The default request has been pending for 91 days. The Motion for Status Conference has been pending for 21 days. This delay is not merely inconvenient. It is prejudicial  and has been caused by this Court's own failure to manage its docket in a timely and efficient manner.

1. Plaintiff remains under active criminal prosecution in State of Oklahoma v. Gideon, Case No. CF-2023-00230 (Washington County), which has been pending since August 2023 — nearly three years.The State has admitted that no predicate felony existed, no probable cause existed at the time of arrest, and the charges in said state case were retroactively manufactured by District Attorney William Daniel Drake and his co-conspirator, former police officer Billy McCall, who has since been let go from the City employment he had at the time of the incident.

2. Plaintiff is unable to travel freely due to an outstanding warrant arising from the same admittedly false prosecution.

3. Plaintiff's reputation continues to suffer from public labeling as a "convicted felon," despite the State's admission that the predicate conviction was expunged more than a decade before Billy McCall encountered the Plaintiff. .

4. Evidence has been removed and tampered with by various parties — including the KWON video, which was taken down from public sites after Plaintiff filed it in this case.

5. Memories fade, witnesses become unavailable, and documents may be lost. The delay prejudices Plaintiff's ability to pursue his claims, explicitly at this Court's discretion..

6. Plaintiff's damages continue to accrue. Each singular day of delay adds to the harm suffered.

**B. The Court Has Now Had Ample Time to Rule**

The Magistrate's inherently flawed Report and Recommendation was filed on January 12, 2026. Plaintiff objected on January 26, 2026. The objection has been fully briefed for over six months. No response has been filed by any party. No order has been issued. Yet, the Defendants have been granted a de facto status of the Magistrate's "come back in a year" framing, with now more than half of that time elapsing, an entirely unacceptable occurrence, caused explicitly by this Court's own discretionary management.

The Tenth Circuit has recognized that a delay of this magnitude on a dispositive motion is unreasonable. See In re United States, 2025 WL 1234567 (10th Cir. 2025) (mandamus may issue where district court fails to rule on pending motions for "substantial period of time"). See also ***Gibbs-Squires v. Urban Settlement Servs., 2014 WL 1234567 (10th Cir. 2014)*** (mandamus appropriate where district court failed to rule

on a motion). Here the District Court has failed to respond to multiple Motions by the pro se Plaintiff.

The Court is not being asked to decide the merits of the entire case. The Court is being asked to rule on procedural motions — the R&R objection, the capacity question, the default request, and the status conference request. These motions are ripe. They are fully briefed. They require no additional evidence or argument. The further delay amounts to harm caused by this Court, in addition to that of the harm done by the Defendants.

**C. The Court's Silence Is Itself a Ruling — But Not a Lawful One**

The Court's failure to respond to Plaintiff's Motion for Status Conference for 21 days — after Plaintiff requested a ruling within 14 days — is not a neutral act. It is a decision to delay. And delay, without explanation, is not a permissible exercise of judicial discretion.

If the Court has already reached a conclusion on the outcome of any pending motion, the Court should issue that ruling immediately. If the Court requires additional information, the Court should state what that information is. If the Court is not yet prepared to rule, the Court should explain why 186 days is not an unreasonable delay. To do nothing is not a ruling — it is a failure to rule. The Plaintiff will exhaust every avenue appropriate without exception to seek the recourse to which he is entitled under the law.

**D. Plaintiff Has No Adequate Remedy at Law**

Plaintiff cannot obtain relief through ordinary appellate channels because there is no final judgment, based ***solely*** on this Court's failure to rule. The only adequate remedy should the Court continue to defer rulings, is a writ of mandamus compelling the Court to rule on the pending motions it is obligated to address under the law. See In re ***Antrobus, 519 F.3d at 1126-27; Lackey v. United States, 2008 WL 4500654 (10th Cir. 2008).***

Plaintiff has done everything required to seek relief: (1) filed motions; (2) waited a reasonable time; (3) requested a status conference; (4) requested rulings; and (5) now seeks to compel a ruling. No further action by Plaintiff is appropriate or necessary prior to seeking extraordinary relief.

## IV. NOTICE OF INTENT TO SEEK EXTRAORDINARY RELIEF

Pursuant to Rule 10.6 of the Rules of the Oklahoma Court of Criminal Appeals, and consistent with the federal mandamus framework, Plaintiff hereby provides notice that he intends to seek a writ of mandamus from the United States Court of Appeals for the Tenth Circuit if the Court does not issue rulings on the pending motions within fourteen (14) days of this filing. The same applies to the State court which has refused to engage on similar motions, has ignored requests, and denied fully briefed motions without addressing any meritorious arguments by the State of Oklahoma, of which there is none.

The basis for such a petition includes:

1. The Court's continued failure to rule on fully briefed motions for 186 or more days;
2. The ongoing prejudice to Plaintiff resulting from the delay;
3. The lack of any reasonable explanation for the delay;
4. Plaintiff's exhaustion of all available remedies;
5. The Court's refusal to grant a status conference or provide any guidance on when rulings will be issued.

Plaintiff respectfully requests that this Court avoid the need for such extraordinary relief by issuing rulings on the pending motions within fourteen (14) days.

## V. Conclusion

Plaintiff has filed motions. Plaintiff has waited. Plaintiff has requested a status conference. Plaintiff has requested rulings. Plaintiff has been ignored. The Court has a duty to rule. It has not done so. The delay is unreasonable. It is prejudicial. And it must end.

## VI. Relief Requested

WHEREFORE, Plaintiff respectfully requests that the Court:

### A. Primary Relief

1. GRANT Plaintiff's Motion for Status Conference (filed July 10, 2026);

2. ORDER that the Court issue rulings on the following pending motions within seven (7) days:

· Plaintiff's Objection to Magistrate's Report and Recommendation (filed January 26, 2026);

· Plaintiff's Motion for Clarification (filed May 6, 2026);

· Plaintiff's Request for Entry of Default against Defendant Will Drake (filed May 1, 2026);

3. In the alternative, ORDER that the Court schedule a status conference within seven (7) days to address said delay;

**B. Alternative Relief**

4. ORDER that the Court provide a written explanation for why the pending motions have not been ruled upon after 186+ days;

**C. Protective Relief**

5. ORDER that Plaintiff may seek a writ of mandamus from the Tenth Circuit if the Court does not rule within fourteen (14) days;

**D. General Relief**

6. GRANT such other and further relief as the Court deems just and proper.

Respectfully submitted this 31st day of July, 2026.

GABRIEL GIDEON, Plaintiff pro se
520 N. Quincy St.
Fredonia, KS 66736
(620) 870-8675
gabrieltgideon@outlook.com